Vincent M. DeOrchis (VMD-6515)
William E. Lakis (WL-9355)
Olivier D. L. DuPont (OD-2817)
**DeOrchis Wiener & Partners, LLP**
61 Broadway, 26th Floor
New York, New York 10006-2802
(212) 344-4700

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------X
ZIM INTEGRATED SHIPPING SERVICES,
LTD.,

                                          Plaintiff,

      - against -

BELCO RESOURCES, INC., SINOCHEM
JIANGSU CORPORATION, NANJING HUABIN
FOREIGN TRADE & ECONOMICS CO., LTD.,
HUABANG INTERNATIONAL, INC.,
SINOTRANS NINGBO INTERNATIONAL
FORWARDING AGENCY CO., LTD.,
JOHN DOE 1-10,

                                          Defendants.
--------------------------------------------------------------X

Case No._____

**VERIFIED COMPLAINT
AND RULE B ATTACHMENT**

      Plaintiff ZIM INTEGRATED SHIPPING SERVICES, LTD. ("Zim"), by its attorneys,

DeOrchis, Wiener & Partners, LLP, as and for its Complaint against Defendants BELCO

RESOURCES, INC. ("Belco"), SINOCHEM JIANGSU CORPORATION ("Sinochem

Jiangsu"), NANJING HUABIN FOREIGN TRADE & ECONOMICS CO., LTD. ("Huabin"),

HUABANG INTERNATIONAL, INC. ("Huabang"), SINOTRANS NINGBO

INTERNATIONAL FORWARDING AGENCY CO., LTD. ("Sinotrans Ningbo"), and John

Doe 1 to 10, alleges upon information and belief, as follows:

## JURISDICTION AND VENUE

1.      This is an admiralty or maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1333 and 28 U.S.C. § 1331.  This Court may exercise supplemental jurisdiction over Zim's state law claims pursuant to 28 U.S.C. § 1367.

2.      Venue is proper under 28 U.S.C. §§ 1391 (c) and (d ), and under section 24 of Zim's Bill of Lading terms and conditions.

## PARTIES

3.      At and during all times hereinafter mentioned, Plaintiff Zim was and still is a foreign corporation organized and existing under and by virtue of the laws of the State of Israel, with an office and principal place of business located at 9 Andrei Sakharov Street, Matam P.O.B. 1723, Haifa, 31016 Israel.  Zim, at all times hereinafter mentioned, was engaged in the business of ocean transportation services.

4.      Upon information and belief, Defendant Belco was and still is a foreign corporation organized and existing under and by virtue of the laws of North Carolina with an office and principal place of business located at 146 Roundabout Ct., P.O. Box 8164, Rocky Mount, NC 27804.  Belco, at all times hereinafter mentioned, was engaged in the business of supplying fertilizers, industrial chemicals, and farm equipment.

5.      Upon information and belief, Defendant Sinochem Jiangsu was and still is a foreign corporation organized and existing under and by virtue of the laws of P.R. China with an office and principal place of business located at 28F Shangmao Century Plaza, 49 Zhongshan South Road, Nanjing 210005, Jiangsu Province, P.R. China.  Sinochem Jiangsu, at all times

hereinafter mentioned, was engaged in the business of importing and exporting pharmaceutical and chemical products.

6.    Upon information and belief, Defendant Huabin was and still is a foreign corporation organized and existing under and by virtue of the laws of P.R. China with an office and principal place of business located at 5-6F, 51W Hankou Road, Nanjing 210024, Jiangsu Province, P.R. China.   It has also another address at 8/F Ruihua Building, 315 South Zhongshan Road, Nanjing 210001, Jiangsu Province, P.R. China.   Huabin, at all times hereinafter mentioned, is engaged in the business of handling and shipping goods.

7.    Upon information and belief, Defendant Huabang was and still is a foreign corporation organized and existing under and by virtue of the laws of P.R. China with an office and principal place of business located at Room B-33, 8F Centre Commercial Building, 54 Dashani Street, Ningbo, Zhejiang Province, P.R. China.   Huabang, at all times hereinafter mentioned, is engaged in the business of booking cargo and freight forwarding.

8.    Upon information and belief, Defendant Sinotrans Ningbo was and still is a foreign corporation organized and existing under and by virtue of the laws of P.R. China with an office and principal place of business located at 5th Floor Sinotrans Mansion, 69 Jie Fang South Road, Ningbo, Zhejiang Province, P.R. China.   Sinotrans Ningbo, at all times hereinafter mentioned, is engaged in the business of freight forwarding at Ningbo Port.

9.    Upon information and belief, Defendant(s) John Doe(s) 1 to 10 is an or are entity(ies) residing in P.R. China, in the United States, or abroad, and who are liable under any cause of action herein to Zim.

