Vincent M. DeOrchis (VMD-6515)
William E. Lakis (WL-9355)
Olivier D. L. DuPont (OD-2817)
**DEORCHIS WIENER & PARTNERS, LLP**
61 Broadway, 26th Floor
New York, New York  10006-2802
(212) 344-4700

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

ZIM INTEGRATED SHIPPING SERVICES,
LTD.,

                         Plaintiff,

    - against -

BELCO RESOURCES, INC., SINOCHEM
JIANGSU CORPORATION (FORMERLY
KNOWN AS SINOCHEM JIANGSU IMPORT &
EXPORT CORPORATION), NANJING
HUABIN FOREIGN TRADE & ECONOMICS
CO., LTD., DRAGONTRANS SHIPPING LTD.
d/b/a HUABANG INTERNATIONAL, INC.,
SINOTRANS NINGBO INTERNATIONAL
FORWARDING AGENCY CO., LTD.,
JOHN DOE 1-10,

                         Defendants.

------------------------------------------------------------X

Case No. 07-civ-5861 (RMB)

**FIRST AMENDED
VERIFIED COMPLAINT
AND RULE B ATTACHMENT**

        Plaintiff ZIM INTEGRATED SHIPPING SERVICES, LTD. ("Zim"), by its attorneys,

DeOrchis, Wiener & Partners, LLP, as and for its Complaint against Defendants BELCO

RESOURCES, INC. ("Belco"), SINOCHEM JIANGSU CORPORATION (formerly known as

SINOCHEM JIANGSU IMPORT & EXPORT CORPORATION) ("Sinochem Jiangsu"),

NANJING HUABIN FOREIGN TRADE & ECONOMICS CO., LTD. ("Huabin"),

DRAGONTRANS SHIPPING LTD. d/b/a HUABANG INTERNATIONAL, INC.

("Huabang"), SINOTRANS NINGBO INTERNATIONAL FORWARDING AGENCY CO.,

LTD. ("Sinotrans Ningbo"), and John Doe 1 to 10, alleges upon information and belief, as follows:

## JURISDICTION AND VENUE

1.      This is an admiralty or maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1333 and 28 U.S.C. § 1331. This Court may exercise supplemental jurisdiction over Zim's state law claims pursuant to 28 U.S.C. § 1367.

2.      Venue is proper under 28 U.S.C. §§ 1391 (c) and (d ), and under section 24 of Zim's Bill of Lading terms and conditions.

## PARTIES

3.      At and during all times hereinafter mentioned, Plaintiff Zim was and still is a foreign corporation organized and existing under and by virtue of the laws of the State of Israel, with an office and principal place of business located at 9 Andrei Sakharov Street, Matam P.O.B. 1723, Haifa, 31016 Israel. Zim, at all times hereinafter mentioned, was engaged in the business of ocean transportation services.

4.      Upon information and belief, Defendant Belco was and still is a foreign corporation organized and existing under and by virtue of the laws of North Carolina with an office and principal place of business located at 146 Roundabout Ct., P.O. Box 8164, Rocky Mount, NC 27804. Belco, at all times hereinafter mentioned, was engaged in the business of supplying fertilizers, industrial chemicals, and farm equipment.

5.      Upon information and belief, Defendant Sinochem Jiangsu (formerly known as SINOCHEM JIANGSU IMPORT & EXPORT CORPORATION) was and still is a foreign corporation organized and existing under and by virtue of the laws of P.R. China with an office

2

and principal place of business located at 28F Shangmao Century Plaza, 49 Zhongshan South Road, Nanjing 210005, Jiangsu Province, P.R. China.    Sinochem Jiangsu, at all times hereinafter mentioned, was engaged in the business of importing and exporting pharmaceutical and chemical products.

6.    Upon information and belief, Defendant Huabin was and still is a foreign corporation organized and existing under and by virtue of the laws of P.R. China with an office and principal place of business located at 5-6F, 51W Hankou Road, Nanjing 210024, Jiangsu Province, P.R. China.    It has also another address at 8/F Ruihua Building, 315 South Zhongshan Road, Nanjing 210001, Jiangsu Province, P.R. China.    Huabin, at all times hereinafter mentioned, is engaged in the business of handling and shipping goods.

7.    Upon information and belief, Defendant Huabang was and still is a foreign corporation organized and existing under and by virtue of the laws of P.R. China with an office and principal place of business located at Room B-33, 8F Centre Commercial Building, 54 Dashani Street, Ningbo, Zhejiang Province, P.R. China.    Huabang, at all times hereinafter mentioned, is engaged in the business of booking cargo and freight forwarding.    It is legally known as Dragontrans Shipping Ltd. and is doing business as Huabang International, Inc.

8.    Upon information and belief, Defendant Sinotrans Ningbo was and still is a foreign corporation organized and existing under and by virtue of the laws of P.R. China with an office and principal place of business located at 5th Floor Sinotrans Mansion, 69 Jie Fang South Road, Ningbo, Zhejiang Province, P.R. China.    Sinotrans Ningbo, at all times hereinafter mentioned, is engaged in the business of freight forwarding at Ningbo Port.

9.      Upon information and belief, Defendant(s) John Doe(s) 1 to 10 is an or are entity(ies) residing in P.R. China, in the United States, or abroad, and who are liable under any cause of action herein to Zim.

