Vincent M. DeOrchis (VMD-6515)
William E. Lakis (WL-9355)
Olivier D. L. DuPont (OD-2817)
**DEORCHIS WIENER & PARTNERS, LLP**
61 Broadway, 26th Floor
New York, New York 10006-2802
(212) 344-4700

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------X

ZIM INTEGRATED SHIPPING SERVICES,
LTD.,

                                                    Case No. 07-civ-5861 (RMB)

                              Plaintiff,

          - against -

BELCO RESOURCES, INC., SINOCHEM
JIANGSU CORPORATION (FORMERLY            **SECOND AMENDED**
KNOWN AS SINOCHEM JIANGSU IMPORT &       **VERIFIED COMPLAINT**
EXPORT CORPORATION), NANJING             **AND RULE B ATTACHMENT**
HUABIN FOREIGN TRADE & ECONOMICS
CO., LTD., DRAGONTRANS SHIPPING LTD.
d/b/a HUABANG INTERNATIONAL, INC.,
SINOTRANS NINGBO INTERNATIONAL
FORWARDING AGENCY CO., LTD.,
JOHN DOE 1-10,

                              Defendants.

-----------------------------------------------------------X

Plaintiff ZIM INTEGRATED SHIPPING SERVICES, LTD. ("Zim"), by its attorneys,

DeOrchis, Wiener & Partners, LLP, as and for its Complaint against Defendants BELCO

RESOURCES, INC. ("Belco"), SINOCHEM JIANGSU CORPORATION (formerly known as

SINOCHEM JIANGSU IMPORT & EXPORT CORPORATION) ("Sinochem Jiangsu"),

NANJING HUABIN FOREIGN TRADE & ECONOMICS CO., LTD. ("Huabin"),

DRAGONTRANS SHIPPING LTD. d/b/a HUABANG INTERNATIONAL, INC.

("Huabang"), SINOTRANS NINGBO INTERNATIONAL FORWARDING AGENCY CO.,

LTD. ("Sinotrans Ningbo"), and John Doe 1 to 10, alleges upon information and belief, as follows:

## JURISDICTION AND VENUE

1.    This is an admiralty or maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1333 and 28 U.S.C. § 1331. This Court may exercise supplemental jurisdiction over Zim's state law claims pursuant to 28 U.S.C. § 1367.

2.    Venue is proper under 28 U.S.C. §§ 1391 (c) and (d ), and under section 24 of Zim's Bill of Lading terms and conditions.

## PARTIES

3.    At and during all times hereinafter mentioned, Plaintiff Zim was and still is a foreign corporation organized and existing under and by virtue of the laws of the State of Israel, with an office and principal place of business located at 9 Andrei Sakharov Street, Matam P.O.B. 1723, Haifa, 31016 Israel. Zim, at all times hereinafter mentioned, was engaged in the business of ocean transportation services.

4.    Upon information and belief, Defendant Belco was and still is a corporation organized and existing under and by virtue of the laws of North Carolina with an office and principal place of business located at 146 Roundabout Ct., P.O. Box 8164, Rocky Mount, NC 27804. Belco, at all times hereinafter mentioned, was engaged in the business of supplying fertilizers, industrial chemicals, and farm equipment.

5.    Upon information and belief, Defendant Sinochem Jiangsu (formerly known as SINOCHEM JIANGSU IMPORT & EXPORT CORPORATION) was and still is a foreign corporation organized and existing under and by virtue of the laws of P.R. China with an office

2

and principal place of business located at 28F Shangmao Century Plaza, 49 Zhongshan South Road, Nanjing 210005, Jiangsu Province, P.R. China.    Sinochem Jiangsu, at all times hereinafter mentioned, was engaged in the business of importing and exporting pharmaceutical and chemical products.

6.    Upon information and belief, Defendant Huabin was and still is a foreign corporation organized and existing under and by virtue of the laws of P.R. China with an office and principal place of business located at 5-6F, 51W Hankou Road, Nanjing 210024, Jiangsu Province, P.R. China.    It has also another address at 8/F Ruihua Building, 315 South Zhongshan Road, Nanjing 210001, Jiangsu Province, P.R. China.    Huabin, at all times hereinafter mentioned, is engaged in the business of handling and shipping goods.

7.    Upon information and belief, Defendant Huabang was and still is a foreign corporation organized and existing under and by virtue of the laws of P.R. China with an office and principal place of business located at Room B-33, 8F Centre Commercial Building, 54 Dashani Street, Ningbo, Zhejiang Province, P.R. China.    Huabang, at all times hereinafter mentioned, is engaged in the business of booking cargo and freight forwarding.    It is legally known as Dragontrans Shipping Ltd. and is doing business as "Huabang International, Inc.".

8.    Upon information and belief, Defendant Sinotrans Ningbo was and still is a foreign corporation organized and existing under and by virtue of the laws of P.R. China with an office and principal place of business located at 5th Floor Sinotrans Mansion, 69 Jie Fang South Road, Ningbo, Zhejiang Province, P.R. China.    Sinotrans Ningbo, at all times hereinafter mentioned, is engaged in the business of freight forwarding at Ningbo Port.

3

9.     Upon information and belief, Defendant(s) John Doe(s) 1 to 10 is an or are entity(ies) residing in P.R. China, in the United States, or abroad, and who are liable under any cause of action herein to Zim.

## BACK GROUND FACTS

10.     On or about June 3, 2007, a fire erupted aboard the M/V ZIM HAIFA, a vessel operated by Zim on a trade route between the Far East and the East Coast of the United States, while the vessel was at sea in the Pacific Ocean, less than 2 days out of Panama.

11.     The crew fought the fire identified to be in hold no. 5 while the vessel increased speed to full in order to arrive more quickly at Balboa, Panama, for assistance.

12.     On or about June 4, around 10:30 am, the vessel arrived at Balboa where firefighters boarded the vessel to control the fire and cool down the holds.

13.     On or about June 8, the hold no. 5 was opened and the damage was surveyed.

14.     The cause of fire and explosions has been traced to a 20 foot container, ZIMU1037636, transported under the Bill of Lading number ZIMUNGB670904, which was found to contain a substance called "Calcium Hypochlorite".

