UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------- X

ZIM INTEGRATED SHIPPING SERVICES, LTD.,

                        Plaintiff,

               – v. –

BELCO RESOURCES, INC., SINOCHEM JIANGSU
CORPORATION (FORMERLY KNOWN AS SINOCHEM
JIANGSU IMPORT & EXPORT CORPORATION), NANJING
HUABIN FOREIGN TRADE & ECONOMICS CO., LTD.,
DRAGONTRANS SHIPPING LTD., d/b/a HUABANG
INTERNATIONAL, INC., SINOTRANS NINGBO
INTERNATIONAL FORWARDING AGENCY CO., LTD.,
JOHN DOE 1-10,

                    Defendants.

------------------------------------------------------------------- X

07 CIV 5861 (RMB)

**(Electronically Filed)**

## DECLARATION OF CHEN HUANZHONG
### IN SUPPORT OF DEFENDANT SINOCHEM JIANGSU CORPORATION'S MOTION TO DISMISS WITH PREJUDICE COUNTS II THROUGH IX OF THE <u>SECOND AMENDED COMPLAINT AND TO VACATE THE RULE B ATTACHMENT</u>

      I, **CHEN HUANZHONG**, make the following declaration under penalties of perjury under the laws of the United States of America:

      1.      I am a partner in the Beijing, China, office of the firm Global Law Office, which has represented and continues to represent Defendant Sinochem Jiangsu Corporation ("Sinochem Jiangsu") in various legal matters in China.

- 2 -

2.    I am over the age of 18, fluent in English, and am fully competent to make this Declaration.

3.    I have been a member of the Bar of China since 1996,  and am authorized to practice before the civil and commercial courts of China.  I am also admitted to the Bar of the State of Utah.

4.    I make this Declaration in support of Sinochem Jiangsu's Motion to Dismiss the Second Amended Complaint in the above-captioned action, based upon my own knowledge and that of my firm by virtue of our work on behalf of Sinochem Jiangsu.

5.    Sinochem Jiangsu is a corporation organized under the laws of China, with its principal place of business in Nanjing, China.

6.    Sinochem Jiangsu is a Chinese state-owned company, but it does not enjoy a privilege of sovereign immunity and can be sued in any court in China

7.    Since its establishment in 1978, Sinochem Jiangsu has received substantial recognition for its success as a company and as a member of the Nanjing community:

(a)    Sinochem Jiangsu is the only company based in Nanjing recognized by the PRC's Highest Customs Board as one of the top 100 Companies in China;

(b)    In 2006, Sinochem Jiangsu was recognized by the China Chamber of Commerce for Import and Export of Medicines and Health Products as a Top 10 Enterprise in Import and Export of Medicine and Health Products in China; and

(c)    Also in 2006, the PRC General Administration of Customs placed Sinochem Jiangsu on its Red List, recognizing excellence in Sinochem Jiangsu's long-term

- 3 -

business operations and trade credit record.  Only 195 enterprises have been so recognized.

8.      The courts of China have jurisdiction over maritime claims, torts, and contractual breaches that occur in or arise out of conduct occurring in China.  Under Chinese law, Chinese courts would have personal jurisdiction over all of the defendants in this case, including Belco Resources, Inc., in connection with Zim's claims in this action.

9.      China has a strong interest in seeing that its courts take jurisdiction of and apply Chinese law to the adjudication of disputes that arise in China.

10.      Based on my understanding of the allegations made by Plaintiff Zim Integrated Shipping Services, Ltd. ("Zim"), and given the residences of the defendants and the location of the alleged actions and events at issue in this litigation, I would expect, and Sinochem Jiangsu expects, that the vast majority of the potential witnesses who might be called by Sinochem Jiangsu, the other defendants, and/or Zim, are located in China.  It is my understanding that many, if not most, of the potential witnesses in this case speak only Chinese, or Chinese with minimal English.  The logistics and cost of bringing all of these witnesses to New York and providing for the translation of their Chinese-language testimony would be exorbitant.

11.      As a Chinese company, the business activities of Sinochem Jiangsu occur, and its associated business records reside, in large part, in China.  Almost all of Sinochem Jiangsu's business records are prepared in Chinese.

12.      Under Chinese law, Article 68 of Supreme Court Opinions on Several Issues Concerning the Implementation of PRC Civil Law General Principles provides that a plaintiff

- 4 -

asserting fraud must establish fault, damages, and causation between the fault and the damages. This statute has been applied in a number of cases, including *Zhongqing Shenzhen Exp./Imp. Co. v. Zim Israel Nav. Co.*, Yue Gao Fa Min Si Zhong Zi Di #15, Guangdong High People's Court (Oct. 16, 2005).[1]

13.    Torts are actionable under Chinese law pursuant to Article 106 of PRC Civil Law General Principles. The *Zhongqing Shenzhen* opinion notes that the elements of a tort claim in China consist of fault, damages, and causation between the fault and damages.

14.    To sustain a claim for strict product liability under Chinese law, a plaintiff must establish: (a) the existence of a defect in the product in distribution; (b) the defective product caused damage to people or property; and (c) causation between the defect and the damage. *Tan Diwen v. Qin Huiping*, No.119 Yu Si Zhong Famin Yi Zhongzi, First Civil Tribunal of Chongqing No. Four Intermediate People's Court (April 26, 2007).

15.    Chinese law does not support claims for strict liability for failure to warn or negligent failure to warn.

16.    Chinese courts have the ability to award both monetary and injunctive relief as remedies for maritime claims, torts, and contractual breaches.

17.    Chinese courts also have the ability to order the production of witnesses and evidence in China, as contrasted with United States courts, which would have to proceed by issuing letters rogatory seeking the production of witnesses and evidence in China. China has

---

[1]  The Chinese legal system is statutory, not common law based. Court decisions, however, especially those of certain courts such as the Higher People's Court or Supreme Court, are often considered persuasive authority.

declared that it is not bound by Articles 16-22 of the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters.

18.    It is my understanding that the Chinese government has not granted a letter rogatory to take a deposition of a Chinese citizen in China for at least the past fifteen years. Likewise, very few letters rogatory requesting the production of documents residing in China have ever been granted by the Chinese government.

I declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on November 27, 2007
In Beijing, China.

CHEN HUANZHONG