UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ZIM INTEGRATED SHIPPING SERVICES, LTD.,

                                Plaintiff,        Case No. 07-civ-5861 (RMB)

    - against -

BELCO RESOURCES, INC., SINOCHEM
JIANGSU CORPORATION (FORMERLY KNOWN
AS SINOCHEM JIANGSU IMPORT & EXPORT
CORPORATION), NANJING HUABIN FOREIGN
TRADE & ECONOMICS CO., LTD.,
DRAGONTRANS SHIPPING LTD. d/b/a
HUABANG INTERNATIONAL, INC.,
SINOTRANS NINGBO INTERNATIONAL
FORWARDING AGENCY CO., LTD.,
JOHN DOE 1-10,

                              Defendants.
------------------------------------------------------------X

**DECLARATION BY YULIN QIAN IN SUPPORT OF PLAINTIFF'S OPPOSITION TO THE JOINT MOTIONS TO DISMISS THE SECOND VERIFIED AMENDED COMPLAINT AND TO VACATE THE RULE B ATTACHMENT OF DEFENDANTS SINOCHEM JIANGSU CORPORATION, NANJING HUABIN FOREIGN TRADE & ECONOMICS CO., LTD. AND BELCO RESOURCES, INC.**

I, YULIN QIAN, declare as follows:

1. I am an Attorney-at-law with the firm of Rolmax Law Office in Shanghai, People's Republic of China ("China") which has represented and continues to represent plaintiff Zim Integrated Shipping Services, Ltd. ("Zim") in various legal matters.

2. I am over the age of 18, fluent in English, and am fully competent to make this Declaration.

3. I have been a member of the National Bar of China since 1997, and am authorized to practice before the civil and commercial courts of China. I am Associate professor at Shanghai Maritime University. The focus my professional practice is maritime law.

4. I make this Declaration in support of Zim's Opposition to the motion to dismiss and to vacate of Defendants Sinochem Jiangsu Corporation ("Sinochem"), Nanjing Huabin Foreign Trade & Economics Co., Ltd. ("Huabin") and Belco Resources, Inc. (Belco")

1

based on my knowledge of the laws of China and the documents which have been submitted to me for the purpose of this Declaration.

5. Under Chinese law, the Maritime Court of the port of loading would have jurisdiction over a matter of misdeclared cargo by a shipper to an ocean carrier. The Maritime Court is a specialized court which jurisdiction would be exclusive of any other court within China. However, the Maritime Court would not be exclusive of any other foreign jurisdiction.

6. If a cargo is improperly declared by a shipper to a carrier and loaded in the port of Ningbo, the Ningbo Maritime Court would be competent over a dispute arising out of the improper declaration.

7. Under Chinese maritime law, a carrier is time barred if he does not commence an action within one year of delivery of the goods or of the date when they should have been delivered.

8. Under Chinese law, the parties cannot consent to waive a time bar which is a procedural matter of public order, not subject to any bargain or change by the parties.

9. A Maritime Court would not accept the filing of a lawsuit if the same lawsuit with the same parties were filed in a foreign forum.

10. Under Chinese maritime law, an action seeking damages based on the improper declaration of a cargo would be an action in contract of goods by sea against the shipper, to the exclusion of any additional causes of action in civil law, including tort.

11. Chinese courts might not have jurisdiction over defendant Belco Resources, Inc., an entity located in the United States, given the presence of a choice of forum clause in

Zim's bill of lading with Belco and the deference generally granted by Chinese courts to such clauses.

12. Chinese courts may not be an adequate forum to try an action where (a) the damages occurred outside of China, (b) all the evidence, documents and witnesses concerning the damages are not located in China, or could not be viewed in China for inspection (such as containers) and/or (c) most of the evidence and witnesses are not drafted in Chinese or do not speak Chinese.

13. Chinese Law does not recognize commercial actions which purpose is to declare the rights and other legal relations of any interest party seeking such declaration. Chinese Law recognizes only commercial actions where the recovery of damages, monetary or non monetary, is sought.

14. Chinese courts would not allow Zim, a foreign based entity, to entertain an action against the owners of cargo residing outside of China which suffered damages as a result of the fire aboard the Zim Haifa, for the sole purpose of declaring that Zim is not liable for such damages.

15. Chinese courts have no interest in seeing that its courts take jurisdictions of and apply Chinese law to the adjudication of disputes between Zim and cargoes interests located in the United States which suffered damages as a result of the fire aboard a Liberian vessel in the High Seas.

16. Chinese Law does not recognize the right of one party to join a third party into a lawsuit because that third party would be liable to an original defendant.

17. Chinese Courts do not have the power to compel or subpoena unwilling witnesses residing outside of China.



18. The time allocated by Chinese Courts under the Chinese rules of civil procedure to produce evidence is the same for residents or citizens of China and residents or citizens residing outside of China.

