UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
ZIM INTEGRATED SHIPPING SERVICES, LTD.,

                    Plaintiff,          Case No. 07-civ-5861 (RMB)

- against -

BELCO RESOURCES, INC., SINOCHEM
JIANGSU CORPORATION (FORMERLY KNOWN
AS SINOCHEM JIANGSU IMPORT &
EXPORT CORPORATION), NANJING HUABIN
FOREIGN TRADE & ECONOMICS CO., LTD.,
DRAGONTRANS SHIPPING LTD. d/b/a
HUABANG INTERNATIONAL, INC.,
SINOTRANS NINGBO INTERNATIONAL
FORWARDING AGENCY CO., LTD.,
JOHN DOE 1-10,

                    Defendants.
-----------------------------------------------------------X

**DECLARATION BY THOMAS E. WILLOUGHBY IN SUPPORT OF PLAINTIFF'S OPPOSITION TO THE JOINT MOTIONS TO DISMISS THE SECOND VERIFIED AMENDED COMPLAINT AND TO VACATE THE RULE B ATTACHMENT OF DEFENDANTS SINOCHEM JIANGSU CORPORATION, NANJING HUABIN FOREIGN TRADE & ECONOMICS CO., LTD. AND BELCO RESOURCES, INC.**

I, THOMAS E. WILLOUGHBY, declare as follows:

1. I am a member of the law firm of Hill Rivkins & Hayden, LLP, attorneys for the underwriters American International Group, Inc. ("AIG") and Falcon Insurance Company (Hong Kong), Ltd. ("FALCON") in the related action for declaratory judgment commenced by Plaintiffs Zim Integrated Shipping Services, Ltd. ("Zim"), Koron Maritime, Inc., and Seth Shipping, Ltd. before this Court and docketed 07-cv-6500 (RMB) (hereinafter referred to as the "Zim Haifa 2 Action"). I am a member in good standing of the Bar of the State of New York and of this Court.

2. I make this declaration in support of Plaintiff Zim Integrated Shipping Services, Ltd.'s ("Zim") opposition to the joint motions of the Defendants Sinochem Jiangsu Corporation, Nanjing Huabin Foreign Trade & Economics Co., Ltd. and Belco Resources, Inc. to dismiss the

second verified complaint and to vacate the Rule B attachment in the above captioned matter docketed 07-civ-5861 (RMB) (hereinafter referred to as the "Zim Haifa 1 Action").

3. The facts described herein are those that are by their nature part of the public record and freely accessible, or are within my personal knowledge as attorney for AIG and FALCON.

4. AIG is an insurance company located in Manhattan and licensed to underwrite insurance policies in the State of New York.

5. AIG is subrogated to the damage claims made by the following defendants in the Zim Haifa 2 Action:

    a. CARIBBEAN RETAIL VENTURES INC., an entity located in Puerto Rico and which had title to a cargo stowed in hold no. 5 of the M/V ZIM HAIFA under bill of lading no. ZIMUNGB731060 at the time of the fire;

    b. AMERICAN ROLAND FOOD CORP., an entity located at 71 West 23rd Street, New York, NY 10010 and which had title over a cargo stowed in hold no. 5 of the M/V ZIM HAIFA under bill of lading no. ZIMUSKU8038847 at the time of the fire;

    c. ELECTROLUX HOME PRODUCTS, an entity located at 300 Hunter Lane Middletown, PA 17057 and which had title to a cargo stowed in hold no. 5 of the M/V ZIM HAIFA under bills of lading nos. ZIMUBJO106358 and ZIMUBJO106359 at the time of the fire;

    d. ELECTROLUX MAJOR APPLIANCES, an entity located at 300 Hunter Lane Middletown, PA 17057 and which had title to a cargo stowed in hold no. 5 of the M/V ZIM HAIFA under bills of lading nos. ZIMUBJO106360,

ZIMUZHU107078, ZIMUZHU107079 and ZIMUZHU107080 at the time of the fire;

6. FALCON is an insurance company located at 36-F The Lee Gardens, 33-Hysan Avenue, Causeway Bay, Hong-Kong.

7. FALCON is subrogated to the damage claim made in the Haifa 2 Action by defendant TAXTRAN LIMITED, an entity located in Hong-Kong and which had title to a cargo stowed in hold no. 5 of the M/V ZIM HAIFA under bill of lading no. ZIMUNGB778818 at the time of the fire.

8. All of the subrogated defendants but one are located in the United States, or in a U.S. territory under the jurisdiction of the Federal Courts.

9. The cargo carried under eight bills of lading out of nine were either imported into the United States or a U.S. territory, or were shipped through a U.S. shipper.

10. I am in contact with several other claimants in the United States who have had cargoes that may have been damaged or destroyed as a consequence of the fire and explosion aboard the vessel, and my firm may be retained to represent their interests in the actions presently before this Court.

11. Zim's bill of lading specifically provides for the adjudication of any claims arising out of Zim's bill of lading to be <u>exclusively</u> submitted before the District Court for the Southern District of New York for a cargo which originated in or is destined for the United States of America.

12. I understand that the containers shipped for consignees CARRIBEAN RETAIL VENTURES, INC., ELECTROLUX HOME PRODUCTS and ELECTROLUX MAJOR APPLIANCES were destined for the United States, port of New York.

13.   AIG and FALCON also consent to the jurisdiction of the Southern District for the Southern District of New York in the Zim Haifa 2 Action on any other bills of lading covering cargo not shipped to or from the United States of America.

14.   AIG and FALCON strongly oppose the joint motions filed by Defendants Sinochem Jiangsu Corporation and its agents challenging the jurisdiction of the District Court for the Southern District of New York (07-civ-5861) on the ground of *forum non conveniens*.

15.   Damage surveys have taken place in the United States to assess the damages of the insured cargoes.

16.   Surveyors who were hired to conduct the damage surveys reside in the United States.

17.   All the evidence documenting damage to containers and their contents is located in the United States.

18.   The Zim Haifa 1 Action (docketed 07-civ-5861) and Zim Haifa 2 Action (07-civ-6500) are deeply interconnected because they arise out of the same transaction or occurrence (the fire which broke out aboard the Zim Haifa), will involve the same discovery process and same questions of law (liability) or fact (damages, causation) common to all the parties in both actions.

19.   The Zim Haifa 2 Action allows the underwriters that I am representing to cross claim against Sinochem Jiangsu Corporation and its agents and sub-agents, all Defendants of the Zim Haifa 1 Action, for their alleged responsibility for causing damage to the insured defendants.

20.   The damages suffered by AIG and FALCON represent an amount exceeding $200,000.00.

21.   AIG and FALCON would also like to point out that if the case against Defendants Sinochem Jiangsu Corporation and its agents or sub-agents (the Zim Haifa 1 Action) is

transferred to China, this Court will have to adjudicate nonetheless the issues of liability of Defendants Sinochem Jiangsu Corporation and its agents or subagents as a result of AIG and FALCON's involvement against these parties in the Zim Haifa 2 Action.

22.     It would be an efficient administration of justice to entertain both actions, Zim Haifa 1 and Zim Haifa 2, in the District Court for the Southern District of New York.

23.     This Court has already recognized that both actions, Zim Haifa 1 and Zim Haifa 2 are germane.

I declare under penalty of perjury that the foregoing is true and correct.

Executed:     January 4, 2008
              New York, NY

                                                    _____
                                                    THOMAS E. WILLOUGHBY, ESQ.