UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
ZIM INTEGRATED SHIPPING SERVICES, LTD.,

                      Plaintiff,

                  – v. –

07 CIV 5861 (RMB)

**(Electronically Filed)**

BELCO RESOURCES, INC., SINOCHEM JIANGSU
CORPORATION (FORMERLY KNOWN AS SINOCHEM
JIANGSU IMPORT & EXPORT CORPORATION), NANJING
HUABIN FOREIGN TRADE & ECONOMICS CO., LTD.,
DRAGONTRANS SHIPPING LTD., d/b/a HUABANG
INTERNATIONAL, INC., SINOTRANS NINGBO
INTERNATIONAL FORWARDING AGENCY CO., LTD.,
JOHN DOE 1-10,

                      Defendants.
-------------------------------------------------------------------x

**REPLY DECLARATION OF CHEN HUANZHONG IN FURTHER SUPPORT OF DEFENDANTS' JOINT MOTION TO DISMISS WITH PREJUDICE THE <u>SECOND AMENDED COMPLAINT AND TO VACATE THE RULE B ATTACHMENT</u>**

      I, **CHEN HUANZHONG**, make the following declaration under penalties of perjury under the laws of the United States of America:

      1.     I am a partner in the Beijing, China, office of the firm Global Law Office, which has represented and continues to represent Defendant Sinochem Jiangsu Corporation ("Sinochem Jiangsu") in various legal matters in China.

      2.     I am over the age of 18, fluent in English, and am fully competent to make this Declaration.

- 2 -

3.    I have been a member of the Bar of China since 1996, and am authorized to practice before the civil and commercial courts of China. I am also admitted to the Bar of the State of Utah.

4.    The plaintiff, Zim Integrated Shipping Services, Ltd. ("Zim" or "Plaintiff"), has submitted papers in opposition to Defendants' Joint Motion to Dismiss that are misleading and inaccurate. In this Reply Declaration, I point out and respond to some of the more important errors and misleading statements in Zim's papers. I make this Reply Declaration based upon my capacity as a China law expert, my own knowledge, and that of my firm by virtue of our work on behalf of Sinochem Jiangsu.

A.    **A CASE CONCERNING THE SAME DISPUTE AND INVOLVING SEVERAL OF THE NAMED DEFENDANTS INTHE PRESENT CASE IS CURRENTLY BEINGLITIGATED AT THE NINGBO MARITIME COURT IN CHINA**

5.    Sinotrans Ningbo International Forwarding Agency Co., Ltd. ("Sinotrans") has commenced a litigation against Dragontrans Shipping Ltd. d/b/a Huabang International, Inc. ("Huabang"), claiming damages suffered in the same accident and the consequential legal proceedings and Rule B actions launched by Zim. The case was registered and heard by the Ningbo Maritime Court on January 10, 2008. Both of the two parties are defendants named in the current case before this Court.

6.    Furthermore, Huabang has cross-claimed and moved to join Nanjing Huabin Foreign Trade & Economics Co., Ltd. ("Huabin"), which is another defendant in the present case before this Court, into the litigation. I have duly obtained and attached as Exhibit A hereto the Ningbo Maritime Court Registration Notice for this case. I am prepared to obtain an English translation of this document at the Court's request.

- 3 -

### SINOCHEM JIANGSU IS SEPARATE FROM THE NON-CHINESE SINOCHEM" COMPANIES

7. Sinochem Jiangsu is organized under the laws of China and has its principal place of business in Nanjing, China. To support its legal identity, I have attached hereto as Exhibits B, C, and D, respectively, copies of Sinochem Jiangsu's Business License, Organization Code Certificate, and Tax Registration Certificate. I am prepared to obtain English translations of these documents at the Court's request.

8. Sinochem (U.S.A.), Inc., Sinochem American Holdings, Inc., and Sinochem America Asset Management Limited—none of which are parties to the present case—are not Chinese companies. They have no direct corporate connection to Sinochem Jiangsu.

9. Sinochem Corporation—which is not a party to the present case—is organized under the laws of China and maintains its headquarters and has its principal place of business in Beijing.

10. Sinochem Jiangsu maintains its own bank accounts and has its own assets, management, and corporate legal rights as an entity that is separate and distinct from Sinochem Corporation.

