UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ZIM INTEGRATED SHIPPING SERVICES, LTD.,

Plaintiff,

– v. –

BELCO RESOURCES, INC., SINOCHEM JIANGSU CORPORATION (FORMERLY KNOWN AS SINOCHEM JIANGSU IMPORT & EXPORT CORPORATION), NANJING HUABIN FOREIGN TRADE & ECONOMICS CO., LTD., DRAGONTRANS SHIPPING LTD. d/b/a HUABANG INTERNATIONAL, INC., SINOTRANS NINGBO INTERNATIONAL FORWARDING AGENCY CO., LTD., JOHN DOE 1-10,

Defendants.

07 CIV 5861 (RMB)

**(Electronically Filed)**

---

**JOINT REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS' JOINT MOTION TO DISMISS WITH PREJUDICE THE SECOND AMENDED COMPLAINT AND TO VACATE THE RULE B ATTACHMENT**

### TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ............................................................................... ii

PRELIMINARY STATEMENT ........................................................................... 1

I.    Zim's Complaint Cannot Be Corrected Via Declaration ............................. 1

II.   Zim's Complaint Fails to Allege Wrongdoing by Defendants ..................... 2

III.  Zim's Claims Also Fail Under Chinese Law ............................................. 4

IV.   Zim's COGSA Claims Fail ...................................................................... 5

V.    China Is an Adequate, Alternative Forum ................................................. 6

VI.   The Rule B Attachment of Belco's Funds Must Be Vacated ...................... 9

CONCLUSION............................................................................................... 10

# T<small>ABLE OF</small> A<small>UTHORITIES</small>

Page

**Cases**

*Aniero Concrete Co. v. New York City Constr. Auth.,*
  No. 94-9111, 1997 U.S. Dist. LEXIS 22 (S.D.N.Y. Jan. 3, 1997)........................ 3

*Bigio v. Coca-Cola Co.,*
  448 F.3d 176 (2d Cir. 2006) ............................................................... 7

*Cal. Distr. Inc. v. Cadbury Schweppes Americas Beverages, Inc.,*
  No. 06-496, 2007 WL 54534 (S.D.N.Y. Jan. 5, 2007) .................................... 1, 6

*Carbotrade v. Bureau Veritas,*
  99 F.3d 86 (2d Cir. 1996)................................................................ 4, 5

*Century Pac., Inc. v. Hilton Hotels Corp.,*
  No. 03 CV 8258 (KMK), 2007 WL 3036172 (S.D.N.Y. Oct. 17, 2007)........................ 9

*Compania Sudamericana de Vapores, S.A. v. Sinochem Tianjin Co.,*
  No. 06 Civ. 13765 (WHP), 2007 WL 1002265 (S.D.N.Y. Apr. 4, 2007) ..................... 9

*Contship Containerlines, Ltd. v. PPG Indus., Inc.,*
  442 F.3d 74 (2d Cir. 2006)............................................................... 2

*In re Crude Oil Commodity Litig.,*
  No. 06-667 (NRB), 2007 WL 1946553 (S.D.N.Y. June 28, 2007) ........................... 3

*Druyan v. Jagger,*
  508 F. Supp. 2d 228 (S.D.N.Y. 2007)..................................................... 3

*GJR Invs., Inc. v. County of Escambia, Fla.,*
  132 F.3d 1359 (11th Cir. 1998)......................................................... 3-4

*Gonzalez v. City of New York,*
  354 F. Supp. 2d 327 (S.D.N.Y. 2005)..................................................... 9

*Iragorri v. United Techs. Corp.,*
  274 F.3d 65 (2d Cir. 2001).............................................................. 7

*LaSala v. UBS, AG,*
  510 F. Supp. 2d 213 (S.D.N.Y. 2007)..................................................... 8

*In re Livent, Inc. Noteholders Secs. Litig.*,
    151 F. Supp. 2d 371 (S.D.N.Y. 2001).................................................................. 1