3

## BACK GROUND FACTS

10.    On or about June 3, 2007, a fire erupted aboard the M/V ZIM Haifa, a vessel operated by Zim on a trade route between the Far East and the East Coast of the United States, while the vessel was at sea in the Pacific Ocean, about 2 days out of Panama.

11.    The crew fought the fire identified to be in hold no. 5 while the vessel increased speed to full in order to arrive more quickly at Balboa, Panama, for assistance.

12.    On or about June 4, around 10:30 am, the vessel arrived at Balboa where firefighters boarded the vessel to control the fire and cool down the holds.

13.    On or about June 8, the hold no. 5 was opened and the damage was surveyed.

14.    The cause of fire and explosions has been traced to a 20 foot container, ZIMU1037636, transported under the Bill of Lading number ZIMUNGB670904, which was found to contain a substance called "Calcium Hypochlorite".

15.    Calcium Hypochlorite is an extremely dangerous cargo.  It is classified as a hazardous and dangerous material by the International Marine Organization and United Nations, and in the International Maritime Dangerous Goods Code.  It can explode and ignite at a relatively low temperature.  It must be declared by the shipper as dangerous or hazardous material to the ocean carrier under the terms of the Bill of Lading and under the international conventions.

16.    Zim has refused to carry Calcium Hypochlorite since 2002 as a result of the explosion of several containers containing such hazardous product aboard vessels operated by other companies causing the destruction of entire ships, or severely damaging them.

17.    As a result of the fire and explosions aboard the M/V ZIM HAIFA, Zim suffered damage to the hull and machinery in hold no. 5 where the above mentioned container was stowed, damage to its containers, personal injury to three crew members, delays and expenses in fighting the fire , the expenses and costs of removing and storing damaged cargo on the pier, investigating the matter, transshipping expenses, and potential cargo claims for the containers of goods which were stowed in the hold.

### Misrepresentation of the Cargo In The Bill of Lading

18.    The sealed container, ZIMU1037636, which was found by investigators after the incident to contain "Calcium Hypochlorite", was declared by the defendants on the face of Bill of Lading number ZIMUNGB670904 to contain "Calcium Chloride." A true and accurate copy of the Bill of Lading is attached as Exhibit A and annexed and incorporated into this Complaint.

19.    Calcium Chloride is a harmless and non flammable material.

20.    Defendants provided Zim with a Certification for Safe Transport of chemical Goods prepared by the Shanghai Research Institute of Chemical Industry Testing Centre, declaring the cargo to not be flammable, and not to present any explosive hazard, and not to have any "hazards identification". A true and accurate copy of the Laboratory Certification is Attached as Exhibit B, and annexed and incorporated into this Complaint.

21.    Defendants provided Zim with a Dock Receipt in which the cargo sealed inside container ZIMU1037636 is erroneously declared on the document to be "calcium chloride". A true and accurate copy of the Dock Receipt is attached at Exhibit C, and is annexed and incorporated into this Complaint.

22.    The true nature of the cargo has been concealed from Zim and misrepresented on the Bill of Lading.

23.    Belco appears as the shipper on the Bill of Lading number ZIMUNGB670904 (Exhibit A).

24.    The President of Belco admitted to Zim on June 11, 2007, that Belco had placed a purchase order with Sinochem Jiangsu, a trading company located in China, for the supply and shipping of 444 drums of Calcium Hypochlorite, the hazardous and dangerous instable substance, and not for Calcium Chloride as described in the Bill of Lading.

25.    The purchase order indicated that the shipment was "C.I.F. Belize" and provided for "shipping instructions". Those "shipping instructions" by Belco required Sinochem Jiangsu to name the shipper on the Bill of Lading as "Belco Resources, Inc." and the consignee as "To Order". A true and accurate copy of the Purchase Order is attached as Exhibit D, and is annexed and incorporated into this Complaint.

26.    Sinochem Jiangsu, based in Nanjing, China, hired Huabin, also located in Nanjing, to handle the export of the subject hazardous and dangerous cargo from China to Belize.

27.    Huabin in turn contracted with Huabang in the port of Ningbo, to book the ocean transportation of said hazardous and dangerous cargo.

28.    Huabang then contacted Sinotrans Ningbo which placed the booking of the hazardous and dangerous cargo with Zim.

29.    The Export Customs Declaration for the government of China was handled by Ningbo Global Cargo, Co., Ltd.

30.    Initially, the booking done by Sinotrans Ningbo with Zim identified Huabang as the "shipper."

31.    During the booking of the cargo for transportation, the goods inside the sealed container, ZIMU1037036, were described by Defendants to the agent of Zim as being "calcium chloride".