## BACK GROUND FACTS

10.     On or about June 3, 2007, a fire erupted aboard the M/V ZIM Haifa, a vessel operated by Zim on a trade route between the Far East and the East Coast of the United States, while the vessel was at sea in the Pacific Ocean, about 2 days out of Panama.

11.     The crew fought the fire identified to be in hold no. 5 while the vessel increased speed to full in order to arrive more quickly at Balboa, Panama, for assistance.

12.     On or about June 4, around 10:30 am, the vessel arrived at Balboa where firefighters boarded the vessel to control the fire and cool down the holds.

13.     On or about June 8, the hold no. 5 was opened and the damage was surveyed.

14.     The cause of fire and explosions has been traced to a 20 foot container, ZIMU1037636, transported  under the Bill of Lading number ZIMUNGB670904, which was found to contain a substance called "Calcium Hypochlorite".

15.     Calcium Hypochlorite is an extremely dangerous cargo.  It is classified as a hazardous and dangerous material by the International Marine Organization and United Nations, and in the International Maritime Dangerous Goods Code.  It can explode and ignite at a relatively low temperature.  It must be declared by the shipper as dangerous or hazardous material to the ocean carrier under the terms of the Bill of Lading and under the international conventions.

4

16.    Zim has refused to carry Calcium Hypochlorite since 2002 as a result of the explosion of several containers containing such hazardous product aboard vessels operated by other companies causing the destruction of entire ships, or severely damaging them.

17.    As a result of the fire and explosions aboard the M/V ZIM HAIFA, Zim suffered damage to the hull and machinery in hold no. 5 where the above mentioned container was stowed, damage to its containers, personal injury to three crew members, delays and expenses in fighting the fire , the expenses and costs of removing and storing damaged cargo on the pier, investigating the matter, transshipping expenses, and potential cargo claims for the containers of goods which were stowed in the  hold.

## Misrepresentation of the Cargo In The Bill of Lading

18.    The sealed container, ZIMU1037636, which was found by investigators after the incident to contain "Calcium Hypochlorite",  was declared by the defendants on the face of Bill of Lading number ZIMUNGB670904 to contain "Calcium Chloride."  A true and accurate copy of the Bill of Lading is attached as Exhibit A and annexed and incorporated into this Complaint.

19.    Calcium Chloride is a harmless and non flammable material.

20.    Defendants provided Zim with a Certification for Safe Transport of chemical Goods prepared by the Shanghai Research Institute of Chemical Industry Testing Centre, declaring the cargo to not be flammable, and not to present any explosive hazard, and not to have any "hazards identification". A true and accurate copy of the Laboratory Certification is Attached as Exhibit B, and annexed and incorporated into this Complaint.

21.    Defendants provided Zim with a Dock Receipt in which the cargo sealed inside container ZIMU1037636 is erroneously declared on the document to be "calcium chloride". A true and accurate copy of the Dock Receipt is attached at Exhibit C, and is annexed and incorporated into this Complaint.

22.    The true nature of the cargo has been concealed from Zim and misrepresented on the Bill of Lading.

23.    Belco appears as the shipper on the Bill of Lading number ZIMUNGB670904 (Exhibit A).

24.    The President of Belco admitted to Zim on June 11, 2007, that Belco had placed a purchase order with Sinochem Jiangsu, a trading company located in China, for the supply and shipping of 444 drums of Calcium Hypochlorite, the hazardous and dangerous instable substance, and not for Calcium Chloride as described in the Bill of Lading.

25.    The purchase order indicated that the shipment was "C.I.F. Belize" and provided for "shipping instructions". Those "shipping instructions" by Belco required Sinochem Jiangsu to name the shipper on the Bill of Lading as "Belco Resources, Inc." and the consignee as "To Order". A true and accurate copy of the Purchase Order is attached as Exhibit D, and is annexed and incorporated into this Complaint.

26.    Sinochem Jiangsu, based in Nanjing, China, hired Huabin, also located in Nanjing, to handle the export of the subject hazardous and dangerous cargo from China to Belize.

27.    Huabin in turn contracted with Huabang in the port of Ningbo, to book the ocean transportation of said hazardous and dangerous cargo.

6

28.     Huabang then contacted Sinotrans Ningbo which placed the booking of the hazardous and dangerous cargo with Zim.

29.     The Export Customs Declaration for the government of China was handled by Ningbo Global Cargo. Co., Ltd.

30.     Initially, the booking made by Sinotrans Ningbo with Zim identified Huabang as the "shipper."

31.     During the booking of the cargo for transportation, the goods inside the sealed container, ZIMU1037636, were described by Defendants to the agent of Zim as being "calcium chloride".

32.     At some point in the process and apparently before the date of loading, Sinotrans Ningbo requested to change the shipper from Huabang to Belco.

33.     The defendants must be held liable for their direct, and/or vicarious liability, and/or for aiding and abetting, and/or for conspiring to cause, or in causing, damages to Zim, its property, reputation and employees.

## AS FOR A FIRST CAUSE OF ACTION
## FOR BREACH OF CONTRACT
## AS AGAINST ALL DEFENDANTS

34.     Each and every one of the foregoing allegations is incorporated herein by reference and reasserted as though fully set forth at length.

35.     Section 14(a) of Zim's Bill of Lading terms and conditions provide that:

(a)     When the Merchant delivers goods of a dangerous or hazardous nature to the Carrier, he shall inform him in writing of the exact nature of the danger and indicate, if necessary, the precautions to be taken. Such goods shall be distinctly marked on the outside so as to indicate the nature thereof and so as to comply with any requirements of any applicable regulations,

7

> including regulations contained in any relevant applicable
> international treaty or convention.