15.     Calcium Hypochlorite is an extremely dangerous cargo. It is classified as a Class 5.1 oxidizer designated as "UN 2880" in the International Maritime Dangerous Goods Code ("IMDG Code") adopted by the United States, China, Belize, Liberia, Panama, Israel and other nations of the United Nations as part of the International Convention for the Safety of Life at Sea ("SOLAS") and in the Hazardous Materials Table of the U.S. Department of Transportation regulations, 49 C.F.R. § 17.101.

16.    Calcium Hypochlorite is known to decompose, explode or ignite at a relatively low temperature. Its transportation is forbidden unless it can be stabilized or inhibited by, for example, the use of refrigerated containers, under current U.S. regulations. It must be stowed away from all sources of heat to comply with the IMDG Code, U.S. regulations, and other similar foreign regulations. It must be declared by the shipper as dangerous or hazardous material to the ocean carrier under the terms of the Bill of Lading, international conventions, U.S. and foreign regulations.

17.    Zim has refused to carry Calcium Hypochlorite since 2002 as a result of several notorious accidents involving such hazardous product aboard vessels operated by other companies causing the destruction of entire ships, or severely damaging them.

18.    As a result of the fire and explosions aboard the M/V ZIM HAIFA, Zim suffered damage to the hull and machinery in and around hold no. 5 where the above mentioned container was stowed, damage to its containers, personal injury to crew members, delays and expenses in fighting the fire, the expenses and costs of removing and storing damaged cargo on the pier, investigating the matter, transshipping expenses, and potential cargo claims for the containers of goods which were stowed in the  hold.

### Misrepresentation of the Cargo In The Bill of Lading

19.    The sealed container, ZIMU1037636, which was found by investigators after the incident to contain "Calcium Hypochlorite", appears on the face of Bill of Lading number ZIMUNGB670904 to contain "Calcium Chloride." A true and accurate copy of the Bill of Lading is attached as Exhibit A and annexed and incorporated into this Complaint.

20.    Calcium Chloride is a harmless and non flammable material.

5

21.    The true nature of the cargo was concealed from Zim and misrepresented on the Bill of Lading.

22.    Belco appears as the named and declared shipper on the Bill of Lading number ZIMUNGB670904 (Exhibit A).

23.    The President of Belco admitted to Zim on June 11, 2007 that Belco had placed a purchase order on January 4, 2007 with Sinochem Jiangsu for the supply and shipping of 444 drums of Calcium Hypochlorite, the hazardous and dangerous material, and not for Calcium Chloride as described in the Bill of Lading.

24.    The purchase order sent to Sinochem Jiangsu indicated that the shipment was "C.I.F. Belize" and provided for "shipping instructions". Those "shipping instructions" required Sinochem Jiangsu to name the shipper on the Bill of Lading as "Belco Resources, Inc." and the consignee as "To Order". A true and accurate copy of the Purchase Order is attached as Exhibit D, and is annexed and incorporated into this Complaint.

25.    Sinochem Jiangsu, a subsidiary of the chemical group Sinochem Corporation, based in Nanjing, China, agreed and accepted to sell Calcium Hypochlorite to Belco.

26.    Sinochem Jiangsu arranged for the transportation of the hazardous cargo from China to Belize by hiring Huabin, a local freight forwarder also located in Nanjing.

27.    Huabin in turn contracted Huabang in the port of Ningbo, to book the ocean transportation of said hazardous cargo.

28.    Huabang then contacted Sinotrans Ningbo which placed the booking of the hazardous cargo with Zim and described it as "calcium chloride".

29.    One or more or all of the Defendants, individually or jointly, misdescribed the cargo as calcium chloride in the process of booking the cargo for shipment with Zim.

30.    Sinochem Jiangsu, through its agents Huabin, Huabang and Sinotrans, provided Zim with a Certification for Safe Transport of chemical Goods prepared by the Shanghai Research Institute of Chemical Industry Testing Centre, declaring the cargo to not be flammable, and not to present any explosive hazard, and not to have any "hazards identification". A true and accurate copy of the Laboratory Certification is Attached as Exhibit B, and annexed and incorporated into this Complaint.

31.    Sinochem Jiangsu, through its agents Huabin, Huabang and Sinotrans, provided Zim with a Dock Receipt in which the cargo sealed inside container ZIMU1037636 is erroneously and falsely declared on the document to be "calcium chloride". A true and accurate copy of the Dock Receipt is attached at Exhibit C, and is annexed and incorporated into this Complaint.

32.    The Export Customs Declaration for the government of China was handled by Ningbo Global Cargo. Co., Ltd.

33.    Initially, the booking made by Sinotrans Ningbo with Zim identified Huabang as the "shipper." At some point in the process and apparently before the date of loading, Sinotrans Ningbo requested to change the shipper from Huabang to Belco.

34.    Belco placed at least 19 purchase orders of Calcium Hypochlorite with Sinochem Jiangsu since 2004.

35.    Sinochem Jiangsu arranged for the transportation of all 19 shipments of Calcium Hypochlorite by hiring Huabin since 2004.

36.    Eighteen shipments of Calcium Hypochlorite arranged by Sinochem Jiangsu are inaccurately described, or misrepresented, in their related bills of lading issued by ocean carriers as "CALCIUM CHLORIDE", "CALCIUM DICHLORIDE", "CALCIUM CHLORIDE HIPO DE CAL HTH 70%MIN GRAN (SODIUM PROCESSED)", "CALCIUM CHLORIDE COMPOUND FOR WATER TREATMENT", or "HYPOCHLORITE SALT UN NO:1791 CLASS: 8". Attached please find as Exhibit F true and accurate copies of 18 previous purchase orders and related bills of lading inaccurately reflecting the nature of the cargo.

37.    Only one out of nineteen shipments of Calcium Hypochlorite arranged by Sinochem Jiangsu is accurately represented in its related bill of lading as "CALCIUM HYPOCHLORITE CLASS: 5.1, UN NO: 2880 PACKAGE TYPE:II TEMP: 10C AIR VENT: 808CBM/H VENT:70CBM/H". Attached please find as Exhibit G true and accurate copies of 1 purchase order and related bill of lading accurately reflecting the nature of the cargo.

38.    Sinochem Jiangsu, aided and assisted by its agents and subagents Huabin, Huabang and Sinotrans, inaccurately described, or misrepresented, the nature of the cargo to Zim in order to convince the plaintiff the cargo was safe to carry and to save money on the cost of transportation of Calcium Hypochlorite which, as a hazardous material, had to be transported in refrigerated containers.