19. Although considerable efforts have been made to revamp the rules of civil procedure, there are no specific rules provided under the Chinese Rules of Civil Procedure giving special considerations to aliens and allowing more time to an alien party to defend himself before a Chinese Court. An alien may only apply for an extension of time which may be granted discretionarily by the Court.

20. When trying simple civil cases in which the facts are evident, relationship of rights and obligations is definite, and disputes are minor, a Chinese Court may apply a summary procedure. The Chinese Court shall then close the matter within three months from the date of the filing of the case.

21. Pleadings requirements are a matter of procedural law, not of substantive law, under Chinese law.

22. Under Chinese rules of civil procedure, all the evidence must be translated in Chinese in order to be admitted and non-Chinese speakers must be assisted by Chinese interpreters to speak or otherwise testify before a Chinese Court. Translation may be provided at the request of the parties concerned, and the expenses shall be borne by them.

23. Under Chinese Civil law, Chinese judicial authorities would cooperate with a United States District Court through the issuance of a letter rogatory seeking the judicial assistance of Chinese authorities sent to the Chinese Ministry of Foreign Affairs through appropriate diplomatic channels.

24. Under Chinese rules of civil procedure, the lack of any allegation of the transshipment of a litigious cargo from one vessel to another would not defeat the requirement of causation between a wrongful act and damages for claims of negligent misrepresentation, fraud or even strict liability if proof of such transshipment is later established at the time of trial.

25. In China, cases are heard by a judge or a panel of judges, whose rulings are often reviewed by supervisors or, in major cases, by trial committees of court officials.

26. Under Chine Law, the party who provides a cargo free on board (F.O.B.) to an ocean carrier is in the same legal position vis-à-vis the ocean carrier as the shipper of record named on the face of the bill of lading (in this action Belco), and is bound by the same terms and condition of the bill of lading as is the shipper of record.

27. Under Chinese law, Sinochem would be considered as a shipper and bound by Zim's bill of lading no. ZIMUNGB670904 if proof of the existence of an agent relationship or agent agreement between Sinochem and Huabin is established. 

28. Chinese Tariff Schedule HS Code 28281000 is a Customs regulation relative to Value Added Tax rate and import tax rate of Hypochlorite Salt. This Customs regulation says nothing about the obligations of a shipper to declare dangerous or hazardous substances.

29. Under Article 68 of Maritime Code of China, the shipper (defined as the person who delivers the goods to an ocean carrier) shall notify the exact name and nature of dangerous or hazardous substances to the ocean carrier.

30. China is signatory of the Convention on International Maritime Dangerous Goods Code ("IMDG") which is incorporated into Chinese law.

31. If a shipper declares Calcium Hypochlorite to an ocean carrier as Calcium Chloride or as Hypochlorite Salt, it would violate Article 68 of Maritime Code of China.

32. Under article 43 of General Principles of the Civil Law of China, an enterprise, as a legal entity, shall be liable on a civil ground for the operational activities of its legal representatives and other personnel. In other words, a company is liable for the tortious act and/or negligence of its employee, regardless of whether the employee is authorized or not by the company.

33. Under article 63 of General Principles of the Civil Law of China, an agent shall perform civil acts in the principal's name within the scope of the power of agency. The principal shall bear civil liability for the agent's acts of agency.

34. Under article 67 of General Principles of the Civil Law of China, a principal and his agent shall be held jointly liable if either (1) the agent is aware of the illegality of instructions or orders received from his principal but carry such orders or instructions in spite of such awareness, or (2) the principal is aware of the illegality of his agent's acts but fails to object to them.

35. Under Article 15 of the IECI law, enumerated commodities such as dangerous goods shall be inspected by government agents of the Import and Export Commodity Inspection who determine whether the subject goods are authorized for shipment.

36. A shipper or its agent would violate Article 15 of the Import and Export Commodity Inspection law of China (IECI) if it were to declare Calcium Hypochlorite as Calcium Chloride.

37. Chinese Law does not recognize claims for strict liability for failure to warn and strict liability for negligent failure to warn.

38. Chinese Law does not offer any remedy for Zim's claim for strict product liability. Under Chinese Law, strict product liability may be established upon a showing of three

elements: (a) the existence of defect of the product in distribution, (b) the defective product caused damage to people or property; and (c) causation between the defect and the damage. However, misdeclaring the hazardous nature of a cargo would not be considered as the existence of defect of the product in distribution giving rise to a claim under Chinese Law.

39. The absence in a complaint of any allegation of transshipment of a litigious cargo from one vessel to another would not defeat any issue of causation for claims of negligent misrepresentation, fraud or strict product liability under Chinese Law if proof of transshipment is later established at the time of trial.

40. Under Chinese law, a party cannot claim private damages not awarded in order to compensate the plaintiff, but in order to punish the defendant for a willful or malicious conduct, or to deter the defendant from pursuing a reckless course of action.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on January 10, 2008
Shanghai, China

*Yulin Qian*
―――――――――――――――
Yulin QIAN