11. Sinochem Jiangsu has rigorously honored, and honors, corporate formalities at all times. It has been a reputable international trading company for half a century.

### C. REBUTTALS TO THE CHINESE LAW OPINIONS SUBMITTED BY MR. QIAN IN SUPPORT OF PLAINTIFF'S OPPOSITION

12. For the Declaration by Yulin Qian in Support of Plaintiff's Opposition to the Joint Motions dated January 10, 2008, I submit the following rebuttal opinions supported by citations to the original Chinese laws.

- 4 -

13.     Paragraphs 7 and 8 of Mr. Qian's Declaration, regarding the one-year statute of limitations for maritime claims under Chinese law, are moot. Both as a matter of fact, and as a matter of law, the current litigation brought by Zim in this Court and the litigation commenced by Sinotrans at the Ningbo Maritime Court, have stopped the clock on the limitations period, under Article 267 of the Maritime Code of the People's Republic of China:

> <u>The limitation of time shall be discontinued as a result of bringing an action</u> or submitting the case for arbitration by the claimant or the admission to fulfill obligations by the person against whom the claim was brought up. However, the limitation of time shall not be discontinued if the claimant withdraws his action or his submission for arbitration, or his action has been rejected by a decision of the court.
>
> Where the claimant makes a claim for the arrest of a ship, the limitation of time shall be discontinued from the day on which the claim is made.

14.     Paragraph 9 of Mr. Qian's Declaration is a grave misstatement of both Chinese law and Chinese court practice:

> A.     *Civil Procedure Law of the People's Republic of China, Article 243:*
>
> In the case of an action concerning a contract dispute or other disputes over property rights and interests, brought against a defendant who has no domicile within the territory of the People's Republic of China, if the contract is signed or performed within the territory of the People's Republic of China, or if the object of the action is located within the territory of the People's Republic of China, or if the defendant has detainable property within the territory of the People's Republic of China, or if the defendant has its representative office within the territory of the People's Republic of China, the People's Court of the place where the contract is signed or performed, or where the object of

- 5 -

*the action is, or where the defendant's detainable property is located, or where the torts are done, or where the defendant's representative office is located, shall have jurisdiction.*

B.  *Article 10 of the Guidance of the Second National Maritime Court Trial Convention of the Supreme Court of China*

*For a foreign-related dispute that both the Chinese court and a foreign court are entitled to jurisdiction, if one party commences litigation at the Chinese court after it had suited the same case at a foreign court which had heard the case, or the opposing party files the same case at the Chinese court, the Chinese court shall exert jurisdiction regardless of whether the foreign court had heard the case. The Chinese court shall have discretion to hear the case, considering all the circumstances and elements.*

Therefore, Defendant Belco can be sued in China.

15. Paragraph 12 of Mr. Qian's Declaration is an incorrect description of both the facts of this case and the law of China. Squarely opposite to statements (a) and (b) by Mr. Qian, both the disputed goods and the declaration of such goods were connected to or occurred in China. Furthermore, substantially all the witnesses, evidence, transaction records, and related parties reside in China, evidenced by the fact that four out of five defendants in this case are Chinese companies. Given this fact, a competent Chinese court could hear the case much easier and conveniently than a court in the United States or anywhere else.

16. Paragraph 13 of Mr. Qian's Declaration is an outdated description of Chinese law and Chinese courts. Declaratory judgments and injunctions are becoming common instruments of Chinese courts, expanding from the areas of IP disputes and bankruptcy cases to most commercial litigation.

- 6 -

17. Paragraph 14 of Mr. Qian's Declaration contradicts the black letter law of the Maritime Code Law of the People's Republic of China:

> *Article 51: The carrier shall not be liable for the loss of or damage to the goods occurred during the period of carrier's responsibility arising or resulting from any of the following causes:*
>
> *(1) Fault of the Master, crew members, pilot or servant of the carrier in the navigation or management of the ship;*
>
> *(2) Fire, unless caused by the actual fault of the carrier;*
>
> *(3) Force majeure and perils, dangers and accidents of the sea or other navigable waters;*
>
> *(4) War or armed conflict;*
>
> *(5) Act of the government or competent authorities, quarantine restrictions or seizure under legal process;*
>
> *(6) Strikes, stoppages or restraint of labour;*
>
> *(7) Saving or attempting to save life or property at sea;*
>
> *(8) Act of the shipper, owner of the goods or their agents;*
>
> *(9) Nature or inherent vice of the goods;*
>
> *(10) Inadequacy of packing or insufficiency of illegibility of marks;*
>
> *(11) Latent defect of the ship not discoverable by due diligence;*
>
> *(12) Any other causes arising without the fault of the carrier or his servant or agent.*

Therefore and under Chinese law, Plaintiff Zim could be directly immunized from liabilities to other cargo owners, if it is a carrier of no fault.