*Mills v. Polar Molecular Corp.*,
    12 F.3d 1170 (2d Cir. 1994)........................................................................ 3

*Moore v. Guesno*,
    485 F. Supp. 2d 300 (W.D.N.Y. 2007) ........................................................ 3

*In re M/V Harmony*,
    394 F. Supp. 2d 649 (S.D.N.Y. 2005)......................................................... 2

*O'Brien v. Nat'l Prop. Analysts Partners*,
    719 F. Supp. 222 (S.D.N.Y. 1989).............................................................. 1

*OGI Oceangate Transp. Co. Ltd. v. RP Logistics PVT. Ltd.*,
    Slip Copy, No. 06-9441 (RWS), 2007 WL 1834711 (S.D.N.Y. 2007) ........... 9-10

*Phillips Petroleum v. Shutts*,
    472 U.S. 797 (1985) ................................................................................... 4

*Pollux Holding Ltd. v. Chase Manhattan Bank*,
    329 F.3d 64 (2d Cir. 2003)......................................................................... 7

*PT United Can Co. v. Crown Cork & Seal Co.*,
    138 F.3d 65 (2d Cir. 1998)......................................................................... 8

*R. Maganlal & Co. v. M.G. Chem. Co.*,
    942 F.2d 164 (2d Cir. 1991)....................................................................... 9

*Rationis Enters. v. Hyundai Mipo Dockyard Co.*,
    426 F.3d 580 (2d Cir. 2005)....................................................................... 4

*Sussman v. Bank of Israel*,
    801 F. Supp. 1068 (S.D.N.Y. 1992), *aff'd*, 990 F.2d 71 (2d Cir. 1993) ............... 8

*Universidad De Las Californias, S.C. v. Mayfair Advisors*, Ltd.,
    No. 06-05859 (RMB) (S.D.N.Y. April 11, 2007) ...................................... 1

*Zweig v. Nat'l Mort. Bank of Greece*,
    No. 91 Civ. 5482 (CSN), 1993 WL 227663 (S.D.N.Y. Jun. 21, 1993) ................ 8

**Rule**

Fed. R. Civ. P. 9(b)............................................................................................2-3

Defendants Sinochem Jiangsu Corporation ("Sinochem Jiangsu"), Nanjing Huabin Foreign Trade and Economics Co., Ltd. ("Huabin") and Belco Resources, Inc. ("Belco") (collectively, "Defendants") submit this Joint Reply Memorandum of Law in further support of their joint motion to dismiss Zim Integrated Shipping Services, Ltd.'s ("Zim" or "Plaintiff") Second Amended Complaint ("Complaint" or "Compl.") and vacate the Rule B attachment ("Attachment").[1]

## PRELIMINARY STATEMENT

Zim struggles mightily to correct, sidestep or obfuscate the central flaws of its Complaint, and fails. Zim's arguments are weak, its caselaw further undermines its position, and its improper attempt to correct the Complaint through factual declarations should be ignored. After three failed attempts to put forth a proper complaint – the final time under a warning from the Court at the pre-motion conference that its amendment would be with prejudice – Zim should not get any more chances. *Universidad De Las Californias, S.C. v. Mayfair Advisors, Ltd.*, No. 06-05859 (RMB), slip. op. at 6, 15 (S.D.N.Y. April 11, 2007) (dismissing claims for fraud and negligent misrepresentation with prejudice for failing to satisfy Rule 9(b) after opportunity to replead).[2]

## I.    Zim's Complaint Cannot Be Corrected Via Declaration

The allegations in the Complaint and the incorporated documents unquestionably destroy Zim's case. As predicted, Zim responded with a desperate and improper attempt to introduce new facts – six declarations worth – to explain away its problems. *See In re Livent, Inc. Noteholders Secs. Litig.*, 151 F. Supp. 2d 371, 432 (S.D.N.Y. 2001) (rejecting detailed recitation of fraud in opposition papers).[3]

---

[1] In accordance with the Court's order of October 18, 2007, and the Court's subsequent instructions of February 5, 2008, the Defendants have made every effort to integrate their arguments. However, as the Court also recognized in its February 5 instructions, the Defendants must be free to make their separate arguments. To that end, Belco does not join in the arguments set forth in Parts I through V, and Sinochem Jiangsu and Huabin do not join in the arguments set forth in Part VI.