32.    At some point in the process and apparently before the date of loading, Sinotrans Ningbo requested to change the shipper from Huabang to Belco.

AS FOR A FIRST CAUSE OF ACTION
FOR BREACH OF CONTRACT
AS AGAINST ALL DEFENDANTS

33.    Each and every one of the foregoing allegations is incorporated herein by reference and reasserted as though fully set forth at length.

34.    Section 14(a) of Zim's Bill of Lading terms and conditions provide that:

(a)    When the Merchant delivers goods of a dangerous or hazardous nature to the Carrier, he shall inform him in writing of the exact nature of the danger and indicate, if necessary, the precautions to be taken. Such goods shall be distinctly marked on the outside so as to indicate the nature thereof and so as to comply with any requirements of any applicable regulations, including regulations contained in any relevant applicable international treaty or convention.

35.    Section 17(a) of Zim's Bill of Lading terms and conditions also provide, in substantial part, that:

(a)    The Merchant warrants the correctness of the declaration of contents, quantity, nature, definition, weight, measurement or value of the goods, whether containerized or not,.... The Merchant shall be responsible for all consequences of incorrect declarations as aforesaid including fines that may be imposed as a result thereof, irrespective of whether or not inspection as aforesaid has taken place. Merchant warrants that the subject

cargo is being shipped in compliance with every applicable law, regulation or directive

36.   Zim's Bill of Lading defines a "Merchant" as "jointly and severally the shipper, the consignee, the holder and any assignee of this Bill of Lading."

37.   Each one of the Defendants is either the shipper, the consignee, the holder, an assignee, or their respective agent in respect to Bill of Lading number ZIMUNGB670904.

38.   Each or any one of the Defendants failed to indicate in writing to Zim the hazardous or dangerous nature of the Calcium Hypochlorite packed in the 444 drums and sealed in container number ZIMU1037636.

39.   Each and every one of the Defendants breached its obligation to declare the dangerous goods as defined in the International Maritime Dangerous Goods Code by the International Maritime Organization.

40.   Each and every one of the Defendants breached Section 14(a) of Zim's Bill of Lading terms and conditions.

41.   Such failure to correctly describe the nature of the goods as "Calcium Hypochlorite" on the Bill of Lading constitutes for each and everyone of the Defendants a breach of its warranties under the applicable international conventions and national laws, as well as Section 17(a) of Zim's Bill of Lading terms and conditions, to correctly and accurately declare the content, nature, and definition of the goods shipped.

42.   If the Defendants had accurately described to Zim the goods carried under the subject Bill of Lading, or if Defendants had indicated in writing to Zim the hazardous or dangerous nature of the Calcium Hypochlorite sealed in container ZIMU1037636, the damage would not have happened.

8

43.    Zim has adopted for many years a policy to refuse to transport Calcium Hypochlorite onboard any of its vessels.

44.    The Defendants are consequently jointly and severally liable to Zim for the loss or damage to containers, for the damage to the hull and machinery of the M/V ZIM HAIFA, for the loss of use and the capacity of the said vessel, for the personal injury to three crew members, for the delays and expenses in fighting the fire, for the expenses and costs of removing and storing the damaged cargo, for the transshipping expenses, and for any and all other proximately caused damages.

## AS FOR A SECOND CAUSE OF ACTION
## FOR BREACH OF WARRANTY
## AS AGAINST ALL DEFENDANTS

45.    Each and every one of the foregoing allegations is incorporated herein by reference and reasserted as though fully set forth at length.

46.    The failure of Defendants to accurately describe the nature of the goods on the Bill of Lading constitutes a breach of the warranty of particulars provided under international conventions, and codified in the United States under 46 U.S.C. § 1303(5) and § 1304(6) as well as under the common maritime law.

47.    Such breach by Defendants proximately caused the fire onboard the M/V ZIM HAIFA.

48.    Each one of the Defendants is jointly and severally responsible for inaccurately describing the nature of the cargo as "Calcium Chloride" instead of "Calcium Hypochlorite".

49.    Such Defendants are liable to Zim for all losses, damages, and expenses arising or resulting from the inaccuracies in the particulars of Bill of Lading number ZIMUNGB670904.

## AS FOR A THIRD CAUSE OF ACTION
## FOR STRICT LIABILITY
## AS AGAINST ALL DEFENDANTS

50.    Each and every one of the foregoing allegations is incorporated herein by reference and reasserted as though fully set forth at length.

51.    A shipper of hazardous or dangerous goods is strictly liable for damages resulting directly or indirectly from such shipments.

52.    The Defendants are responsible for shipping "Calcium Hypochlorite," a dangerous substance, aboard the M/V ZIM HAIFA on a container under Bill of Lading ZIMUNGB670904.