36.    Section 17(a) of Zim's Bill of Lading terms and conditions also provide, in

substantial part, that:

> (a)    The Merchant warrants the correctness of the declaration
> of contents, quantity, nature, definition, weight, measurement or
> value of the goods, whether containerized or not,....    The
> Merchant shall be responsible for all consequences of incorrect
> declarations as aforesaid including fines that may be imposed as a
> result thereof, irrespective of whether or not inspection as
> aforesaid has taken place.    Merchant warrants that the subject
> cargo is being shipped in compliance with every applicable law,
> regulation or directive.

37.    Zim's Bill of Lading defines a "Merchant" as "jointly and severally the shipper,

the consignee, the holder and any assignee of this Bill of Lading."

38.    Each one of the Defendants is either the shipper, the consignee, the holder, an

assignee, or their respective agent, in respect to Bill of Lading number ZIMUNGB670904.

39.    Each or any one of the Defendants failed to indicate in writing to Zim the

hazardous or dangerous nature of the Calcium Hypochlorite packed in the 444 drums and sealed

in container number ZIMU1037636.

40.    Each and every one of the Defendants breached its obligation to declare the

dangerous goods as defined in the International Maritime Dangerous Goods Code by the

International Maritime Organization.

41.    Each and every one of the Defendants breached Section 14(a) of Zim's Bill of

Lading terms and conditions.

42.    Such failure to correctly describe the nature of the goods as "Calcium

Hypochlorite" on the Bill of Lading constitutes for each and everyone of the Defendants a

8

breach of its warranties under the applicable international conventions and national laws, as well as Section 17(a) of Zim's Bill of Lading terms and conditions, to correctly and accurately declare the content, nature, and definition of the goods shipped.

43.    If the Defendants had accurately described to Zim the goods carried under the subject Bill of Lading, or if Defendants had indicated in writing to Zim the hazardous or dangerous nature of the Calcium Hypochlorite sealed in container ZIMU1037636, the damage would not have happened.

44.    Zim has adopted for many years a policy to refuse to transport Calcium Hypochlorite onboard any of its vessels.

45.    The Defendants are consequently jointly and severally liable to Zim for the loss or damage to containers, for the damage to the hull and machinery of the M/V ZIM  HAIFA, for the loss of use and the capacity of the said vessel, for the personal injury to three crew members, for the delays and expenses in fighting the fire, for the expenses and costs of removing and storing the damaged cargo, for the transshipping expenses, and for any and all other proximately caused damages.

### AS FOR A SECOND CAUSE OF ACTION
### FOR BREACH OF WARRANTY
### AS AGAINST ALL DEFENDANTS

46.    Each and every one of the foregoing allegations is incorporated herein by reference and reasserted as though fully set forth at length.

47.    The failure of Defendants to accurately describe the nature of the goods on the Bill of Lading constitutes a breach of the warranty of particulars provided under international conventions, and codified in the United States under 46 U.S.C. § 1303(5) and § 1304(6) as well as under the common maritime law.

48.    Such breach by Defendants proximately caused the fire onboard the M/V ZIM
HAIFA.

49.    Each one of the Defendants is jointly and severally responsible for inaccurately
describing the nature of the cargo as "Calcium Chloride" instead of "Calcium Hypochlorite".

50.    Such Defendants are liable to Zim for all losses, damages, and expenses arising
or resulting from the inaccuracies in the particulars of Bill of Lading number
ZIMUNGB670904.

## AS FOR A THIRD CAUSE OF ACTION
## FOR STRICT LIABILITY
## AS AGAINST ALL DEFENDANTS

51.    Each and every one of the foregoing allegations is incorporated herein by
reference and reasserted as though fully set forth at length.

52.    A shipper of hazardous or dangerous goods is strictly liable for damages
resulting directly or indirectly from such shipments.

53.    The Defendants are responsible for shipping "Calcium Hypochlorite," a
dangerous substance, aboard the M/V ZIM HAIFA on a container under Bill of Lading
ZIMUNGB670904.

54.    Calcium Hypochlorite qualifies as a "good of an inflammable, explosive, or
dangerous nature."

55.    Zim had no knowledge, and could not have had knowledge, that the goods
shipped under Bill of Lading number ZIMUNGB670904 were of a dangerous or hazardous
nature because the goods were declared and labeled by Defendants as "Calcium Chloride," a
non-dangerous and non-hazardous substance.

56.     Each and every one of the Defendants can be characterized as the seller of the subject dangerous goods, and each and every one of the Defendants placed the subject cargo into the stream of commerce.

57.     Such hazardous and dangerous goods in container number ZIMU1037636 caused damages to containers and their contents, the vessel, injured crew members that fought the fire, and resulted in many other losses and expenses for Zim.

58.     Each and every one of the Defendants are jointly and severally liable for such damages resulting directly or indirectly from said shipment.

## AS FOR A FOURTH CAUSE OF ACTION
## FOR NEGLIGENT MISREPRESENTATION
## AS AGAINST ALL DEFENDANTS

59.     Each and every one of the foregoing allegations is incorporated herein by reference and reasserted as though fully set forth at length.

60.     Defendants failed to disclose to Zim that the goods shipped under Bill of Lading number ZIMUNGB670904 were of a hazardous or dangerous nature.