39.    The defendants must be held liable for their direct, and/or vicarious liability, and/or for aiding and abetting, and/or for conspiring to cause, or in causing, damages to Zim, its property, reputation and employees.

8

AS FOR A FIRST CAUSE OF ACTION
FOR BREACH OF CONTRACT
AS AGAINST BELCO

40.     Each and every one of the foregoing allegations is incorporated herein by

reference and reasserted as though fully set forth at length.

41.     Section 14(a) of Zim's Bill of Lading terms and conditions provide that:

> (a)     When the Merchant delivers goods of a dangerous or
> hazardous nature to the Carrier, he shall inform him in writing of
> the exact nature of the danger and indicate, if necessary, the
> precautions to be taken. Such goods shall be distinctly marked on
> the outside so as to indicate the nature thereof and so as to
> comply with any requirements of any applicable regulations,
> including regulations contained in any relevant applicable
> international treaty or convention.

42.     Section 17(a) of Zim's Bill of Lading terms and conditions also provide, in

substantial part, that:

> (a)     The Merchant warrants the correctness of the declaration
> of contents, quantity, nature, definition, weight, measurement or
> value of the goods, whether containerized or not,....     The
> Merchant shall be responsible for all consequences of incorrect
> declarations as aforesaid including fines that may be imposed as a
> result thereof, irrespective of whether or not inspection as
> aforesaid has taken place.   Merchant warrants that the subject
> cargo is being shipped in compliance with every applicable law,
> regulation or directive.

43.     Zim's Bill of Lading defines a "Merchant" as "jointly and severally the shipper,

the consignee, the holder and any assignee of this Bill of Lading."

44.     Belco is the shipper of Bill of Lading number ZIMUNGB670904 and a

Merchant under the terms of such Bill of Lading.

45.     Belco knew or should have known of the dangerous nature of Calcium

Hypochlorite.

9

46.     Belco failed to inform Zim in writing of the hazardous or dangerous nature of the Calcium Hypochlorite packed in the 444 drums and sealed in container number ZIMU1037636.

47.     Belco did not provide Zim with any shipping instructions about the handling and transportation of its dangerous cargo, and did not distinctly mark the cargo from the outside as dangerous.

48.     Belco failed to provide a bill of lading to Zim reflecting accurately the nature of the cargo.

49.     Belco failed to respect its obligations as a shipper of hazardous material under 49 C.F.R. § 173.22 and breached its warranty to Zim that the subject cargo was being shipped in compliance with every applicable law, regulation or directive.

50.     Belco breached Sections 14(a) and 17(a) of Zim's Bill of Lading terms and conditions.

51.     Belco's breaches of contract proximately caused the fire and the damages suffered by Zim as a result thereof.

52.     Belco is consequently liable to Zim for all its damages, fines that may be imposed as a result thereof, and for any other proximately caused damages.

## AS FOR A SECOND CAUSE OF ACTION
## FOR BREACH OF WARRANTY OF PARTICULARS
## AS AGAINST ALL DEFENDANTS

53.     Each and every one of the foregoing allegations is incorporated herein by reference and reasserted as though fully set forth at length.

54.     The failure of Defendants to accurately describe the nature of the goods on the Bill of Lading constitutes a breach of the warranty of particulars provided under international conventions, and codified in the United States under 46 U.S.C. § 1303(5) and § 1304(6) as well as under the common maritime law.

55.     Such breach by Defendants proximately caused the fire onboard the M/V ZIM HAIFA.

56.     Each one of the Defendants is jointly and severally responsible for inaccurately describing the nature of the cargo as "Calcium Chloride" instead of "Calcium Hypochlorite".

57.     Such Defendants are liable to Zim for all losses, damages, and expenses arising or resulting from the inaccuracies in the particulars of Bill of Lading number ZIMUNGB670904.

## AS FOR A THIRD CAUSE OF ACTION
## FOR STRICT LIABILITY UNDER COGSA § 1304(6)
## AS AGAINST ALL DEFENDANTS

58.     Each and every one of the foregoing allegations is incorporated herein by reference and reasserted as though fully set forth at length.

59.     The shipper of goods of an inflammable, explosive, or dangerous nature, although not in privity of contract with the ocean carrier, is strictly liable to the ocean carrier for all damages and expenses directly or indirectly arising out or resulting from such shipment

when the carrier did not consent with knowledge of its nature and character under international conventions, and codified in the United States under 46 U.S.C. § 1304(6).

60.    All Defendants are responsible for shipping, as principal or agent, as owner or seller, Calcium Hypochlorite under Bill of Lading number ZIMUNGB670904.

61.    Calcium Hypochlorite qualifies as a "good of an inflammable, explosive, or dangerous nature" under COGSA § 1304(6) or similar applicable international conventions.

62.    Zim did not consent and would not have consented to the transportation of Calcium Hypochlorite.

63.    The shipment of Calcium Hypochlorite by the Defendants caused the fire aboard the M/V ZIM HAIFA and all the damages suffered by Zim resulting from such fire.

64.    Each and every one of the Defendants are jointly and severally liable to Zim for all damages and expenses directly or indirectly resulting from the shipment of Calcium Hypochlorite.

### AS FOR A FOURTH CAUSE OF ACTION
### FOR STRICT PRODUCT LIABILITY
### AS AGAINST ALL DEFENDANTS

65.    Each and every one of the foregoing allegations is incorporated herein by reference and reasserted as though fully set forth at length.

66.    A seller of hazardous or dangerous goods is strictly liable to a carrier for damages resulting directly or indirectly from such shipments when the carrier did not have actual or constructive knowledge of the danger.

12

67.    Calcium Hypochlorite qualifies as a dangerous or hazardous material under the IMDG Code, the Hazardous Materials Table of the U.S. Department of Transportation regulations and other international conventions and foreign regulations.

68.    Defendant Belco is the shipper of Calcium Hypochlorite, and bought the goods from Sinochem Jiangsu to resell them C.I.F. to an entity located in Belize.

69.    Defendant Sinochem Jiangsu is the seller, the real shipper of Calcium Hypochlorite and placed the goods into the stream of commerce.

70.    Defendants Huabin, Huabang and Sinotrans Ningbo are transportation professionals who acted in their own name, or as agents or subagents of Sinochem Jiangsu.

71.    Defendants Sinochem Jiangsu and Belco knew, or should have known, as an entity in the business of selling Calcium Hypochlorite, about the dangerous nature and the risks associated with Calcium Hypochlorite tit shipped and placed in maritime commerce.