18. Paragraph 16 of Mr. Qian's Declaration is an incorrect statement of Chinese court practice. Further, it contradicts the Civil Procedure Law of the People's Republic of China, which provides that:

- 7 -

> *Article 119: When a party who must appear in a joint litigation but fails to do so, the People's Court shall notify him to participate into the proceeding.*

It is further contrary to Article 57 of the Supreme Court Interpretation of the Civil Procedure Law of the People's Republic of China:

> *Article 57: when a mandatory joint party fails to participate into the litigation, the People's Court shall notify it to join into the proceeding according to the Article 119 of the Civil Procedure Law. Other parties can also apply with the court to join the third parties.*

19.     Paragraphs 18 and 19 of Mr. Qian's Declaration are wrong. The Civil Procedure Law of the People's Republic of China stipulates:

> *Article 250: The time period for handling a civil case involving foreign elements by the People's Court shall not be limited by the provisions of Article 135 and 159 of this Law.*

There is no trial time-limit in cases involving foreign elements. Thus, in practice, Chinese courts always grant a longer time (commonly double the amount of time for domestic parties) to foreign parties for producing evidence.

20.     Paragraph 23 of Mr. Qian's Declaration, which talks about the judicial assistance to U.S. courts by a Chinese court, is a severe misreading of both Chinese law and Chinese government/court practice. Article 319 of the Supreme People's Court Interpretation of the Civil Procedure Law states:

> *Chinese courts shall reject to provide judicial assistance requested by foreign courts from countries which do not sign judicial assistance agreements or have no mutual-beneficial relationship with China.*

- 8 -

21. Paragraphs 32 and 33 of Mr. Qian's Declaration are over-simplified and prejudiced statements of Chinese agency laws. To my knowledge and experience, both Chinese law and Chinese courts adopt very similar tests of agency relationships and the various liabilities resulting therefrom.

D. **IN SUMMARY OF THE MAJOR POINTS OF CHINESE LAW CONCERNING THE CURRENT CASE**

22. **There Are No Statute of Limitations Issues for Zim's Case in the Chinese Courts.** Zim has argued that if this case is transferred to China then its claims will be subject to a restrained statute of limitations under Chinese law. This is incorrect and moot. As a matter of Chinese law, any statute of limitations that Zim would face in connection with its claims has been tolled by the inception of Sinotrans' litigation against Huabang in the Ningbo court, as well as by Zim's initiation of the present action before this Court.

23. **The Chinese Courts Could Assert Jurisdiction Over All of the Parties.** Zim has also argued, through the declaration of Attorney Qian, that "Chinese courts might not have jurisdiction over defendant Belco Resources, Inc., an entity located in the United States ...." Qian Decl. ¶ 11. As set forth in my original declaration in support of Defendants' Joint Motion to Dismiss, however, "[t]he courts of China have jurisdiction over maritime claims, torts, and contractual breaches that occur in or arise out of conduct occurring in China" and "[u]nder Chinese law, Chinese courts would have personal jurisdiction over all of the defendants in this case, including Belco Resources, Inc., in connection with Zim's claims in this action." This conclusion of law is further supported by the cited China Civil Procedure Laws in previous paragraghs of this Reply Declaration.

- 9 -

24.     **The Chinese Courts Could Assert Jurisdiction Over the Cargo Interests.** Under Chinese law, all of the entities that owned cargo aboard the ship during the alleged incident—no matter whether they are Chinese or not—can join or be joined into the pending litigation in China.

25.     Under China Civil Procedure Law Article 243, and Special Maritime Procedural Law of the People's Republic of China Article 6, a Chinese court can exercise jurisdiction over defendants who enter into contracts or commit tortious acts in China. Thus if Zim's allegations were true, it could bring an action in China against all of the defendants, including Belco.

I declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on February 22, 2008
In Beijing, China.