[2] *See* Reply Declaration of Hillel I. Parness ("Parness Rep. Decl.") ¶ 3 & Ex. A.

[3] The cases cited previously by Defendants also support this holding. *See Cal. Distr. Inc. v. Cadbury Schweppes Americas Beverages, Inc.*, No. 06-496, 2007 WL 54534, at *6 (S.D.N.Y. Jan. 5, 2007) (rejecting attempt to add facts to support breach of implied contract in opposition papers); *O'Brien v. Nat'l Prop. Analysts Partners*, 719 F. Supp. 222, 229 (S.D.N.Y. 1989) (disregarding attempt to restate claims with additional particularity in opposition brief).

As explained in Defendants' moving papers, Zim was on notice, via the Certificate, that it was shipping Calcium Hypochlorite ("CHC"), the allegedly dangerous chemical it "never" ships. (Compl. ¶ 17.) Documents attached by Huabin to its moving declaration reinforce this conclusion.[4] Rather than denying that it was on notice, Zim tried changing the subject, arguing first through a newly-introduced declaration that the certificate in question did not bear the "proper" IMDG name for CHC, and second that the *Harmony* decision should be read to say that the Certificate was technically deficient to warn Zim of the risks of CHC. (Pl. Br. 5-6 (citing *In re M/V Harmony*, 394 F. Supp. 2d 649, 674-75 (S.D.N.Y. 2005)).) At no point, however, does Zim deny that the Certificate actually put it on notice that it was shipping CHC, which Zim emphatically pleads it knew to be dangerous. *See Contship Containerlines, Ltd. v. PPG Indus., Inc.*, 442 F.3d 74, 78 (2d Cir. 2006) (shipper not strictly liable when carrier knowingly stowed CHC incorrectly).

Likewise, Zim alleged in all three iterations of the Complaint – through incorporated documents – that it loaded and shipped the CHC aboard the Zim Savannah, not the Zim Haifa. (Compl., Exs. A & C.) Its new allegations of a mid-route "transshipment" should be ignored, and the Complaint should be dismissed. (Pl. Br. 4-5.) It is noteworthy that Zim only introduced unsupported declarations, and not a single document, to prop up its new "transshipment" allegations, which are nowhere in the Complaint. (Pl. Br. *passim.*) Moreover, in the declarations submitted in support of its opposition, Zim only included a single statement based on hearsay, to the effect that the fire might have been traced to the container in question! (Jones Decl. ¶ 36.)

**II.    Zim's Complaint Fails to Allege Wrongdoing by Defendants**

Zim's claims VII and VIII, for fraud and negligent misrepresentation respectively, do not meet the pleading standards established by Fed. R. Civ. P. 9(b). Zim's answer, that it needs only to plead fraud as to Sinotrans Ningbo to impute fraud to the Defendants (Pl. Br. 11; Compl. ¶ 28), is not the

---

[4] One of Zim's new declarations further reveals Zim's true state of mind, as one of Zim's declarants states that Zim never requests a safety Certificate except in connection with hazardous chemicals. (Duffy Decl. ¶ 27.)

law. *See In re Crude Oil Commodity Litig.*, No. 06-667 (NRB), 2007 WL 1946553, at *6 (S.D.N.Y. June 28, 2007) (inadequate to plead fraud under Rule 9(b) through unattributed representation of defendants even when statements were allegedly made by agents) (citing *Time Warner Inc. Secs. Litig. v. Ross,* 9 F.3d 259, 265 (2d Cir. 1993)). *See also Mills v. Polar Molecular Corp.*, 12 F.3d 1170, 1175 (2d Cir. 1994) (directors would not be responsible for fraudulent statements made by others unless they knew of or participated in the fraud). Moreover, Zim's confusing and contradictory timeline fails to satisfy the particularity requirement of Rule 9(b).[5] *See In re Crude Oil Commodity Litig.*, 2007 WL 1946553, at *6-7 (dismissing complaint for failure to specify dates on which key wrongful acts took place).