53.    Calcium Hypochlorite qualifies as a "good of an inflammable, explosive, or dangerous nature."

54.    Zim had no knowledge, and could not have had knowledge, that the goods shipped under Bill of Lading number ZIMUNGB670904 were of a dangerous or hazardous nature because the goods were declared and labeled by Defendants as "Calcium Chloride," a non-dangerous and non-hazardous substance.

55.    Each and every one of the Defendants can be characterized as the seller of the subject dangerous goods, and each and every one of the Defendants placed the subject cargo into the stream of commerce.

56.    Such hazardous and dangerous goods in container number ZIMU1037636 caused damages to containers and their contents, the vessel, injured crew members that fought the fire, and resulted in many other losses and expenses for Zim.

57.    Each and every one of the Defendants are liable for such damages resulting directly or indirectly from said shipment.

## FOURTH CAUSE OF ACTION
## NEGLIGENT MISREPRESENTATION
## AGAINST ALL DEFENDANTS

58.     Each and every one of the foregoing allegations is incorporated herein by reference and reasserted as though set forth at length.

59.     Defendant failed to disclose to Zim that the goods shipped under Bill of Lading number ZIMUNGB670904, were of a hazardous or dangerous nature.

60.     As detailed in more detail above, the Defendants' description of the particulars on Zim's Bill of Lading contained false and/or misleading information as to the dangerousness nature of the product shipped inside sealed container ZIMU1037636.

61.     Such false and/or misleading representations were material to Zim's decision to accept and transport the shipment.

62.     Defendant failed to exercise reasonable care in communicating to Zim the nature of goods to be shipped under Bill of Lading ZIMUNGB670904.

63.     Zim relied on the truthfulness and completeness of the information disclosed by the Defendants in the subject Bill of Lading (Exhibit A), the Dock Receipt (Exhibit B), and the Certification for Safe Transport (Exhibit C) and such reliance was justified.

64.     Zim has suffered and has, and may continue to suffer additional damages as a result of Defendants representations and omissions.

65.     Defendants' tortious activities have caused Zim substantial and irreparable injury in an amount to be determined at trial.

FTH CAUSE OF ACTION
OR FRAUD
T ALL DEFENDANTS

66.    Each        he foregoing allegations is incorporated herein by reference and reasserte       forth at length.

67.    As set       above, Defendants made a number of material misrepresentations and         upon which it relied and had a right to rely.

68.    Defend       or with knowledge, concealed from Zim the true nature of the goods sl       ading number ZIMUNGB670904, because had they declared that the good       iner were in fact Calcium Hypochlorite, Zim would not have accepted or tra       s.

69.    Defenda       expressly misrepresented the nature of the goods as "Calcium Chloride" i       he real and dangerous nature of the cargo actually sealed in container ZIM       vas in fact "Calcium Hypochlorite."

70.    Defend       with knowledge, provided Zim with a Certification for Safe Transport (Exh       hat the cargo was non flammable and not dangerous.

71.    The tru       rgo was concealed by Defendants from Zim and misrepresented on the       e Dock Receipt (Exhibit B).

72.    Zim rea       Defendants' representations and documentation by accepting to transport th

73.    Defenda       and worked together in furtherance of the fraud.

74.    Upon in       f, Defendants made each misrepresentation and/or omission described abo       that the misrepresentations and/or omissions were false, or with the intent       on such misrepresentations and/or omissions.

75.    Zim w___ _____ __ __ _____ of Defendants' representations and/or omissions.

76.    As a re___ __ ___ _____ upon the misrepresentations and omissions alleged herein, Zim has been ___ __ ___ _____ to be determined at trial.

77.    By m____ ___ ____ representations and/or omissions, Defendants acted maliciously and intent____ __ __ to give rise to an award of punitive damages.

## JOIN___ __ ___ M FOR DECLARATORY JUDGMENT

78.    Each ___ ___ __ _ the foregoing allegations is incorporated herein by reference and reasserte_ __ __ ___ __ set forth at length.

## JURISDICTION

79.    This Co___ ___ ___ ___ over this joined claim pursuant to 28 U.S.C. § 1367 and 28 U.S.C. § 1331.

## VENUE

80.    Venue __ ___ __ ___ under 28 U.S.C. §§ 1391 (c) and (d), and under Section 24 of Zim's Bil_ __ ___ ___ and conditions.

## EXCLUSI__ __ ___ __ITY FOR CARGO LOSS DUE TO FIRE

81.    Each ___ ___ __ of the foregoing allegations is incorporated herein by reference and reasserted __ ___ ___ set forth at length.

82.    A carrie_ ___ ___ held liable under 46 U.S.C. § 1304(2)(b) for loss or damage arising or resul___ __ ___ unless caused by the actual fault or privity of the carrier.