61.     As described in more detail above, the Defendants' description of the particulars on Zim's Bill of Lading contained false and/or misleading information as to the dangerousness nature of the products shipped inside sealed container ZIMU1037636.

62.     Such false and/or misleading representations were material to Zim's decision to accept and transport the shipment.

63.     Defendants failed to exercise reasonable care in communicating to Zim the nature of goods to be shipped under Bill of Lading ZIMUNGB670904.

11

64.    Zim relied on the truthfulness and completeness of the information disclosed by the Defendants in the subject Bill of Lading (Exhibit A), the Dock Receipt (Exhibit B), and the Certification for Safe Transport (Exhibit C) and such reliance was justified.

65.    Zim has suffered substantial and irreparable damages and may continue to suffer additional damages in an amount to be determined at trial as a result of Defendants representations and omissions.

66.    Each and every one of the Defendants are jointly and severally liable for such damages resulting directly or indirectly from their tortious activities.

## AS FOR A FIFTH CAUSE OF ACTION
### FOR FRAUD
### AS AGAINST ALL DEFENDANTS

67.    Each and every one of the foregoing allegations is incorporated herein by reference and reasserted as though fully set forth at length.

68.    As set forth more fully above, Defendants made a number of material misrepresentations and/or omissions to Zim upon which it relied and had a right to rely.

69.    Defendants intentionally, or with knowledge, concealed from Zim the true nature of the goods as "Calcium Chloride" in order to conceal the real and dangerous nature of the cargo actually sealed in container ZIMU1077636, which was in fact "Calcium Hypochlorite."

70.    Defendants intentionally, or with knowledge, provided Zim with a Certification for Safe Transport (Exhibit C) confirming that the cargo was non flammable and not dangerous.

71.    The true nature of the cargo was concealed by Defendants from Zim and misrepresented on the Bill of Lading and the Dock Receipt (Exhibit B).

12

72.     Zim reasonably relied on Defendants' representations and documentation by accepting to transport the subject goods.

73.     Had they declared that the goods in the sealed container were in fact Calcium Hypochlorite, Zim would not have accepted or transported such goods

74.     Defendants acted in concert and worked together in furtherance of the fraud.

75.     Upon information and belief, Defendants made each misrepresentation and/or omission described above with knowledge that the misrepresentations and/or omissions were false, or with the intent that Zim would rely on such misrepresentations and/or omissions.

76.     Zim was unaware of the falsity of Defendants' representations and/or omissions.

77.     As a result of Zim's reliance upon the misrepresentations and omissions alleged herein, Zim has been damaged in an amount to be determined at trial.

78.     Each and every one of the Defendants are jointly and severally liable for such damages resulting directly or indirectly from their fraudulent activities.

## AS FOR A SIXTH CAUSE OF ACTION
### FOR PUNITIVE DAMAGES
### AS AGAINST ALL DEFENDANTS

79.     Each and every one of the foregoing allegations is incorporated herein by reference and reasserted as though fully set forth at length.

80.     As set forth more fully above, Defendants made a number of material misrepresentations and/or omissions as to the nature of the cargo, either negligently or fraudulently, which caused substantial damages to Zim and its employees.

81.     The lack of declaration of the hazardous cargo to Zim is a "conduct which has constituted "gross, wanton or willful fraud or other morally culpable conduct" to an extreme

13

degree" and warrants an award of punitive damages of no less than 10 million dollars for each defendant held responsible.

## JOINDER OF CLAIM FOR DECLARATORY JUDGMENT

82.    Each and every one of the foregoing allegations is incorporated herein by reference and reasserted as though fully set forth at length.

## JURISDICTION

83.    This Court has jurisdiction over this joined claim pursuant to 28 U.S.C. § 1367 and 28 U.S.C. § 1331.

## VENUE

84.    Venue is properly placed under 28 U.S.C. §§ 1391 (c) and (d), and under Section 24 of Zim's Bill of Lading terms and conditions.

## EXCLUSION OF LIABILITY FOR CARGO LOSS DUE TO FIRE

85.    Each and every one of the foregoing allegations is incorporated herein by reference and reasserted as though fully set forth at length.

86.    A carrier may not be held liable under 46 U.S.C. § 1304(2)(b) for loss or damage arising or resulting from fire, unless caused by the actual fault or privity of the carrier.

87.    Moreover, under the fire statute, 46 app. U.S.C. § 182:

> No owner of any vessel shall be liable to answer for or make good to any person any loss or damage, which may happen to any merchandise whatsoever, which shall be shipped, taken in, or put on board any such vessel, by reason or by means of any fire happening to or on board the vessel, unless such fire is caused by the design or neglect of such owner.

88.    The fire caused aboard the M/V ZIM HAIFA is due to the ignition of "Calcium Hypochlorite" shipped without the consent, or knowledge of Zim.

14

89.    Such fire was not caused by the actual fault or privity of Zim.

90.    Such fire was not caused by the design or neglect of Zim.

91.    Zim cannot therefore be held liable for cargo losses caused to the Defendants or to any other third parties as a result of such fire.

92.    Plaintiff respectfully seeks the Declaration by this Honorable Court that Zim's liability to the Defendants, or to any third parties, which could claim damages for cargo losses as a result of said fire, if any, should be therefore totally excluded under either the fire statute, and/or under 46 U.S.C. § 1304(2)(b), as well as the other defense set forth in 46 U.S.C. § 1304(2)(a) and (q) and the terms of the Bill of Lading contract.