72.    Defendants Huabin, Huabang and Sinotrans Ningbo, as transportation professionals, knew, or should have known, about the dangerous nature and the risks associated with Calcium Hypochlorite they helped ship and place in maritime commerce.

73.    Zim had no knowledge, and could not have had knowledge, that the goods shipped in a sealed container under Bill of Lading number ZIMUNGB670904 were of a dangerous or hazardous nature.

74.    Such hazardous and dangerous goods caused the fire aboard the M/V ZIM HAIFA and all the damages suffered by Zim resulting thereof.

75.    All the Defendants are jointly and severally liable for such damages resulting directly or indirectly from said shipment.

13

## AS FOR A FIFTH CAUSE OF ACTION
## FOR STRICT LIABILITY FOR FAILURE TO WARN
## AS AGAINST ALL DEFENDANTS

76.     Each and every one of the foregoing allegations is incorporated herein by reference and reasserted as though fully set forth at length.

77.     Strict liability is imposed upon manufacturers, sellers and transportation professionals who fail to warn of a defect in design or construction, where the existence of the defect is known or knowable in light of current science, and the failure to warn caused damages to a party not in privity of contract with such manufacturers, sellers or transportation professionals.

78.     Defendants Sinochem Jiangsu and Belco sold and shipped Calcium Hypochlorite which was transported aboard the M/V ZIM HAIFA.

79.     Defendants Huabin, Huabang and Sinotrans Ningbo arranged the transportation of Calcium Hypochlorite in their own name, or as agents or subagents of Defendant Sinochem Jiangsu and/or Defendant Belco and aided the placement of the subject cargo into the stream of commerce.

80.     Calcium Hypochlorite is known or knowable under current science as a dangerous or hazardous product.

81.     Defendants failed to warn Zim on the dangerous or hazardous nature of Calcium Hypochlorite.

82.     Such failure to warn caused Zim to suffer damages.

83.     Each and every one of the Defendants are jointly and severally liable for damages resulting from their failure to warn Zim.

14

## AS FOR A SIXTH CAUSE OF ACTION
## FOR NEGLIGENT FAILURE TO WARN
## AS AGAINST ALL DEFENDANTS

84.    Each and every one of the foregoing allegations is incorporated herein by reference and reasserted as though fully set forth at length.

85.    Liability is imposed upon manufacturers, sellers and transportation professionals who negligently fail to warn of a defect in design or construction, where the existence of the defect is known or should be known, and the manufacturer or seller, by exercising reasonable diligence, could have made a warning available.

86.    Sinochem Jiangsu and Belco sold and shipped Calcium Hypochlorite which was transported aboard the M/V ZIM HAIFA.

87.    Huabin, Huabang and Sinotrans Ningbo arranged for the transportation of Calcium Hypochlorite as agents or subagents of Sinochem Jiangsu and/or Belco.

88.    Calcium Hypochlorite is deemed defective and unreasonably dangerous if the seller fails to give an adequate warning as to foreseeable risks when it loses control of the product.

89.    The risks of ignition, explosion, or decomposition at low temperatures associated with Calcium Hypochlorite are foreseeable risks.

90.    Defendants knew, or should have known, about the dangerous nature and the risks associated with Calcium Hypochlorite it shipped and/or placed in maritime commerce which a reasonably prudent seller, shipper or transportation professional would have known and warned about.

91.    Defendants failed to give adequate warnings to Zim on the handling and transportation of the product by exercising reasonable diligence.

15

92.    Such failure to warn caused Zim to suffer damages.

93.    Each and every one of the Defendants are jointly and severally liable for such damages resulting from their failure to warn Zim.

### AS FOR A SEVENTH CAUSE OF ACTION
### FOR NEGLIGENT MISREPRESENTATION
### AS AGAINST ALL DEFENDANTS

94.    Each and every one of the foregoing allegations is incorporated herein by reference and reasserted as though fully set forth at length.

95.    Defendants failed to disclose to Zim that the goods shipped under Bill of Lading number ZIMUNGB670904 were of a hazardous or dangerous nature.

96.    As described in more detail above, the Defendants' description of the particulars on Zim's Bill of Lading contained false and/or misleading information as to the dangerousness nature of the products shipped inside sealed container ZIMU1037636.

97.    Such false and/or misleading representations were material to Zim's decision to accept and transport the shipment.

98.    Defendants failed to exercise reasonable care in communicating to Zim the nature of goods to be shipped under Bill of Lading ZIMUNGB670904.

99.    Zim relied on the truthfulness and completeness of the information disclosed by the Defendants in the subject Bill of Lading (Exhibit A), the Dock Receipt (Exhibit B), and the Certification for Safe Transport (Exhibit C) and such reliance was justified.

100.    Zim has suffered substantial and irreparable damages and may continue to suffer additional damages in an amount to be determined at trial as a result of Defendants representations and omissions.

16

101.    Each and every one of the Defendants are jointly and severally liable for such damages resulting directly or indirectly from their tortious activities.

## AS FOR AN EIGHT CAUSE OF ACTION
### FOR FRAUD
### AS AGAINST ALL DEFENDANTS

102.    Each and every one of the foregoing allegations is incorporated herein by reference and reasserted as though fully set forth at length.

103.    As set forth more fully above, Defendants made a number of material misrepresentations and/or omissions to Zim upon which it relied and had a right to rely.

104.    Defendants intentionally, or with knowledge, misrepresented to Zim the goods as "Calcium Chloride" in order to conceal the real and dangerous nature of the cargo, actually sealed in container ZIMU1077636, which was "Calcium Hypochlorite."

105.    Defendants intentionally, or with knowledge, provided Zim with a Certification for Safe Transport confirming that the cargo was non flammable and not dangerous.

106.    The Dock Receipt also misrepresented to Zim the true nature of the cargo.

107.    Zim reasonably relied on Defendants' representations and documentation by accepting to transport the subject goods.

108.    Had they declared that the goods in the sealed container were in fact Calcium Hypochlorite, Zim would not have accepted or transported such goods

109.    Each one of the Defendants acted individually, or in concert, in furtherance of the fraud.

110.    Upon information and belief, Defendants made each misrepresentation and/or omission described above with knowledge that the misrepresentations and/or omissions were false, or with the intent that Zim would rely on such misrepresentations and/or omissions.