CHEN HUANZHONG

EXHIBIT A

# 宁波海事法院

# 受理案件及缴款通知书

(2008)甬海法商初字第5号

宁波外运国际货运代理有限公司：

你司诉宁波非邦船务有限公司海上货运代理合同货损追偿纠纷一案的起诉状已收到，经审查，起诉符合法定受理条件，本院决定立案审理，并将有关事项通知如下：

一、在诉讼进程中，当事人必须依法行使诉讼权利，有权行使民事诉讼法第五十条、第五十一条、第五十二条等规定的诉讼权利，同时也必须遵守诉讼秩序，履行诉讼义务。

二、应在　年　月　日前向本院递交法定代表人身份证明书。如需委托代理人代为诉讼，还须递交由法定代表人签名并加盖单位公章的授权委托书，授权委托书须记明委托事项和权限。

三、本案诉讼标的为 1,654,394.31 元，应缴纳诉讼费 24,690.00 元：（其中案件受理费 19690 元，保全申请费 5000 元，其他诉讼费无。收费项目编码：0030101）。你单位（个人）应在接到本通知后七日内，到下列指定的收款银行或其代收网点缴款。

四、当事人凭第三条规定的标的和金额详细填制《浙江省行政事业性收费专用缴款书》副农业银行办理缴款手续。缴款后，应凭加盖银行业务用章的《浙江省行政事业性收费专用缴款书》(副联)到本院换取人民法院诉讼费用专用票据（预收）。

五、其他：
1. 在预交期内不预交又不申请缓交的，按自动撤诉处理。
2. 收款单位：浙江省省级财政专户结算分户
   开户银行及账号：39102001040002425
   收款银行：中国农业银行宁波市江北受件路
   地　址：宁波市中兴路801号　电话：0574-87846780

说明：本通知书一式二联，①缴款人联，②附卷联（注意事项见背面）

**EXHIBIT B**



企业法人营业执照（副本）

成立日期：1994年2月15日
编号：3200002005 ... 0058
注册号：320001100945

发照机关：江苏省工商行政管理局

2004年度A级年检已通过

二零零五年五月二十日

企业名称　中化江苏公司
住所　南京市中山南路49号南茂世纪大厦27层、28层
法定代表人　顾林敏
注册资金　5900万元人民币
经济性质　国有企业
经营方式
经营范围主营：自营和代理各类商品及技术的进出口业务，但国家限定公司经营或禁止进出口的商品除外。兼营：补偿贸易，国内贸易（国家有专项规定的办理审批手续后经营）。

**EXHIBIT C**



# 中华人民共和国组织机构代码证

代　码：１３４７６２３７－７

机构名称：中化江苏进出口公司

机构类型：企业法人

地　址：江苏省南京市白下区中山南路49号南茂世纪广场27层、28层

有效期：自2004年06月29日至2008年06月28日

颁发单位：江苏省质量技术监督局

登记号：组代管320000-020747



说　明

1. 中华人民共和国组织机构代码是组织机构在中华人民共和国境内唯一的、始终不变的法定代码标识。《中华人民共和国组织机构代码证》是组织机构法定代码标识的凭证，分正本和副本。
2. 《中华人民共和国组织机构代码证》不得出租、出借、冒用、转让、伪造、变造、非法买卖。
3. 《中华人民共和国组织机构代码证》登记项目发生变化时，应向发证机关申请变更登记。
4. 各组织机构应当接受有关规定，接受发证机关的年度检验。
5. 组织机构依法注销、撤销时，应向原发证机关办理注销登记，并交回全部代码证。

中华人民共和国国家质量监督检验检疫总局

年检记录

| 年 月 日 | 年 月 日 | 年 月 日 |
|---|---|---|
| 年 月 日 | 年 月 日 | 年 月 日 |

NO.2004 0155110

**EXHIBIT D**

# 税务登记证

苏国税 宁字320103134762377 号

纳税人名称：中化江苏公司

法定代表人(负责人)：顾林敏

地　　　址：白下区中山南路49号南茂世纪广场27层、28层

登记注册类型：国有企业

经营范围：石油、化工产品、农药、橡胶制品进出口贸易及转口贸易、内销贸易

批准设立机关：省工商局

扣缴义务：依法确定

发证税务机关：南京市地方税务局

2006 年 9 月 11 日

国家税务总局监制