The one case Zim cited (Pl. Br. 11) also militates dismissal here. *See Aniero Concrete Co. v. New York City Constr. Auth.*, No. 94-9111, 1997 U.S. Dist. LEXIS 22, at *37, *40, *46 n.13, *51, *75 (S.D.N.Y. Jan. 3, 1997) (dismissing claims for fraudulent inducement, fraudulent concealment and negligent misrepresentation pursuant to Rule 9(b) for failure to allege acts by defendant regarding documents it was not alleged to have prepared).

The Complaint fails to meet the basic standards required to allege a cause of action against the Defendants. As set forth in Defendants' opening brief, Zim cannot simply allege that "one or more or all of the defendants" mislabeled the container if it wishes to survive a motion to dismiss. (Compl. ¶ 29.) *See Druyan v. Jagger*, 508 F. Supp. 2d 228, 236-37 (S.D.N.Y. 2007) (contract claim failed where allegation lumped multiple defendants without claiming contractual relationship with each defendant). The cases cited by Defendants are fully supportive of dismissal here, and Zim fails to distinguish them meaningfully. *See Moore v. Guesno*, 485 F. Supp. 2d 300, 309 (W.D.N.Y. 2007) (complaint dismissed – without reference to Rule 9(b) – for plaintiff's failure to connect series of unrelated acts of defendants); *see also GJR Invs., Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1368 (11th Cir 1998)

---

[5] For example, although Zim alleges that Belco placed an order with Sinochem Jiangsu in January 2007 (Compl. ¶ 23), the Certificate is dated July 17, 2006 – six months <u>before</u> the order was allegedly placed. (Compl., Ex. B.)

(complaint dismissed because generalized allegations made it impossible to determine which defendants allegedly committed violation).

## III.    Zim's Claims Also Fail Under Chinese Law

Responding to Defendants' argument that its claims IV-VI (strict products liability, strict liability for failure to warn, and negligent failure to warn) must be dismissed as a matter of Chinese law, Zim argued that applying Chinese jurisprudence is arbitrary and violative of the Due Process Clause of the Constitution. (Pl. Br. 13.) Its only source for this position, however, is the concurring opinion of Justice Stevens in *Phillips Petroleum v. Shutts*, 472 U.S. 797, 837 (1985), which Zim misreads. In *Phillips*, the majority declined to apply the substantive law of the forum despite the strong ties of some plaintiffs to the forum state, because the application of forum law would have constituted a denial of due process to the out-of-state defendants that had no connection whatsoever with the forum. *Id.* at 821-22.[6] Applying that logic to this case, as there is no connection between this case and New York, application of New York law would deny due process to the Defendants. As discussed *infra*, it is black-letter law that the absence of specific causes of action in an alternative forum does not implicate due process or otherwise make that forum inadequate, particularly because Zim's allegations against the defendants would give rise to cognizable claims, under Chinese law, a fact not denied by Zim, Chinese law is appropriate. *See, e.g., Rationis Enters. v. Hyundai Mipo Dockyard Co.*, 426 F.3d 580, 588 (2d Cir. 2005) (applying Korean statute of repose to bar claims).