83.    Moreover, ___ ___ ___ statute, 46 app. U.S.C. § 182:

> No own___ __ ___ ___ shall be liable to answer for or make good to ___ ___ __ __ loss or damage, which may happen to any merchand___ __ __ ___, which shall be shipped, taken in, or put

on bo... ... ..., by reason or by means of any fire happen... ... ... ... ... the vessel, unless such fire is caused by the des... ... ... ... ... ... owner.

84.     The fire ... ... ... ... M/V ZIM HAIFA is due to the ignition of "Calcium Hypochlorite" shipped ... ... ... ... or knowledge of Zim.

85.     Such f... ... ... ... y the actual fault or privity of Zim.

86.     Such f... ... ... ... y the design or neglect of Zim.

87.     Zim ca... ... ... ... ld liable for cargo losses caused to the Defendants or to any other third parti... ... ... ... it fire.

88.     Plainti... ... ... ... ...ks the Declaration by this Honorable Court that Zim's liability to the ... ... ... ... any third parties, which could claim damages for cargo losses as a res... ... ... ... if any, should be therefore totally excluded under either the fire statute, ... ... ... ... ...S.C. § 1304(2)(b), as well as the other defense set forth in 46 U.S.C. § 1.30... ... ... ... and the terms of the Bill of Lading contract.

EX... ... ... ... ...ABILITY FOR CARGO LOSS
... ... ... ... ...ZARDOUS PRODUCTS

89.     Each a... ... ... ... the foregoing allegations is incorporated herein by reference and reasserted ... ... ... ... forth at length.

90.     The shi... ... ... ... inflammable, explosive, or dangerous nature to the shipment whereof the c... ... ... ... ented with knowledge of their nature and character, shall be liable for all d... ... ... ...ses directly or indirectly arising out of or resulting from such shipment. 46 ... ... ... ...

91.     Under sec... ... ... ...'s Bill of Lading:

> The M...      ...    ...e liable and shall indemnify the Carrier
> and a...   ...       legal body for all expenses, loss or
> damage ...  ...     ...ssel, to a cargo, whether on board or
> ashore ... ... ...   ...t to any other(s) as a result of his failure
> to comp... ... ...  ...set for in paragraph (a) of this Clause.

92.    As des... ... ...  ...ve, the Defendants have failed to disclose to Zim the dangerous character o... ... ...  ...s shipped under Bill of Lading ZIMUNGB670904.

93.    In so ... ...  ...ts have failed to comply with applicable international and local rules on d... ... ...  ...us goods, as well as to the terms of Zim's Bill of Lading.

94.    Zim h... ... ... ...  ...s the shipment of these dangerous goods and had it known, it would not h... ... ...  ...oods for carriage.

95.    Plaintif... ... ...  ...s the Declaration by this Honorable Court that as a result of Defendants' ... ... ...   with the contractual rules, laws and regulations on dangerous and hazard... ... ...  ...y the Defendants shall be liable for all damages and expenses directly or i... ... ...  ...t of or resulting from such shipment of unauthorized "Calcium Hypochlori..."

### INDE... ... ...  R CONTRIBUTION BY SHIPPER
### ... ...   ...HRD-PARTY CLAIMS

96.    Each a... ... ...  ...he foregoing allegations is incorporated herein by reference and reasserted ... ... ...  ...t forth at length.

97.    Each o... ... ...  ...Defendants is solely responsible for all damages and expenses directly or i... ... ...  ...t of or resulting from the shipment of unauthorized "Calcium Hypochlorite" ... ... ...  ...ZIM HAIFA.

98.    As a ... ...ing, each and everyone of the Defendants should
indemnify or contribu... ... ... ...ims brought by third parties at any place in the world
and in any legal forum... ... ... ... place in the world, if any, for cargo losses as a result
of said shipment of ... ... ... ...ium Hypochlorite", and for any amount it may be
required to pay inclu... ... ... ...ments and reasonable attorneys' fees incurred in this
action. Defendants h... ... ... ...e of the loss and informed of Zim's intention to seek
indemnification for a... ... ... ...adgments filed against Zim in any part of the world
and in any legal forum.

... ...ION FOR ISSUANCE
... ...E B ATTACHMENT

99.    Each ... ... ...the foregoing allegations is incorporated herein by
reference and reasserte... ... ...t forth at length.

100.    Each a... ... ...Defendants cannot be found within this District within
the meaning of Rule B ... ... ...i Rules for Certain Admiralty and Maritime Claims of
the Federal Rules of ... ... ...but, upon information and belief, each and every
Defendants have, or wi... ... ...iendency of this action, assets within this District and
subjects to the jurisdi... ... ...held in the hands of garnishees including, but not
limited to, HSBC (US... ... ...i, Wachovia, Citibank, American Express Bank, J.P.
Morgan Chase, Bank o... ... ...che Bank and/or Standard Chartered Bank, which are
believed to be due and o...ing... ...iants.