## EXCLUSION OF LIABILITY FOR CARGO LOSS
## DUE TO HAZARDOUS PRODUCTS

93.    Each and every one of the foregoing allegations is incorporated herein by reference and reasserted as though fully set forth at length.

94.    The shipper of goods of an inflammable, explosive, or dangerous nature to the shipment whereof the carrier has not consented with knowledge of their nature and character, shall be liable for all damages and expenses directly or indirectly arising out of or resulting from such shipment. 46 U.S.C. § 1304(6).

95.    Under section 14(b) of Zim's Bill of Lading:

> The Merchant only shall be liable and shall indemnify the Carrier and any other party or legal body for all expenses, loss or damage caused to the vessel, to a cargo, whether on board or ashore, to the Carrier and to any other(s) as a result of his failure to comply with the terms set for in paragraph (a) of this Clause.

96.    As described at length above, the Defendants have failed to disclose to Zim the dangerous character or nature of the goods shipped under Bill of Lading ZIMUNGB670904.

97.     In so doing, the Defendants have failed to comply with applicable international and local rules on dangerous or hazardous goods, as well as to the terms of Zim's Bill of Lading.

98.     Zim has not consented to the shipment of these dangerous goods and had it known, it would not have accepted such goods for carriage.

99.     Plaintiff respectfully seeks the Declaration by this Honorable Court that as a result of Defendants' failure to comply with the contractual rules, laws and regulations on dangerous and hazardous substances, only the Defendants shall be liable for all damages and expenses directly or indirectly arising out of or resulting from such shipment of unauthorized "Calcium Hypochlorite."

## INDEMNIFICATION OR CONTRIBUTION BY SHIPPER
## FOR ANY THIRD-PARTY CLAIMS

100.    Each and every one of the foregoing allegations is incorporated herein by reference and reasserted as though fully set forth at length.

101.    Each or everyone of the Defendants is solely responsible for all damages and expenses directly or indirectly arising out of or resulting from the shipment of unauthorized "Calcium Hypochlorite" aboard the M/V ZIM HAIFA.

102.    As a result of the foregoing, each and everyone of the Defendants should indemnify or contribute to Zim for any claims brought by third parties at any place in the world and in any legal forum against Zim in any place in the world, if any, for cargo losses as a result of said shipment of unauthorized "Calcium Hypochlorite", and for any amount it may be required to pay including costs, disbursements and reasonable attorneys' fees incurred in this action. Defendants have been given notice of the loss and informed of Zim's intention to seek

16

indemnification for any claims, suits or judgments filed against Zim in any part of the world and in any legal forum.

## APPLICATION FOR ISSUANCE
## OF A RULE B ATTACHMENT

103.    Each and every one of the foregoing allegations is incorporated herein by reference and reasserted as though fully set forth at length.

104.    Each and everyone of the Defendants cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but, upon information and belief, each and every Defendants have, or will have during the pendency of this action, assets within this District and subjects to the jurisdiction of this Court, held in the hands of garnishees including, but not limited to, HSBC (USA), Bank of America, Wachovia, Citibank, American Express Bank, J.P. Morgan Chase, Bank of New York, Deutsche Bank and/or Standard Chartered Bank, which are believed to be due and owing to the Defendants.

105.    The total amount sought to be attached by Plaintiff pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims is US$3,096,694.00, plus interest and costs, representing the estimated damages sustained by ZIM as a result of this incident. A true and accurate copy of Zim's calculation of damages is attached as Exhibit E and annexed and incorporated into this Complaint.

106.    The Plaintiff respectfully seeks an Order from this Court directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching any assets of each and every one of the Defendants in the amount of US$3,096,694.00 for each defendant, held by

the aforesaid garnishees for the purpose of obtaining personal jurisdiction over the Defendants, and to secure and/or satisfy the plaintiff's claims as described above.

    **WHEREFORE**, Plaintiff prays:

    (a)    For Declaratory Relief that Zim's liability to the Defendants, or to any third parties, which could claim damages for cargo losses as a result of said fire, if any, should be totally excluded under either the fire statute, and/or under 46 U.S.C. § 1304(2)(b);

    (b)    For Declaratory Relief that, as a result of its failure to comply with the contractual rules, laws and regulations on dangerous and hazardous substances, only the named Defendants, shall be liable for all damages and expenses directly or indirectly arising out of or resulting from such shipment of unauthorized "Calcium Hypochlorite".

    (c)    For Judgment for Indemnification or Contribution as a consequence of claims, suits, judgments or awards brought by third parties against Zim in any place in the world, and in any legal forum for loss or damage to cargoes as a result of the fire aboard the M/V ZIM HAIFA, and for any amount Zim may be required to pay, including costs, disbursements and reasonable attorneys' fees incurred in those actions;

    (d)    For a Judgment to be entered in favor of Plaintiff on each and all of the Causes of Action above;

    (e)    For a Judgment awarding Plaintiff damages, as well as punitive damages as authorized by law;

    (f)    For a Judgment awarding Plaintiff its reasonable costs and expenses, including attorneys' fees incurred in connection with the prosecution of this action to the extent allowed by law;

(g)    For a Judgment awarding Plaintiff such other and further relief as the Court may deem just and equitable;

(h)    That process in due form of law issue against each one of the Defendants, citing each to appear and answer under oath all and singular the matters alleged in the Complaint;

(i)    That since each one of the Defendants cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching all tangible or intangible property in whatever form or any other funds held by any garnishee, including, but not limited to, HSBC (USA), Bank of America, Wachovia, Citibank, American Express Bank, J.P. Morgan Chase, Bank of New York, Deutsche Bank, and/or Standard Chartered Bank, which are believed to be due and owing to the Defendants, in the amount of US$3,096,694.00 to satisfy and/or secure Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B to answer the matters alleged in the Complaint;

(j) That this Court retain jurisdiction over this matter through the entry of any judgment or award associated with any of the claims currently pending, or which may be initiated in the future, including any appeals thereof.