111.    Zim was unaware of the falsity of Defendants' representations and/or omissions.

112.    As a result of Zim's reliance upon the misrepresentations and omissions alleged herein, Zim has been damaged in an amount to be determined at trial.

113.    Each and every one of the Defendants are jointly and severally liable for such damages resulting directly or indirectly from their fraudulent activities.

### AS FOR A NINTH CAUSE OF ACTION
### FOR PUNITIVE DAMAGES
### AS AGAINST ALL DEFENDANTS

114.    Each and every one of the foregoing allegations is incorporated herein by reference and reasserted as though fully set forth at length.

115.    As set forth more fully above, Defendants made a number of material misrepresentations and/or omissions as to the nature of the cargo, either negligently or fraudulently, which caused substantial damages to Zim and its employees.

116.    The lack of declaration of the hazardous cargo to Zim is a "conduct which has constituted "gross, wanton or willful fraud or other morally culpable conduct" to an extreme degree" and warrants an award of punitive damages of no less than 10 million dollars for each defendant held responsible.

### JOINDER OF CLAIM FOR DECLARATORY JUDGMENT

117.    Each and every one of the foregoing allegations is incorporated herein by reference and reasserted as though fully set forth at length.

18

## JURISDICTION

118.    This Court has jurisdiction over this joined claim pursuant to 28 U.S.C. § 1367 and 28 U.S.C. § 1331.

## VENUE

119.    Venue is properly placed under 28 U.S.C. §§ 1391 (c) and (d), and under Section 24 of Zim's Bill of Lading terms and conditions.

## EXCLUSION OF LIABILITY FOR CARGO LOSS DUE TO FIRE

120.    Each and every one of the foregoing allegations is incorporated herein by reference and reasserted as though fully set forth at length.

121.    A carrier may not be held liable under 46 U.S.C. § 1304(2)(b) for loss or damage arising or resulting from fire, unless caused by the actual fault or privity of the carrier.

122.    Moreover, under the fire statute, 46 app. U.S.C. § 182:

> No owner of any vessel shall be liable to answer for or make good to any person any loss or damage, which may happen to any merchandise whatsoever, which shall be shipped, taken in, or put on board any such vessel, by reason or by means of any fire happening to or on board the vessel, unless such fire is caused by the design or neglect of such owner.

123.    The fire caused aboard the M/V ZIM HAIFA is due to the ignition of "Calcium Hypochlorite" shipped without the consent, or knowledge of Zim.

124.    Such fire was not caused by the actual fault or privity of Zim.

125.    Such fire was not caused by the design or neglect of Zim.

126.    Zim cannot therefore be held liable for cargo losses caused to the Defendants or to any other third parties as a result of such fire.

127.    Plaintiff respectfully seeks the Declaration by this Honorable Court that Zim's liability to the Defendants, or to any third parties, which could claim damages for cargo losses as a result of said fire, if any, should be therefore totally excluded under either the fire statute, and/or under 46 U.S.C. § 1304(2)(b), as well as the other defense set forth in 46 U.S.C. § 1304(2)(a) and (q) and the terms of the Bill of Lading contract.

## EXCLUSION OF LIABILITY FOR CARGO LOSS DUE TO HAZARDOUS PRODUCTS

128.    Each and every one of the foregoing allegations is incorporated herein by reference and reasserted as though fully set forth at length.

129.    The shipper of goods of an inflammable, explosive, or dangerous nature to the shipment whereof the carrier has not consented with knowledge of their nature and character, shall be liable for all damages and expenses directly or indirectly arising out of or resulting from such shipment. 46 U.S.C. § 1304(6).

130.    Under section 14(b) of Zim's Bill of Lading:

> The Merchant only shall be liable and shall indemnify the Carrier and any other party or legal body for all expenses, loss or damage caused to the vessel, to a cargo, whether on board or ashore, to the Carrier and to any other(s) as a result of his failure to comply with the terms set for in paragraph (a) of this Clause.

131.    As described at length above, the Defendants have failed to disclose to Zim the dangerous character or nature of the goods shipped under Bill of Lading ZIMUNGB670904.

132.    In so doing, the Defendants have failed to comply with applicable international and local rules on dangerous or hazardous goods, as well as to the terms of Zim's Bill of Lading.

133.    Zim has not consented to the shipment of these dangerous goods and had it known, it would not have accepted such goods for carriage.

134.    Plaintiff respectfully seeks the Declaration by this Honorable Court that as a result of Defendants' failure to comply with the contractual rules, laws and regulations on dangerous and hazardous substances, only the Defendants shall be liable for all damages and expenses directly or indirectly arising out of or resulting from such shipment of unauthorized "Calcium Hypochlorite."

## INDEMNIFICATION OR CONTRIBUTION BY SHIPPER FOR ANY THIRD-PARTY CLAIMS

135.    Each and every one of the foregoing allegations is incorporated herein by reference and reasserted as though fully set forth at length.

136.    Each or everyone of the Defendants is solely responsible for all damages and expenses directly or indirectly arising out of or resulting from the shipment of unauthorized "Calcium Hypochlorite" aboard the M/V ZIM HAIFA.

137.    As a result of the foregoing, each and everyone of the Defendants should indemnify or contribute to Zim for any claims brought by third parties at any place in the world and in any legal forum against Zim in any place in the world, if any, for cargo losses as a result of said shipment of unauthorized "Calcium Hypochlorite", and for any amount it may be required to pay including costs, disbursements and reasonable attorneys' fees incurred in this action.  Defendants have been given notice of the loss and informed of Zim's intention to seek indemnification for any claims, suits or judgments filed against Zim in any part of the world and in any legal forum.

## APPLICATION FOR ISSUANCE OF A RULE B ATTACHMENT

138.    Each and every one of the foregoing allegations is incorporated herein by reference and reasserted as though fully set forth at length.

139.    Each and everyone of the Defendants cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but, upon information and belief, each and every Defendants have, or will have during the pendency of this action, assets within this District and subjects to the jurisdiction of this Court, held in the hands of garnishees including, but not limited to, HSBC (USA), Bank of America, Wachovia, Citibank, American Express Bank, J.P. Morgan Chase, Bank of New York, Deutsche Bank and/or Standard Chartered Bank, which are believed to be due and owing to the Defendants.

140.    The total amount sought to be attached by Plaintiff pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims is US$3,096,694.00, plus interest and costs, representing the estimated damages sustained by ZIM as a result of this incident. A true and accurate copy of Zim's calculation of damages is attached as Exhibit E and annexed and incorporated into this Complaint.