As set forth in the moving papers, Chinese law should be favored in the choice of law analysis because China, the place of the allegedly wrongful acts, the most critical of the *Lauritzen* factors when conduct regulation is at issue, possesses the greatest interest in regulating the conduct. *Rationis*, 426 F.3d at 588 (place of wrongful act possesses greatest interest and responsibility in regulating the industry); *Carbotrade v. Bureau Veritas*, 99 F.3d 86, 91-92 (2d Cir. 1996) (place where defective classification certificate issued "weighed heavily" because it gave rise to the action). Chinese law

---

[6] Justice Stevens' concurrence similarly demonstrates that the application of forum law to the

4

should determine whether a Chinese entity misrepresented the nature of cargo at a Chinese port.
Furthermore, because four of the five defendants are based in China, and the fifth likewise has no
connection to New York, the domicile of the parties also weighs in favor of China.

Contrary to Zim's assertions (Pl. Br. 9), the "base of operations" factor similarly points to the
application of Chinese law, with four out of the five defendants based in China (Compl. ¶¶ 4-8), and
Zim heavily represented in China (*see* Parness Decl. ¶ 4). *See Carbotrade*, 99 F.3d at 91-92. Zim offers
nothing to rebut the obvious fact that it directed the export and transit of the goods in question from
one or more of its twenty-one China offices. *See id.* (giving weight to the location of the defendant's
office only because that office gave rise to the dispute).[7]

## IV.     Zim's COGSA Claims Fail

Having been shown that it expressly pled claims II and III, breach of warranty of particulars
and strict liability, under COGSA, Zim tries to reform the Complaint in its opposition by asserting that
it meant to plead these claims under Israeli law (in a manifest attempt to skirt the fact that the Hague-
Visby Rules are not self-executing). (Pl. Br. 15-17.) Zim then asserts that Israeli courts would interpret
the Hague-Visby Rules in the same scope and manner as a United States court applying COGSA, with
citations to United States decisions. (*Id.*) This approach is impermissible, inequitable and nonsensical.

First, Zim may not change one claim into another in its opposition papers. Its strict liability
claim is stated in bold as being "under COGSA," and its breach of warranty claim cites only the
COGSA statute. (Compl. ¶¶ 54, 58.) Allowing Zim to convert the cause of action at this stage would
subvert the motion to dismiss process and excuse Zim's failure to plead claims that place Defendants

---

defendants who lack contacts with the forum would be arbitrary and capricious.
[7] Weeks after putting in its opposition, Zim submitted the declaration of Robin Du of Chinese
defendant Dragontrans Huabang International, Inc. ("Huabang"), which has not appeared in this
matter, purporting to favor this forum over China. We now know that Huabang is facing a parallel
proceeding in China brought against it by Chinese defendant Sinotrans Ningbo International
Forwarding Agency Co., Ltd. ("Sinotrans"), which has also declined to appear here, and thus its
declaration could be part of an effort to escape liability in China. (*See* Reply Declaration of Chen
Huanzhong ("Chen Rep. Decl.") ¶ 5.) The suspect declaration of a defendant that has declined to
respond to the Complaint or appear should be given no weight.

on notice of the alleged wrongs. *Cal. Distrib. Inc.*, 2007 WL 54534, at *7 (dismissing breach of contract claim and rejecting plaintiff's attempt to recharacterize it as an implied contract claim in opposition to motion to dismiss).

Second, Zim's eleventh-hour resort to Israeli law is baffling. Zim long ago rejected its home forum when it chose to bring this action in this Court, and it does not cite to Israeli law for any other proposition.[8] Zim concedes that COGSA does not apply to this case (Pl. Br. 14), but it equally clear that it has not stated a claim under Israeli law, and the claims should be dismissed.

## V.    China Is an Adequate, Alternative Forum

Zim's opposition is replete with improper attempts to introduce new facts or manipulate already evident facts to survive the motion, and this pattern continues with regard to *forum non conveniens*. As set forth in the opening papers and touched upon above, China is an adequate, alternate forum, with the public and private interest factors overwhelmingly favoring dismissal.