101.    The to... ... ...i be attached by Plaintiff pursuant to Rule B of the
Supplemental Rules f... ... ...y and Maritime Claims is US$3,096,694.00, plus
interest and costs, re... ... ...ated damages sustained by ZIM as a result of this

incident. A true and a............... 's calculation of damages is attached as Exhibit E and

annexed and incorpo.................. ............

102.    The .............. .......seeks an Order from this Court directing the Clerk of

Court to issue Proce.................. .......chment and Garnishment pursuant to Rule B of the

Supplemental Rules .................. ....y and Maritime Claims, attaching any assets of each

and every one of the .................. the aforesaid garnishees for the purpose of obtaining

personal jurisdiction .................. . and to secure and/or satisfy the plaintiff's claims as

described above.

**WHEREFO!**

(a)    .................. lief that Zim's liability to the Defendants, or to any

third parties, which .................. for cargo losses as a result of said fire, if any, should

be totally excluded .................. atute, and/or under 46 U.S.C. § 1304(2)(b);

(b)    .................. lief that, as a result of its failure to comply with the

contractual rules, law.......... dangerous and hazardous substances, only the named

Defendants, shall be .................. s and expenses directly or indirectly arising out of or

resulting from such .................. zed "Calcium Hypochlorite".

(c)    .................. ndemnification or Contribution as a consequence of

claims, suits, judgme.................. ght by third parties against Zim in any place in the

world, and in any leg.................. damage to cargoes as a result of the fire aboard the

M/V ZIM HAIFA, .................. .t Zim may be required to pay, including costs,

disbursements and rea.................. es incurred in those actions;

(d)        be entered in favor of Plaintiff on each and all of the Causes of Action abo...

(e)        ...arding Plaintiff damages, as well as punitive damages as authorized by law;

(f)        ...arding Plaintiff its reasonable costs and expenses, including attorneys' ... ...ection with the prosecution of this action to the extent allowed by law;

(g)        ...arding Plaintiff such other and further relief as the Court may deem just ... ...;

(h)        ...ue form of law issue against each one of the Defendants, citing ea... ...wer under oath all and singular the matters alleged in the Complaint;

(i)        ...ne of the Defendants cannot be found within this District pursuant to ... ...lemental Rules for Certain Admiralty and Maritime Claims, this Court is ... ...ing the Clerk of Court to issue Process of Maritime Attachment and Ga... ...to Rule B of the Supplemental Rules for Certain Admiralty and Mariti... ...all tangible or intangible property in whatever form or any other funds he... ...including, but not limited to, HSBC (USA), Bank of America, Wachovia, ... ...Express Bank, J.P. Morgan Chase, Bank of New York, Deutsche Ban... ...Chartered Bank, which are believed to be due and owing to the Defenda... ...f US$3,096,694.00 to satisfy and/or secure Plaintiff's

claims, and that all p........ .... .... interest in the same be cited to appear and pursuant to

Supplemental Admira... .... .... r the matters alleged in the Complaint;

        (j) Th.. .... urisdiction over this matter through the entry of any

judgment or award ... .... .... of the claims currently pending, or which may be

initiated in the future. .... .... als thereof.

Dated: **New York,** N.. .. ....
      **June 20, 200.**

        DEORCHIS WIENER & PARTNERS, LLP
        Attorneys for Plaintiff

        By:
        Vincent M. De Orchis, Esq. (VMD-6515)
        William E. Lakis (WL-9355)
        Olivier D. L. DuPont (OD-2817)
        61 Broadway, 26th Floor
        New York, New York  10006-2802
        (212) 344-4700
        Our File:  1236-689

JS... & Ver. Cmplt #4, 062007.Doc 6/20/07-

ERIFICATION

Vincent M.          and states that he is a partner in the law firm of

DeOrchis, Wiener       attorneys for plaintiffs in this action, and that the

foregoing Verified      his knowledge, except as to matters therein stated on

the information and     matters, he believes them to be true; that the ground

of his belief as to all     upon knowledge is information furnished to him to by

Plaintiff; that the rea    ication is not made by Plaintiff is that Plaintiff is a

corporation whose p:    ness is outside the New York County, and that due to

the exigent nature of    as not possible to obtain a Verification from Plaintiff;

and that he is authori

    I declare and     f perjury that the foregoing is true and correct.

Executed on June 20.

VINCENT M. DeORCHIS

20

EXHIBIT A

FEB-5-2002  13:22

**BILL OF LODING**

SELCO RESOURCES INC.
P.O. BOX 8154 ...