Dated: New York, New York
      September 11, 2007

DeOrchis Wiener & Partners, LLP
Attorneys for Plaintiff

By: _____
    Vincent M. De Orchis, Esq. (VMD-6515)
    William E. Lakis (WL-9355)
    Olivier D. L. DuPont (OD-2817)
    61 Broadway, 26th Floor
    New York, New York  10006-2802
    (212) 344-4700
    Our File:  1236-689

W:\1236-689\Legals\First Complt and Rule B v. Belco, Sinochem et al\Amended Complaint\Amended Ver. Cmplt, 081407.DOC

## VERIFICATION

Vincent M. DeOrchis declares and states that he is a partner in the law firm of DeOrchis, Wiener & Partners, LLP, attorneys for plaintiffs in this action, and that the foregoing Verified Complaint is true to his knowledge, except as to matters therein stated on the information and belief and as to those matters, he believes them to be true; that the ground of his belief as to all matters not stated upon knowledge is information furnished to him to by Plaintiff; that the reason why the Verification is not made by Plaintiff is that Plaintiff is a corporation whose principal place of business is outside the New York County, and that due to the exigent nature of this proceeding it was not possible to obtain a Verification from Plaintiff; and that he is authorized to so verify.

I declare and state under penalty of perjury that the foregoing is true and correct.

Executed on September 12, 2007

VINCENT M. DeORCHIS

21

# EXHIBIT A

**BILL OF LADING**    ZIM INTEGRATED SHIPPING SERVICES LTD    ZIM CONTAINER SERVICE

| SHIPPER (FULL NAME & ADDRESS) | DOCUMENT NO. | BILL OF LADING NO. |
|---|---|---|
| BELCO RESOURCES, INC<br>P.O. BOX 8164 ROCKY MOUNT, NC 27804 | | ZIMUNG8870504 |

**CONSIGNEE (NAME & ADDRESS)**
TO ORDER OF SHIPPER

*PAYMENT OF FREIGHT AND CHARGES AS PER THE TERMS AND CONDITIONS OF ZIM'S BILL OF LADING CLAUSE NUMBER 19.*

**NOTIFY (NAME & ADDRESS)**
PROSSER FERTILIZER COMPANY
MILE 8 WESTER HIGHWAY
BELIZE CITY, BELIZE, CENTRAL AMERICA
TEL:501-223-5384

| INITIAL CARRIAGE BY (MODE) | PLACE OF RECEIPT OF GOODS |
|---|---|
| | |
| LOADING VESSEL<br>ZIM SAVANNAH | PORT OF LOADING<br>11/E NINGBO CHINA |
| PORT OF DESTINATION<br>BELIZE CITY | FINAL DESTINATION |

| CONT'R NOS. / CONT. NOS.<br>CONT: ZIMU1057030<br>SEAL: 149983/0970<br>M/H | NO. OF PKGS / DESCRIPTION OF GOODS<br>L CNT (L0/L0)<br>S.L.A.C.<br>444DRUMS<br>CALCIUM CHLORIDE | GROSS WEIGHT | MEASUREMENT |
|---|---|---|---|

ORIGINAL

SHIPPER'S LOAD STOWAGE & COUNT: SAID TO CONTAIN

TOTAL: FOUR HUNDRED FORTY-FOUR DRUMS ONLY                    20400.00        20.000

TERMINAL CHAR 宁波船务代理有限公司
CHINA MARINE SHIPPING AGENCY NINGBO LTD.

AS AGENT

FREIGHT PREPAID

VALIDATED ON BOARD 04-MAY-2007

AS AGENTS FOR
ZIM INTEGRATED SHIPPING SERVICES LTD.
(AS CARRIER)

# EXHIBIT B





货物运输条件鉴定书

**Certification**
**for Safe Transport of Chemical Goods**

NO. SA3600703

样品名称：氯化钙(氧法)

Name of Goods: CALCIUM(OXY) CHLORIDE

送样单位：南京华宾对外经贸有限公司



上海化工研究院检测中心
（上海天科化工检测有限公司）
Shanghai Research Institute of Chemical Industry Testing Centre
( Shanghai TECH. Chemical Industry Testing Co., Ltd )



Jun. 13 2007 12:03    P1

FAX NO. :

FROM :

Date: 2007-6-11 Time: 12:04:28

From: 862 To: Fax: 2179000574871806048

Page 1 of

货物运输条件鉴定书
Certification for Safe Transport of Chemical Goods

NO. SA3600703
Page 1/2

| 样品名称<br>Name of Goods | 中文<br>Chinese | 氯化钙(氧化) |
| | 英文<br>Chinese | CALCIUM(OXY) CHLORIDE |
| 送样单位 Shipper | | 南京华英对外经贸有限公司 |
| 生产单位 Manufacturer | | 南京华英对外经贸有限公司 |
| 检查方法、程序<br>Insepection methods and<br>procedures | | 联合国《关于危险货物运输的建议书》<br>UN "Recommendations on the TRANSPORT OF DANGEROUS GOODS" |
| 样品外观与性状<br>Appearance & Odor: | | 白色固体颗粒及粉末。无臭<br>white solid granule and powder. odorless |

**TRANSPORT INFORMATION**

1. 危险性识别(Hazards identification):
   无
   None

2. 空运按照IATA DGR办理的类项(Suggestion according to IATA DGR):
   可按普通货物条件办理
   The goods is not subject to IATA DGR.