141.    The Plaintiff respectfully seeks an Order from this Court directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching any assets of each and every one of the Defendants in the amount of US$3,096,694.00 for each defendant, held by the aforesaid garnishees for the purpose of obtaining personal jurisdiction over the Defendants, and to secure and/or satisfy the plaintiff's claims as described above.

**WHEREFORE**, Plaintiff prays:

22

(a)    For Declaratory Relief that Zim's liability to the Defendants, or to any third parties, which could claim damages for cargo losses as a result of said fire, if any, should be totally excluded under either the fire statute, and/or under 46 U.S.C. § 1304(2)(b);

(b)    For Declaratory Relief that, as a result of its failure to comply with the contractual rules, laws and regulations on dangerous and hazardous substances, only the named Defendants, shall be liable for all damages and expenses directly or indirectly arising out of or resulting from such shipment of unauthorized "Calcium Hypochlorite".

(c)    For Judgment for Indemnification or Contribution as a consequence of claims, suits, judgments or awards brought by third parties against Zim in any place in the world, and in any legal forum for loss or damage to cargoes as a result of the fire aboard the M/V ZIM HAIFA, and for any amount Zim may be required to pay, including costs, disbursements and reasonable attorneys' fees incurred in those actions;

(d)    For a Judgment to be entered in favor of Plaintiff on each and all of the Causes of Action above;

(e)    For a Judgment awarding Plaintiff damages, as well as punitive damages as authorized by law;

(f)    For a Judgment awarding Plaintiff its reasonable costs and expenses, including attorneys' fees incurred in connection with the prosecution of this action to the extent allowed by law;

(g)    For a Judgment awarding Plaintiff such other and further relief as the Court may deem just and equitable;

(h)     That process in due form of law issue against each one of the Defendants, citing each to appear and answer under oath all and singular the matters alleged in the Complaint;

(i)     That since each one of the Defendants cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching all tangible or intangible property in whatever form or any other funds held by any garnishee, including, but not limited to, HSBC (USA), Bank of America, Wachovia, Citibank, American Express Bank, J.P. Morgan Chase, Bank of New York, Deutsche Bank, and/or Standard Chartered Bank, which are believed to be due and owing to the Defendants, in the amount of US$3,096,694.00 to satisfy and/or secure Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B to answer the matters alleged in the Complaint;

(j) That this Court retain jurisdiction over this matter through the entry of any judgment or award associated with any of the claims currently pending, or which may be initiated in the future, including any appeals thereof.

24

Dated: New York, New York
   October 25, 2007

        **DEORCHIS WIENER & PARTNERS, LLP**
        Attorneys for Plaintiff

By:               
        Vincent M. De Orchis, Esq. (VMD-6515)
        William E. Lakis (WL-9355)
        Olivier D. L. DuPont (OD-2817)
        61 Broadway, 26th Floor
        New York, New York 10006-2802
        (212) 344-4700
        Our File: 1236-689

W:\1236-689\Legals\Complaint\Second Amended Complaint\Second Amended Ver. Cmplt, 102507.DOC

25

## VERIFICATION

Vincent M. DeOrchis declares and states that he is a partner in the law firm of DeOrchis, Wiener & Partners, LLP, attorneys for plaintiffs in this action, and that the foregoing Verified Complaint is true to his knowledge, except as to matters therein stated on the information and belief and as to those matters, he believes them to be true; that the ground of his belief as to all matters not stated upon knowledge is information furnished to him to by Plaintiff; that the reason why the Verification is not made by Plaintiff is that Plaintiff is a corporation whose principal place of business is outside the New York County, and that due to the exigent nature of this proceeding it was not possible to obtain a Verification from Plaintiff; and that he is authorized to so verify.

I declare and state under penalty of perjury that the foregoing is true and correct.

Executed on October 25, 2007

VINCENT M. DeORCHIS

26

# EXHIBIT A

FEB-5-2002  13:22  FROM:

**BILL OF LADING** — ZIM INTEGRATED SHIPPING SERVICES LTD. — ZIM CONTAINER SERVICE

BELCO RESOURCES, INC
P.O. BOX 8104 ROCKY MOUNT, NC 27804

Document No.: ZIMUSGR879904

TO ORDER OF SHIPPER

PROSSER FERTILIZER COMPANY
MILE 6 WESTERN HIGHWAY
BELIZE CITY, BELIZE CENTRAL AMERICA
TEL:301-223-6384

LOADING VESSEL: ZIM SAVANNAH
PORT OF LOADING: C/O NINGBO CHINA
PORT OF DISCHARGE: BELIZE CITY

CONT: ZIMU1097628
SEAL: 769803/DRP0
N/N

CAT 104354
S.L.A.C
444DRUMS
CALCIUM CHLORIDE

**ORIGINAL**

SHIPPER'S LOAD STOWAGE & COUNT: SAID TO CONTAIN
TOTAL: FOUR HUNDRED FORTY-FOUR DRUMS ONLY

TERMINAL CHAR
CHINA MARINE SHIPPING AGENCY NINGBO LTD.
AS AGENT

FREIGHT PREPAID

VALIDATED ON BOARD 04 MAY 2007

AS AGENTS FOR
ZIM INTEGRATED SHIPPING SERVICES LTD.
AS CARRIER

# EXHIBIT B



NO. SA3600703



# 货物运输条件鉴定书

## Certification
## for Safe Transport of Chemical Goods

样品名称: 氯化钙(氧钙)

**Name of Goods:** CALCIUM(OXY) CHLORIDE

送样单位: 南京华宾对外经贸有限公司



上海化工研究院检测中心
（上海天科化工检测有限公司）
**Shanghai Research Institute of Chemical Industry Testing Centre**
**( Shanghai TECH. Chemical Industry Testing Co., Ltd )**



货物运输条件鉴定书
Certification for Safe Transport of Chemical Goods

NO. SA3600703
Page 1/2

| 样品名称<br>Name of Goods | 中文<br>Chinese | 氯化钙(氧氯) |
| | 英文<br>Chinese | CALCIUM (OXY) CHLORIDE |
| 送样单位 Shipper | | 南京华英对外经贸有限公司 |
| 生产单位 Manufacturer | | 南京华英对外经贸有限公司 |
| 检查方法、程序<br>Inspection methods and procedures | | 联合国《关于危险货物运输的建议书》<br>UN "Recommendations on the TRANSPORT OF DANGEROUS GOODS" |
| 样品外观与性状<br>Appearance & Odor | | 白色固体颗粒及粉末，无臭<br>white solid granule and powder, odorless |

**TRANSPORT INFORMATION 运输信息**

1. 危险性识别(Hazards identification):
   无
   None

2. 空运按照IATA DGR处理的类项(Suggestion according to IATA DGR):
   可按普通货物条件办理
   The goods is not subject to IATA DGR.