Zim tries to minimize this position with its disingenuous argument that "only" two of five defendants have moved on *forum non conveniens* grounds, but this ignores the obvious fact that the other two Chinese defendants have not appeared, and that Belco has essentially remained silent on the issue.[9] Zim likewise misstates the facts when it argues that the non-party cargo interests are "overwhelmingly located in the U.S." (Pl. Br. 2.)[10] In fact, only two shippers (or less than 3%) appear to be based in the U.S. (and only one in New York) and only twenty consignees (or about 27%) appear to be based in the U.S. or Puerto Rico (and only two in New York). The majority of shippers (47, or

---

[8] It is doubtful that the newly-introduced Terms and Conditions have any application to Defendants' motion. First, the claim for breach of the Terms and Conditions is only asserted against one of the Defendants, Belco. (Compl. ¶¶ 40-52.) Second, Zim has asserted from the start that the cargo in question was bound for Belize (*Id.* ¶ 24), and that venue was properly in this Court in accordance with Section 24 of the Terms and Conditions (*Id.* ¶ 2), but these Terms and Conditions would not support that position.

[9] Zim's introduction of a declaration from defendant Huabang is suspect, as Huabang may be trying to avoid a parallel proceeding brought by defendant Sinotrans in China, with neither of those defendants appearing here. (*See* Chen Rep. Decl. ¶ 5.)

[10] Zim, no doubt, is referring to the universe of cargo interests who have <u>appeared</u>, which Defendants expect has a high correlation to the cargo interests Zim has served.

about 64%) are from China (with others located in Hong Kong, Indonesia, and Taiwan) and the bulk of

consignees (44, or about 60%) are from the Caribbean and Central and South America. (*See* Compl. in

Case No. 07 Civ. 6500, Ex. 1; Parness Rep. Decl. ¶ 4.) Moreover, in its complaint in the separate cargo

action, Zim acknowledged that "the containers of twenty-eight bills of lading out of ninety-one bills of

lading stowed in hold no. 5 were destined to the United States" and "[a]ll the other containers were

destined to Central America or South America." (Compl. in Case No. 07 Civ. 6500, ¶¶ 32-33.)

Although Zim acknowledges that its selection of this forum should be afforded little deference

in view of its nationality, it argues for "greater" deference by citing plainly inapposite cases. *See Bigio*

*v. Coca-Cola Co.*, 448 F.3d 176, 179 (2d Cir. 2006) (where Egyptian plaintiffs brought suit in New

York, Court of Appeals found district court to have given choice too little weight, where defendants

were based in the United States and plaintiffs' initial efforts to seek relief from Egyptian authorities

had failed); *Iragorri v. United Techs. Corp.*, 274 F.3d 65, 68 (2d Cir. 2001) (domestic case addressing

U.S. plaintiff's choice of Connecticut district court, when plaintiff actually resided in Florida). Zim's

argument concerning the Treaty of Friendship, Commerce and Navigation between the U.S. and Israel

should likewise be rejected because Zim has already rejected Israeli law for all other purposes.

Additionally, even if one were to assume that, under the treaty, Zim should be given access to U.S.

courts as if it was resident in the U.S.,

> case law does not support [the] assertion that such a treaty would require
> that their choice of forum be afforded the same deference afforded to a
> U.S. citizen bringing suit in his or her home forum. Such a proposition
> would impermissibly conflate[] citizenship and convenience, and
> assign[] an artificial weight to citizenship.

*Pollux Holding Ltd. v. Chase Manhattan Bank*, 329 F.3d 64, 73 (2d Cir. 2003) (denying Liberian

corporations that brought suit in the United States same degree of deference as would be given to

United States citizens, despite "freedom of access" treaty with Liberia).

Zim's arguments against a Chinese forum are self-defeating. Zim argues that the statute of

limitations is one year (Pl. Br. 20-21), which would leave Zim sufficient time to file a lawsuit.