TO ORDER OF SHIPPER

NOTIFY PARTY
PROSSER FERT...
MILE 8 WESTERN ...
BELIZE CITY, BELIZE ...
TEL: 501-273-...

LOADING VESSEL:
ZIM SAVANNAH

PORT OF DISCHARGE:
BELIZE CITY

ONT: ...
SEAL: 749903/...
N/N

TOTAL: FOUR HUNDRED ...

ZIM CONTAINER SERVICE

ZIMUMRS70004

PAYMENT OF FREIGHT AND CHARGES AS PER THE TERMS AND
CONDITIONS OF ZIM'S BILL OF LADING CLAUSE NUMBER 18.

SAID TO CONTAIN              20400.00       20.000

FREIGHT AS ARRANGED

CHINA MARINE SHIPPING AGENCY NINGBO LTD.

AS AGENT

No. OF ORIGINAL Bs/L
VALIDATED ON BOARD 04-MAY-2002

AS AGENTS FOR
ZIM INTEGRATED SHIPPING SERVICES LTD.
(AS CARRIER)

HIBIT B

FEB-5-2002  13:22



NO.  SA3600703

运输条件鉴定书

rtification
ort of Chemical Goods

打品名:
Name of                              CHLORIDE

送样单

贸有限公司

研 究 际 检 测 中 心
化工检测有限公司)
e of Chemical Industry Testing Centre
mical Industry Testing Co.,Ltd.)

FEB-5-2002  13:20

F:5

样品名称
Name of Goods

送样单位 Sh.

生产单位 Man

检验方法
Insspection me
thodu

样品外观
Appearance.

T R A N S P O R T   I N F O R M A T I O N

1

2

3

无
No

备注
Comments

批准 Approved

No. SA3600700
Page  1/2

Transport of Chemical Goods

DGR[...]

[...]公司

[...]公司

[...]物[...]的鉴定书
for the TRANSPORT OF DANGEROUS GOODS"

[...]、无臭
[...]te and powder, odorless

[...]ification):

[...]置理(Suggestion according to IATA DGR):

[...]TA DGR.

[...]rements):
[...]运[...]
[...]er package: plastic drum.

[...]7月17日          签发日期: 2006年7月[...]日

[...]Checker: [...]          主检 Appraiser

FEB 11 2007 12:04    P2

Page 2/2

鉴定条件鉴定书
for Transport of Chemical Goods

NO. SA3600702
Page 2/2

鉴 定 结 果
CONCLUSION

| 鉴定项目名称 | |
| --- | --- |
| 爆炸危险性鉴定<br>Determination of<br>Explosion | |
| 易燃危险性鉴定<br>Determination of<br>Flammability | 经过试验，表明该货物不具易燃危险性。<br>Flammability is conducted in accordance with the Regulation, the result<br>indicates not belong to flammable solid. |
| 氧化剂危险性鉴定<br>Determination of<br>Oxidizing Substance | 不属于 oxidizing substances. |
| 毒害危险性鉴定<br>Determination of Toxic<br>Infectious Substance | 依照规定该货物经鉴定，不属于毒性物质。<br>Not the substance doesn't belong to toxic substances. |
| 放射危险性鉴定<br>Determination of<br>Radioactive Material | 不属于 Radioactive Material. |
| 腐蚀危险性鉴定<br>Determination of<br>Corrosives | 不属于 Corrosives. |
| 其他危险性鉴定<br>Determination of Other<br>Dangerous Properties | 避免吸入粉尘、避免眼睛、皮肤接触及误接触。<br>Avoid to inhalation dust, avoid eyes and skin contact. |

EXHIBIT C

Shipper (发货人)

HUABANG INTERNATIONAL
ROOM 8-33, 8/F,
BUILDING, NO.50
TEL:86-579-8873

Consignee (收货人)

TO ORDER

Notify Party (通知人)

PRODDER PERTILO
MILA S WESTTED
TEL:501-200-5581

Pre carriage by (前程运输)

Ocean vessel (船名)

Port of Loading (装货港)

Container No. / Seal No. (集装箱号)
(箱/封号)    Marks & No.
(唛头/号)

N/M

高意延伸堆场放箱
ZIM  NINGBO

TOTAL NUMBER OF CO
OR PACKAGES
集装箱或件数合计

FREIGHT & CH
(运费与杂费)

FREIGHT PREPAI

Ex Rate (汇率)

Service Typhoon Receiving
□ -CY    □ -CF
TYPE
OF
GOODS
(种类)

□ -DOOR

---

B/R No.(编号)

ZIM ISRAEL NAVIGATION CO
LTD.
运费通知(1)

NERS036. A42
13 of 5-9100 8

Description of Goods (货物名称/数量)    Gross Weight    Measurement
(毛重公斤)    (体积立方米)

30,400.000KGS

30.000CBM

Prepaid (运费预付)    Collect (到付)

Place of Issue (签发地点)

Reefer Temperature Required (冷藏温度)    °F    °C

Class
Property
IMS Code Page
UN No.