3. 包装要求(Packaging requirements):
   内包装：塑料内胆，外包装：塑料桶。
   Inner package: plastic bag. Outter package: plastic drum.

   检查日期: 2006年7月17日至7月17日          签发日期: 2006年7月

| 备注<br>Comment | 无<br>None |

批准Approved:          审核Checker: 沈军          主检Appraiser:

# 货物运输条件鉴定书
## Certification for Safe Transport of Chemical Goods

NO. SA3600703
Page 2/2

| 鉴定项目名称<br>ITEM | 鉴 定 结 果<br>CONCLUSION |
|---|---|
| 爆炸危险性鉴定<br>Determination of<br>Explosives | 该货物无爆炸危险性。<br>The substance presents no explosive hazard. |
| 易燃危险性鉴定<br>Determination of<br>Flammability | 经规定的燃烧性初步筛选试验，表明该货物不属易燃固品。<br>The screening test of flammability is conducted in accordance with the Regulation, the result indicates that the substance does not belong to flammable solid. |
| 氧化剂危险性鉴定<br>Determination of<br>Oxidizing Substances | 该货物无氧化剂危险性。<br>The substance does not belong to oxidizing substances. |
| 毒害危险性鉴定<br>Determination of Toxic &<br>Infectious Substances | 大鼠口服LD50 1000 mg/kg。表明该货物不属毒、感染性品。<br>oral, rat: LD50 1000 mg/kg. The substance does not belong to toxic substances. |
| 放射危险性鉴定<br>Determination of<br>Radioactive Materials | 该货物不属放射性危险品。<br>The substance does not belong to Radioactive Material. |
| 腐蚀危险性鉴定<br>Determination of<br>Corrosives | 该货物不属腐蚀品。<br>The substance does not belong to Corrosives. |
| 其他危险性鉴定<br>Determination of Other<br>Dangerous Properties | 该货物对眼睛及皮肤稍有刺激性。避免眼睛、皮肤直接和它接触。<br>The substance is slightly irritant to eyes and skin, avoid eyes and skin contact. |

# EXHIBIT C

| Shipper (委托人) 87697228 | | D/R No.(编号) |
| --- | --- | --- |
| HUABANG INTERNATIONAL INC. ROOM 8-23, 8/F, CENTRE COMMERCIAL BUILDING, NO.54 DASHEN STREET NINGBO CHINA TEL:86-574-87357098 FAX:86-574-87318088 | | ZIMNINGB670204 |

宁波 外运

| Consignee (名受人) | 结公司:ZIM ISRAEL NAVIGATION CO LTD: 运费通知(1) |
| --- | --- |
| TO ORDER | |

| Notify Party (通知人) | |
| --- | --- |
| PRODUCE FERTILIZER COMPANY MILA 8 WESTTED HIGHWAY BELIZE CENTRAL AMERICA TEL :501-222-5384 | HUBA0086. A42 13975P10005 |

| Pre-carriage by (前程运输) | Place of Receipt (收货地点) |
| --- | --- |
| Ocean vessel (船名) Voy.No. (航次) | Port of Loading (装货港) |
| Port of Discharge (卸货港) NINGBO V. Place of Delivery (交货地点) NINGBO | Final Destination for the Merchant's Reference (目的地) |

| Container No. (集装箱号) | Seal No. (封志号) Marks & Nos. (标记与号码) | No.of Containers or P'kgs (箱数或件数) | Kind of Packages;Description of Goods (包装种类与货名) | Gross Weight 毛重(公斤) | Measurement 尺码(立方米) |
| --- | --- | --- | --- | --- | --- |
| N/M | | 444 DRUMS | CALCIUM CHLORIDE | 20,400.000KGS | 20.000CBM |
| | | | 同意延伸堆场放箱 ZIM NINGBO | | |
| | | | CY/CY     1X20G1 | | |

| TOTAL NUMBER OF CONTAINERS OR PACKAGES(IN WORDS) 集装箱或件数合计(大写) | SAY FOUR HUNDRED AND FORTY-FOUR DRUMS ONLY | | | | |
| --- | --- | --- | --- | --- | --- |
| FREIGHT & CHARGES (运费与附加费) | Revenue Tons (运费吨) | Rate (运费率) | Par (每) | Prepaid (运费预付) | Collect (到付) |
| FREIGHT PREPAID | | | | | |

| Ex.Rate (比率) | Prepaid at (预付地点) | Payable at (到付地点) | Place of Issue (签发地点) AT NINGBO |
| --- | --- | --- | --- |
| | Total Prepaid (预付总额) | No.of Original B.(s)/L. (正本提单份数) THREE | |

| Svice Type on Receiving | | | | Svice Type on Delivery | | | | Reefer Temperature Required (冷藏温度要求) | °F | °C |
| --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- |
| □ --CY | □ --CFS, | □ --DOOR | | □ --CY | □ --CFS, | □ --DOOR | | Class: Property: IMDG Code Page: UN No. | | |
| TYPE OF GOODS (种类) | □ Ordinary (普通) □ Liquid, (液体) | □ Reefer (冷藏) □ Live Animal (活动物) | □ Dangerous (危险) □ Bulk (散货) | □ Auto (自动车辆) | | | | | | |

| 可否转船 | 可否分批 | 联系人 | 电话 |
| --- | --- | --- | --- |
| 表  期: | 效 / 期 | | |
| 表  额: | | | |
| 接单日期: | | | 制单日期: |