3. 包装要求(Packaging requirements):
   内包装: 塑料内袋, 外包装: 塑料桶.
   Inner package: plastic bag. Outter package: plastic drum.

检查日期: 2006年7月17日至7月17日        签发日期: 2006年7月

备注<br>Comment        无<br>None

批准 Approved:        审核 Checker: 张军        主检 Appraiser:

FEB-5-2002  13:23  FROM:

危险货物运输条件鉴定书    NO. SA8600702
Certification for Safe Transport of Chemical Goods    Page 2/2

| 鉴定项目名称<br>ITEM | 鉴定结果<br>CONCLUSION |
|---|---|
| 爆炸危险性鉴定<br>Determination of<br>Explosives | 该货物无爆炸危险性。<br>The substance presents no explosive hazard. |
| 易燃危险性鉴定<br>Determination of<br>Flammability | 按规定的燃烧性和易燃性试验，表明该货物不属易燃试验品。<br>The screening test of flammability is conducted in accordance with the regulation, the result<br>indicates that the substance does not belong to flammable solid. |
| 氧化剂危险性鉴定<br>Determination of<br>Oxidizing Substances | 该货物无氧化剂危险性。<br>The substance does not belong to oxidizing substances. |
| 毒害危险性鉴定<br>Determination of Toxic &<br>Infectious Substances | 大鼠口服LD50 1000 mg/kg，没有该货物于非第6.1项危险品。<br>orlL, rat ：LD50 1000 mg/kg. The substance does not belong to toxic substances. |
| 放射危险性鉴定<br>Determination of<br>Radioactive Materials | 该货物不属放射性危险品。<br>The substance does not belong to Radioactive Materials. |
| 腐蚀危险性鉴定<br>Determination of<br>Corrosives | 该货物不属腐蚀品。<br>The substance does not belong to Corrosives. |
| 其他危险性鉴定<br>Determination of Other<br>Dangerous Properties | 该货物对眼睛及皮肤稍有刺激性。避免眼睛、皮肤直接和它接触。<br>The substance is slightly irritant to eyes and skin. Avoid eyes and skin contact. |

JUN. 17 2003 13:04    P.3

FAX NO. :    FROM :

From: Rev Tbi Fax: 7505276848TR0006N    Date: 2007-6-11 Time: 13:04:25    Page 3 o

# EXHIBIT C

Shipper (发货人)
HUABANG INTERNATIONAL INC.
ROOM 8-88, 8/F, CENTRE COMMERCIAL
BUILDING, NO.547 LAISHAN STREET NINGBO CHINA
TEL:86-574-87257088 FAX:86-574-81318088

D/R No. (编号)
ZIMUNGBA70004

公司名 ZIM ISRAEL NAVIGATION CO
LTD.  运费通知(1)

Consignee (收货人)
TO ORDER

Notify Party (通知人)
PRODUSE FERTILIZER COMPANY
MILA 8 WESTED HIGHWAY BELIZE CENTRAL AMERICA
TEL:501-222-5584

HUBAC086. A42
13054/0005

Pre-carriage by (前程运输)         Place of Receipt (收货地点)

Ocean vessel (船名)  Voy.No. (航次)   Port of Loading (装货港)

Port of Discharge (卸货港)    Place of Delivery (交货地点)    Final Destination for the Merchants Reference (目的地)

| Container No. (集装箱号) | Seal No. (封号) Marks & Nos. (标记与号码) | No.of Cntrs. or Pkgs. (箱数或件数) | Kind of Packages Description of Goods (包装种类货名及件数) | Gross Weight (毛重) | Measurement (尺码) |
|---|---|---|---|---|---|
| N/E | | 444 DRUMS | | 20,400.000KGS | 20.000CBM |

同意延伸堆场放箱
ZIM  NINGBO

CY/CY                    1X20GP

TOTAL NUMBER OF CONTAINERS
OR PACKAGES(IN WORDS)
集装箱或货物件数合计(大写)      SAY FOUR HUNDRED AND FORTY-FOUR DRUMS ONLY

| FREIGHT & CHARGES (运费与附加费) | Revenue Tons (计费吨) | Rate (费率) | Per (每) | Prepaid (预付运费) | Collect (到付) |
|---|---|---|---|---|---|
| FREIGHT PREPAID | | | | | |

Ex.Rate (兑换率)  Prepaid at (预付地点)     Payable at (到付地点)          Place of Issue (签发地点) AT NINGBO

Total Prepaid (预付总额)      No.of Original B (s) (正本提单份数)   THREE

Reefer Temperature Required (冷藏温度)

Service Type on Delivery

Place Type on Receiving        Service Type on Delivery
□ CY  □ CFS,  □ DOOR       □ CY  □ CFS,  □ DOOR

TYPE
OF
GOODS
(种类)      □ Ordinary (普通)  □ Reefer (冷藏)  □ Dangerous (危险品)  □ Auto (活动)
           □ Liquid (液体)  □ Live Animal (活动物)  □ Bulky (散装)

Class: (类别)
Property: (性质)
IMDG Code Page: (海事危规页号)
UN No. (联合国编号)

可否分批:              联系人:              电话:

发:  效 / 期:

至:

单号期:

# EXHIBIT D

06/12/2007  18:03   2524420787   BELCO RESOURCES, INC.