7

Moreover, with a related suit already pending in China between defendants Sinotrans and Huabang, as well as the present suit, Zim could presumably join that suit if it wished, and its claims would not be time-barred as a matter of Chinese law. (Chen Rep. Decl. ¶¶ 13, 22.)[11] Likewise the speculation of Zim's Chinese law declarant that the Chinese courts "might not have jurisdiction" over Belco (Qian Decl. ¶ 11) fails to rebut the affirmative statements to the contrary introduced by Sinochem Jiangsu. (Chen Decl. ¶ 8; Chen Rep. Decl. ¶¶ 14, 23.)

None of the cases cited by Zim support its contention that China is an inadequate forum, and indeed each one supports the universally-accepted position that adequacy does not require that the alternative forum provide the same or even equivalent forms of relief. *See PT United Can Co. v. Crown Cork & Seal Co.*, 138 F.3d 65, 74 (2d Cir. 1998) (affirming dismissal in favor of Indonesia, observing that the "availability of an adequate alternate forum does not depend on the existence of the identical cause of action in the other forum"); *LaSala v. UBS, AG*, 510 F. Supp. 2d 213, 222-23 (S.D.N.Y. 2007) (dismissing complaint, finding Switzerland to be an adequate forum, and stating that "[t]he test does not require that the alternative forum provide the same degree of relief"); *Zweig v. Nat'l Mort. Bank of Greece*, No. 91 Civ. 5482 (CSN), 1993 WL 227663, at *8 (S.D.N.Y. Jun. 21, 1993) (dismissing complaint and finding Greece to be adequate, as "'some inconvenience or the unavailability of beneficial litigation procedures similar to those available in the federal district courts does not render an alternative forum inadequate .....'"); *Sussman v. Bank of Israel*, 801 F. Supp. 1068, 1078-79 (S.D.N.Y. 1992) (dismissing complaint and finding Israel to be adequate), *aff'd*, 990 F.2d 71 (2d Cir. 1993).

As addressed above, Zim's introduction of facts to try to tie this case more closely to the United States should be rejected.[12] Most of Zim's purported evidence about Sinochem Jiangsu should be

---

[11] Zim's argument that time would not permit the translation of "thousands" of pages of exhibits is a red herring, as the sum total of the documents attached to the Complaint is 47 pages, some of which are already in Chinese.

[12] Zim's most outlandish gambit was the introduction of newspaper articles about recent recalls of Chinese-manufactured goods, with no relevance to this case. (DuPont Decl. ¶¶ 17-19 & Exs. J-L).

rejected because it relates to Sinochem Corporation. (*See* DuPont Decl. ¶¶ 7-9, 12; DuPont Decl. Ex. C-E, G, J-L.) Even if Sinochem Corporation has subsidiaries in the United States, Sinochem Jiangsu is not one of them and is a Chinese corporation. Moreover, even if it is the case that Sinochem Jiangsu shares one corporate officer with one such subsidiary, that does not draw this case any closer to this forum, nor does it undermine any of the private interest factors laid out in the moving papers. Zim's argument that there is evidence in the United States relating to Zim's efforts after the fire aboard the Zim Haifa should likewise be rejected. *See R. Maganlal & Co. v. M.G. Chem. Co.*, 942 F.2d 164, 168 (2d Cir. 1991) (holding district court's *forum non conveniens* analysis erred by focusing on location of evidence going to damages issues of secondary importance; court should have focused on location of evidence going to liability issue, which was of primary importance). Zim's charge that "Sinochem ... regularly avails itself of the benefits of the U.S. judicial system" and "previously made itself available to the U.S. Courts in a case involving a similar shipment of hazardous chemicals" (Pl. Br. 20) is untrue. Sinochem Jiangsu was not a party to *Compania Sudamericana de Vapores, S.A. v. Sinochem Tianjin Co.*, No. 06 Civ. 13765 (WHP), 2007 WL 1002265 (S.D.N.Y. Apr. 4, 2007), and the defendant in that case – Sinochem Tianjin Co. – made a restricted appearance for the purpose of applying to vacate an *ex parte* order of maritime attachment. *Id.* at *1. Finally, as already addressed herein, Zim's statement about the nationality of the cargo interests is simply untrue and should be disregarded.