联系人：    电话：

业务员：

EXHIBIT D

06/12/2007  15:3

**B**  Belco Resource
148 Round Lot.
P.O. Box 8194
Rocky Mount, N.
Tel. (252)442-00

**Please deliver** to
Geng Xiaoning

**Company:**

Sinochem Jiangs

Herewith, Please see a

**RE: Purchase** Order N

| Quantity | U/M | Part |
|----------|-----|------|
| 19.98    | MT  |      |

BELCO RESOURCES                    PAGE    02

| | | |
|---|---|---|
| Total Inv. No.: | 01-4 | |
| Page: | 1 | of | 1 |
| Date: | 1/4/06 | |
| From: | Natalie Gupton | |
| Msg. #: | | |

**PURCHASE ORDER**

in reference to our order number BL  9769

|  | Price | Extended Cost |
|--|-------|---------------|
|  | $1,300.0000 | $25,974.00 |

**Packing Information**
45 Kg plastic drums with
drum labels / markings

**DRUM MARKINGS: Bel Chlor**
Manufactured for: Belco Resources
PO Box 8194
Rocky Mount, N. 27
Tel: 252-442-07
E-mail: BelcoRes@aol.com

**Shipping Instructions**

**Shipping Marks**
Bel Chlor 65%
CIF Belize
BL9769/ 1-500
PO# 1269

**Payment Terms:** 60 days net B/L

**Shipment Date :** To be advised

Ship To: CIF Belize
** B/L Instructions**
Shipper: Belco Resources, Inc
P.O. Box 8194
Rocky Mount, NC 27804
Consignee: To order of shipper
Notify: Premier Fertilizer Company
Mile 8 Western Highway
Belize City, Belize, Central America
Tel: 501-223-6384
Attn: Salvador Espat

**Please adhere to the following**

☒ **Please do not include** any pr

☒ **Your commercial** invoice, doc
after shipment. Please give
☒ **Please arrange for** shipment
vessel name.
☒ **NO CHINESE MARKINGS** C

**Kindly confirm acceptance** of t
We thank you for your assistance
at the numbers listed above.

1.

ate of analysis and certificate of insurance are to be sent to our office
carrier.
Once available please provide us with shipping details; ETD, ETA and

a fax
vable. Should you have any questions, please contact us

EXHIBIT E

As A Resul... ... ... ... Zim As Of June 20, 2007
... ... Against The m/v ZIM HAIFA On June 3, 2..07

| Nature of Dama... | | | | Est. Amount |
|---|---|---|---|---|
| Container Dama... | | | | $590,000 |
| Vessel Damage | | | | $770,000 |
| Supply of CO2 c... | ...s | ...r... | | $28...,304 |
| Refilling of breat... | ...an | | | $2,800 |
| Cleaning and ve... ... | ...t | ...rg a... ...d Class | $43,700 |
| Supply of extra f... ... | | | | $1,4... |
| Chemist fees (fo... ... | ...o... | ...di... | | $6,8.0 |
| Discharge costs ... ... | | | | $31,000 |
| Wharfage and e... ... | | | | $40,... |
| Extra pilotage fo... ... | | | | $1,8.0 |
| Extra tug hire fo... ... | | | | $4,5.0 |
| Extra tug hire to ... ... | ...g | ...e... | | $12,0.0 |
| Extra line handli... | | | | $70.. |
| Lost canal booki... ... | | | | $26,5.9 |
| Customs/immigr... ... | | | | $1,9... |
| Channel fee & p... ... | | | | $1,0.0 |
| Agency fee | | | | $2,0.0 |
| Extra security for ... ... | ...a... | ...hore | $2,500 |
| Special security c... ... | | ...n | | $6,500 |
| ACP fire tug/fire f... ... | | | | $30,000 |
| Ram-neck tape to... ... | ...g | efforts | | $1,9.0 |
| Cleaning / debris ... ... | | ...to | ...eston | $25,500 |
| Loss slots in Hol... ... ... | | | | $69,600 |
| Survey Fees (Pa... ... | | | ...o... | $15,000 |
| Burgoynes (fire e... ... | | | | $20,0.0 |
| Storage of contai... ... | | | | $62,650 |
| Extra wages for c... ... | | | ...n | $15,000 |
| Crew injuries | | | | $50,000 |
| Vessel Delay | | | | $429,000 |
| Additional Bunker... ... | | | | $281,050 |
| Lost Profits due to ... | | | | $330,000 |
| Total | | | | $3,000,694.00 |