# EXHIBIT D

05/12/2007  18:03    2524420787    BELCO RESOURCES                    PAGE  02

**B** Belco Resources, Inc.
148 Roundabout Ct.
P.O. Box 8164
Rocky Mount, NC 27804
Tel. (252)442-0700 / Fax (252)442-0787

| To Fax No.: 01 - 4 | | PAGE | 82 |
| Page: | 1 | of | 1 |
| Date: | 1/4/06 | | |
| From: | Natalie Gupton | | |
| Msg. # | | | |

**Please deliver to:**

Geng Xiaoning

**Company:**

Sinochem Jiangsu Imp. & Exp. Corp                    **\*\*PURCHASE ORDER\*\***

Herewith, Please accept our order for the following in reference to our order number BI.  9769

**RE: Purchase Order Number BI.9769**

| Quantity | U/M | Part # | Description | Price | Extended Cost |
|----------|-----|--------|-------------|-------|---------------|
| 19.98 | MT | | Hipoclorito de Calcio 65% | $1,300.0000 | $25,974.00 |

**Packing Information**

45 Kg plastic drums with
drum labels / markings

DRUM MARKINGS: Bel Chlor 65%
Manufactured for: Belco Resources, Inc.
PO Box 8164
Rocky Mount, NC 27804
Tel: 252-442-0700/ Fax: 252-442-0787
E-mail: BelcoRes@aol.com / www.BelcoResources.com

**Shipping Instructions:**

**Shipping Marks**

Bel Chlor 65%
CIF Belize
BI.9769/ 1-500
PO# 1269

**Payment Terms:** 60 days net B/L

**Shipment Date :** To be advised

Ship To:  CIF Belize
\*\* B/L Instructions\*\*
Shipper: Belco Resources, Inc
P.O. Box 8164
Rocky Mount, NC 27804
Consignee: To order of shipper
Notify:  Prosser Fertilizer Company
Mile 8 Western Highway
Belize City, Belize, Central America
Tel: 501-223-6364
Attn: Salvador Espat

**Please adhere to the following requirement(s):**

☒ Please do not include any priced literature with shipment.

☒ Your commercial invoice, ocean B/L, packing list certificate of analysis and certificate of insurance are to be sent to our office after shipment. Please fax copies before sending; by courrier.

☒ Please arrange for shipment on first available vessel. Once available please provide us with shipping details; ETD, ETA and vessel name.

☒ NO CHINESE MARKINGS OR CHARACTERS !

Kindly confirm acceptance of this purchase order by return fax.
We thank you for your assistance in making this order possible. Should you have any questions, please contact us at the numbers listed above.

*Natalie Gupton*

# EXHIBIT E

### Estimated Damages Calculated By Zim As Of June 20, 2007
### As A Result Of the Fire That Broke Out Aboard The m/v ZIM HAIFA On June 3, 2007

| Nature of Damages | Est. Amount |
|---|---|
| Container Damage | $580,800 |
| Vessel Damage | $770,000 |
| Supply of CO2 cylinders and CO2 trucks at Panama | $263,344 |
| Refilling of breathing apparatus at Panama | $2,800 |
| Cleaning and ventilation of No. 5 hold at Panama as per Class | $12,750 |
| Supply of extra fire hoses at Panama | $1,450 |
| Chemist fees (for oxygen content monitoring in hold) | $6,900 |
| Discharge costs at Panama | $31,000 |
| Wharfage and equipment rental | $40,000 |
| Extra pilotage for shifting | $1,800 |
| Extra tug hire for shifting | $4,500 |
| Extra tug hire to meet vessel at anchorage upon arrival | $12,000 |
| Extra line handling for shifting | $700 |
| Lost canal booking fee | $26,300 |
| Customs/immigration fees | $1,000 |
| Channel fee & pilot launch | $1,000 |
| Agency fee | $2,000 |
| Extra security for damaged containers landed ashore | $2,500 |
| Special security cage for suspect container | $6,500 |
| ACP fire tug/fire fighters | $30,000 |
| Ram-neck tape to seal hatches for fire fighting efforts | $1,550 |
| Cleaning / debris removal from No. 5 hold at Kingston | $25,500 |
| Loss slots in Hold No. 5 due to fire damage | $69,600 |
| Survey Fees (Panama, Kingston, New York) | $15,000 |
| Burgoynes (fire expert) | $20,000 |
| Storage of containers at Balboa | $62,650 |
| Extra wages for crew for overtime/cleaning | $15,000 |
| Crew injuries | $50,000 |
| Vessel Delay | $429,000 |
| Additional Bunkers to make up lost time | $281,050 |
| Lost Profits due to delay | $330,000 |
| **Total** | **$3,096,694.00** |