**R**

148 Roundabout Ct.
P.O. Box 8164
Rocky Mount, NC 27804
Tel. (252)442-0700 / Fax (252)442-0787

BELCO RESOURCES

| | |
|---|---|
| To Fax No.: | 01 - A |
| Page: | 1    of    1 |
| Date: | 1/4/06 |
| From: | Natalie Gupton |
| Msg. # | |

PAGE  02

**Please deliver to:**
Geng Xiaoning

**Company:**
Sinochem Jiangsu Imp. & Exp. Corp

**PURCHASE ORDER**

Herewith, Please accept our order for the following in reference to our order number Bl.  9769

## RE: Purchase Order Number BI.9769

| Quantity | U/M | Part # | Description | Price | Extended Cost |
|---|---|---|---|---|---|
| 19.98 | MT | | Hipoclorito de Calcio 65% | $1,300.0000 | $25,974.00 |

**Packing Information**
45 Kg plastic drums with
drum labels / markings

DRUM MARKINGS: Bel Chlor 65%
Manufactured for: Belco Resources, Inc.
PO Box 8164
Rocky Mount, NC 27804
Tel: 252-442-0700/ Fax: 252-442-0707
E-mail: BelcoRes@aol.com / www.BelcoResources.com

Shipping Instructions:

**Shipping Marks**
Bel Chlor 65%
CIF Belize
BI.9769/ 1-500
PO# 1269

**Payment Terms:** 60 days net B/L

**Shipment Date:** To be advised

Ship To: CIF Belize
**B/L Instructions**
Shipper: Belco Resources, Inc
P.O. Box 8164
Rocky Mount, NC 27804
Consignee: To order of shipper
Notify: Prosser Fertilizer Company
Mile 8 Western Highway
Belize City, Belize, Central America
Tel: 501-223-6384
Attn: Salvador Espat

**Please adhere to the following requirement(s):**

☒ Please do not include any priced literature with shipment.

☒ Your commercial invoice, ocean B/L, packing list certificate of analysis and certificate of insurance are to be sent to our office after shipment. Please fax copies before sending; by courier.

☒ Please arrange for shipment on first available vessel. Once available please provide us with shipping details; ETD, ETA and vessel name.

☒ NO CHINESE MARKINGS OR CHARACTERS !

Kindly confirm acceptance of this purchase order by return fax.
We thank you for your assistance in making this order possible. Should you have any questions, please contact us at the numbers listed above.

*Natalie Gupton*

# EXHIBIT E

Estimated Damages Calculated By Zim As Of June 20, 2007
As A Result Of the Fire That Broke Out Aboard The m/v ZIM HAIFA On June 3, 2007

| Nature of Damages | Est. Amount |
|---|---|
| Container Damage | $580,800 |
| Vessel Damage | $770,000 |
| Supply of CO2 cylinders and CO2 trucks at Panama | $263,344 |
| Refilling of breathing apparatus at Panama | $2,800 |
| Cleaning and ventilation of No. 5 hold at Panama as per Class | $12,750 |
| Supply of extra fire hoses at Panama | $1,450 |
| Chemist fees (for oxygen content monitoring in hold) | $6,900 |
| Discharge costs at Panama | $31,000 |
| Wharfage and equipment rental | $40,000 |
| Extra pilotage for shifting | $1,800 |
| Extra tug hire for shifting | $4,500 |
| Extra tug hire to meet vessel at anchorage upon arrival | $12,000 |
| Extra line handling for shifting | $700 |
| Lost canal booking fee | $25,300 |
| Customs/immigration fees | $1,000 |
| Channel fee & pilot launch | $1,000 |
| Agency fee | $2,000 |
| Extra security for damaged containers landed ashore | $2,500 |
| Special security cage for suspect container | $6,500 |
| ACP fire tug/fire fighters | $30,000 |
| Ram-neck tape to seal hatches for fire fighting efforts | $1,550 |
| Cleaning / debris removal from No. 5 hold at Kingston | $25,500 |
| Loss slots in Hold No. 5 due to fire damage | $69,600 |
| Survey Fees (Panama, Kingston, New York) | $15,000 |
| Burgoynes (fire expert) | $20,000 |
| Storage of containers at Balboa | $62,650 |
| Extra wages for crew for overtime/cleaning | $15,000 |
| Crew injuries | $50,000 |
| Vessel Delay | $429,000 |
| Additional Bunkers to make up lost time | $281,050 |
| Lost Profits due to delay | $330,000 |
| Total | $3,096,694.00 |

# EXHIBIT F

**Belco Resources, Inc.**
148 Pleasant Hill Road
P.O. Box 8164
Rocky Mount, NC 27804
Tel. (252)442-0700 / Fax (252)442-0787

Date: 7/27/04
From:  Natalie Gupton
Msg. #

### Please deliver to:

Geng Xiaoning

### Company:
Sinochem Jiangsu Imp. & Exp. Corp

**\*\*PURCHASE ORDER\*\***

Herewith, Please accept our order for the following in reference to our order number BI. 9557

## RE: Purchase Order Number BI.9557

| uantity | U/M | Part # | Description | Price | Extended Cost |
|---|---|---|---|---|---|
| ) | MT | | Calcium Hypochlorite 65% (Sodium Process) | $1,135.0000 | $22,700.00 |

*Please advise FOB + Freight Cost.*

**Packing Information**
0 Kg blue plastic drums
RUM MARKINGS: Calcium Hypochlorite Granular 65% with Belco Label
LEASE INCLUDE **LOT NUMBER, FABRICATION DATE &**
**XPIRATION DATE**
lanufactured for: Belco Resources, Inc.
  PO Box 8164
  Rocky Mount, NC
  Tel: 252-442-0700/ Fax: 252-442-0787
  E-mail: BelcoRes@aol.com /
  www.BelcoResources.com

### Shipping Marks
Hipochlorito de Calcio
PO#491-2004
CIF Puerto Caldera, Costa Rica
BI.9557/1-500

**Payment Terms:** 60 days net B/L
**Ship Date :** ASAP

**Ship To:**
CIF PUERTO CALDERA, COSTA RICA

**\*\*\*B/L Instructions\*\*\***
Shipper: Belco Resources, Inc.
  P.O. Box 8164
  Rocky Mount, NC 27804
Consignee: Transmerquim De Costa Rica S.A.
Notify:  MFC Consultores / Felipe Calvo
  Tel:[506] 225-7774

**Shipping Instructions:**

### Please adhere to the following requirement(s):

1. Please do not include any priced literature with shipment. Do not send any documents with shipment.
   NO CHINESE markings, characters or statement of Chinese Origin on drums or any other packaging.
2. Your commercial Invoice, ocean B/L, packing list certificate of analysis and certificate of insurance are to be sent to our
   office after shipment.
3. Please arrange for shipment on first available vessel. Once available please provide us with shipping details; ETD, ETA
   and vessel name.
   Kindly confirm acceptance of this purchase order by return fax.
4.

We thank you for your assistance in making this order possible. Should you have any questions, please contact us
at the numbers listed above.

Thank you and best regards,

*Natalie Gupton*