## VI.    The Rule B Attachment of Belco's Funds Must Be Vacated

Zim has not met its burden of proof in demonstrating why the attachment of Belco's funds should not be vacated. First, Zim has fully secured its claim by attaching over $3 million dollars belonging to other defendants. Vacatur is appropriate when "the plaintiff has already obtained sufficient security for the potential judgment by attachment or otherwise." *OGI Oceangate Transp. Co.*

---

Obviously, these materials and the relevant portion of Zim's counsel's declaration should be ignored. *See Century Pac., Inc. v. Hilton Hotels Corp.*, No. 03 CV 8258 (KMK), 2007 WL 3036172, at *7 (S.D.N.Y. Oct. 17, 2007) (striking articles introduced by plaintiff for their truth in opposition to motion for summary judgment); *Gonzalez v. City of New York*, 354 F. Supp. 2d 327, 347 n.29 (S.D.N.Y. 2005) (finding articles offered to show defendant's "pattern and practice" inadmissible hearsay).

*Ltd. v. RP Logistics PVT. Ltd.*, Slip Copy, No. 06-9441 (RWS), 2007 WL 1834711 (S.D.N.Y. 2007)

(citing *Aqua Stoli*, 460 F.3d at 445). Second, vacatur is "appropriate if the plaintiff and defendant are

both present in the same district and would be subject to jurisdiction there." *OGI Oceangate Transp.*

*Co. Ltd.*, 2007 WL 1834711, at *7 (citing *Aqua Stoli*, 460 F.3d at 444-45). Zim is located and subject

to jurisdiction in North Carolina. In fact, Zim ships make regular stops at the port of Wilmington,

North Carolina. Lastly, "vacatur may be warranted when the defendant can show that it would be

subject to *in personam* jurisdiction in another jurisdiction convenient to the plaintiff." *Aqua Stoli*, 460

F.3d at 444. Zim's U.S. based headquarters is in Virginia. Accordingly, it is questionable whether the

Southern District of New York is more convenient to Zim than North Carolina.

**CONCLUSION**

For the reasons set forth in Defendants' Joint Memorandum of Law and this Joint Reply

Memorandum of Law, Zim's Second Amended Complaint should be dismissed with prejudice, and the

Rule B Attachment should be vacated.

Dated: New York, New York
February 22, 2008

                                   Respectfully submitted,

| LOVELLS LLP | TISDALE LAW OFFICES, LLC |
|---|---|
| /s/ Edward T. Schorr | /s/ Thomas L. Tisdale |
| Edward T. Schorr (ES-0290) | Thomas L. Tisdale (TT-5263) |
| Hillel I. Parness (HP-1638) | Lauren C. Davies (LD-1980) |
| Derek J. Craig (DC-0999) | 11 West 42nd Street, Suite 900 |
| 590 Madison Avenue | New York, New York 10036 |
| New York, New York 10022 | Telephone: (212) 354-0025 |
| Telephone: (212) 909-0600 | Facsimile: (212) 869-0067 |
| Facsimile: (212) 909-0660 | |
| | *Attorneys for Defendant Nanjing Huabin* |
| *Attorneys for Defendant* | *Foreign Trade & Economics Co., Ltd.* |
| *Sinochem Jiangsu Corporation* | |

10

BENNETT, GIULIANO, MCDONNELL &
PERRONE, LLP
/s/ William R. Bennett
William R. Bennett, III (WB 1383)
494 Eighth Avenue
Seventh Floor
New York, New York 10001
Telephone: (646) 328-0120
Facsimile: (646) 328-0121

*Attorneys for Defendant Belco Resources, Inc.*

11