UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ZIM INTEGRATED SHIPPING SERVICES, LTD.,

                      Plaintiff,                  Case No. 07-civ-5861 (RMB)

- against -                                    **(ECF Filed)**

BELCO RESOURCES, INC., SINOCHEM
JIANGSU CORPORATION (FORMERLY KNOWN
AS SINOCHEM JIANGSU IMPORT & EXPORT
CORPORATION), NANJING HUABIN FOREIGN
TRADE & ECONOMICS CO., LTD.,
DRAGONTRANS SHIPPING LTD. d/b/a
HUABANG INTERNATIONAL, INC.,
SINOTRANS NINGBO INTERNATIONAL
FORWARDING AGENCY CO., LTD.,
JOHN DOE 1-10,

                      Defendants.
------------------------------------------------------------X

**MEMORANDUM OF LAW IN FURTHER OPPOSITION TO
DEFENDANTS SINOCHEM JIANGSU CORPORATION AND
NANJING HUABIN FOREIGN TRADE & ECONOMICS CO., LTD.'S
MOTION TO DISMISS WITH PREJUDICE COUNTS II THROUGH IX OF THE
SECOND AMENDED COMPLAINT AND TO VACATE THE RULE B ATTACHMENT
AND IN OPPOSITION TO DEFENDANT BELCO RESOURCES, INC.'S
MOTION TO VACATE THE RULE B ATTACHMENT**

                                               **DEORCHIS & PARTNERS, LLP**
                                               *Attorneys for Plaintiff*
                                               61 Broadway, 26th Floor
                                               New York, New York  10006-2802
                                               (212) 344-4700

Vincent M. De Orchis
Olivier D. L. DuPont
*-Of Counsel and On the Brief-*

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ...............................................................................................1

A.     Unattributed Statements Made by Agents and Rule 9(b) ....................................................1

B.     Due Process Clause ..............................................................................................................1

C.     Sinotrans' Action in China Is Irrelevant ..............................................................................2

D.     China Is an Inadequate Alternative Forum .........................................................................2

E.     Motion to Vacate ..................................................................................................................3

# TABLE OF AUTHORITIES

**Cases**

*In re Crude Oil Commodity Litig.*,
   2007 U.S. Dist. LEXIS 47902 (S.D.N.Y. 2007) ....................................................................... 1

*Mills v. Polar Molecular Corp.*
   12 F.3d 1170 (2d Cir. 1994)..................................................................................................... 1

*OGI Oceangate Transp. Co., Ltd. v. RP Logistics PVT. Ltd.*,
   2007 U.S. Dist. LEXIS 46841 (D.N.Y. 2007) ......................................................................... 3

*Phillips Petroleum Co. v. Shutts*,
   472 U.S. 797 (U.S. 1985)....................................................................................................1, 2

*Rationis Enters. Inc. of Panama v. Hyundai Mipo Dockyard Co.*,
   426 F.3d 580 (2d Cir. 2005) ....................................................................................................3

*Time Warner Inc. Secs. Litig. v. Ross,*
   *9 F.3d 259, 265* (2d Cir. 1993) ...............................................................................................1


**Statutes**

Fed. R. Civ. P. 9(b)...................................................................................................................... 1

Supp. R. Cert. Adm. Mar. Cl. Rule B .......................................................................................... 3

Plaintiff Zim Integrated Shipping Services, Ltd. ("Zim") respectfully submits this Sur-Reply Memorandum of Law in further opposition to the joint motion of Defendants Sinochem Jiangsu Corporation ("Sinochem"), Nanjing Huabin Foreign Trade & Economics Co., Ltd. ("Huabin") and Belco Resources, Inc. ("Belco").

## PRELIMINARY STATEMENT

In their joint reply, the defendants' new arguments appear as nothing but a smokescreen intended to hide a simple truth: their failure to find any ground for dismissing Zim's Complaint and any argument for vacating Zim's Attachment.

**A.      Inapplicable Case Law: "Unattributed Statements Made by Agents" and Rule 9(b)[1]**

The defendants cite new case law for the proposition that Zim would have failed to meet the pleading requirements under Rule 9(b) for claims for fraud and negligent misrepresentation. They cite *In re Crude Oil Commodity*, a 2007 decision from this district court. quoting a ruling from *Time Warner Inc. Secs. Litig. v. Ross, 9 F.3d 259, 265* (2d Cir. 1993) about "unattributed statements made by agents". (*See* Rep. Br., page 3). However, in *Time Warner*, the Court refused to hold the company liable for *anonymous oral* statements attributed to Time Warner's employees which were reproduced in the press. Conversely, Zim has attributed in its Complaint specific statements to Sinochem's agent, Sinotrans Ningbo International Forwarding Agency Co., Ltd. ("Sinotrans"), about the nature of the cargo which are neither anonymous, nor orally made. This argument is therefore without basis[2].

**B.      Due Process Clause**

In its opposition papers, Zim cited a persuasive *dictum* from Justice Stevens in *Phillips Petroleum v. Shutts*, 329 U.S. 797 (S. Ct. 1985) in the context of conflict of laws[3]. Should this Court rule that the

---

[1] The defendants did not answer Zim's argument that its complaint fell under the Rule 9(b) exception of "peculiar knowledge" (*See* Opp. Brief, page 12).
[2] Another easily distinguishable case cited by the defendants is *Mills v. Polar Molecular Corp*. (failure of plaintiff to link the alleged fraudulent statements to particular Directors). (*See* Rep. Br., page 3).
[3] Justice Stevens further stated that "a constitutional claim of "unfair surprise" cannot be based merely upon an unexpected choice of a particular State's law -- it must rest on a persuasive showing of an unexpected *result* arrived at by application of that law." *Id.* at 837.

1

conflict of laws analysis under *Lauritzen* points to the application of Chinese law in respect to the three causes of action for strict liability, strict liability for failure to warn and negligent failure to warn, Zim simply argued that this will be an "unfair surprise" as it would result in the unexpected result of depriving Zim of any remedy under these causes of action. The defendants did not respond to this argument. Instead, they generalized a rule from the majority opinion in *Phillips Petroleum* which was held in the specific context of nationwide class action and was not about conflict of laws. *See Id.* at 821-22 and Rep. Br., page 4. Furthermore, they cite case law about the inadequacy of a foreign forum which is part of a *forum non conveniens* analysis, but not of choice of law analysis. *See* Rep. Br., *id*.

**C.     Sinotrans' Action in China Is Irrelevant**

The Defendants argue that the action commenced by Sinotrans in China tolls the one year statute of limitation of Zim's claims in China. This is incorrect. Sinotrans' action before the Ningbo Maritime Court is an *indemnity* action against Defendant Dragontrans Shipping, Ltd ("Dragontrans"). It is not a *liability* action. (Qian 2nd Decl., ¶ 7). Sinotrans seeks indemnity specifically for the legal action commenced in the United States. (Qian 2nd Decl., ¶ 6). *Sinotrans action in China is entirely premature, as Sinotrans has not been held liable to Zim in the United States, nor has Sinotrans paid any monies to Zim.* Moreover, Zim cannot join Sinotrans' action as a matter of Chinese law. (Qian 2nd Decl., ¶ 7). Sinotrans' action does not toll the one year statute of limitation. (Qian 2nd Decl., ¶ 9). Sinotrans' action in China is therefore totally irrelevant.

The Defendants also argue that Dragontrans' declaration in support of Zim's opposition papers would be 'suspect' because Dragontrans (a/k/a Huabang) "may be trying to avoid a parallel proceeding brought by defendant Sinotrans in China" (*See* Rep. Br., page 6, footnote 9, and page 8). However, since Zim dismissed its action against Dragontrans, the Defendants' allegation has no basis.

**D.     China Is an Inadequate Alternative Forum[4]**

---

[4] The Defendants fail to respond to Zim's arguments about Chinese courts' lack of jurisdiction over Belco (Qian 2nd Decl. ¶¶ 10, 11 and 18), or the inefficiency that would result from a transfer of this action to China when the issues of liability would have to be decided nonetheless in the related action against the

2

The Defendants attempt to rebut Zim's argument that the cargo interests are overwhelmingly located in the United by engaging in a complex but useless tally of the <u>potential</u> cargo interests[5]. (*See* Rep. Br., pages 6-7). However, only the citizenship of the <u>actual</u> cargo interests who have appeared matters in a choice of law analysis. *See Rationis Enters. Inc. of Panama v. Hyundai Mipo Dockyard Co.*, 426 F.3d 580, 587-588 (2d Cir. 2005). Here, as indicated by counsel for the cargo interests, all the subrogated defendants who asserted a claim against Zim "but one are located in the United States, or in a U.S. territory under the jurisdiction of the Federal Courts" (*See* Willoughby Decl. ¶ 8-11). Furthermore, in respect to the *forum non conveniens* analysis, it is worth noting that Falcon, an insurance company located in Hong Kong, China, *and* Defendant Dragontrans, also located in China, have both accepted the jurisdiction of this court. (*See* Willoughby Decl. ¶ 13 and Robin Du Decl. ¶¶ 6-8).

**E.    Motion to Vacate: Inapposite Case Law**

Citing *OGI Oceangate*, a 2007 opinion from this District Court, Belco argues for the first time in its reply brief that *vacatur* is appropriate when "the plaintiff has already obtained sufficient security for the potential judgment by attachment or otherwise". (*See* Rep. Br., pages 9-10). However, *OGI Oceangate* involved only one defendant who had previously paid the amount of the claim subject to the Rule B attachment as part of a past settlement. This is obviously not the case here. Moreover, Zim's amended complaint alleges the joint and several liability of Sinochem with the other defendants, justifying that each defendant be subject to an attachment for the full amount. (Compl. ¶141).

Dated: New York, New York
         March 7, 2008

DEORCHIS & PARTNERS, LLP
Attorneys for Plaintiff

By:      /s/   Vincent M. DeOrchis
       Vincent M. DeOrchis (VMD-6515)
       61 Broadway, 26th Floor
       New York, New York  10006-2802

---

cargo interests. (Willoughby Decl. ¶¶ 15-22). They carefully omit to mention that the First Engineer and the Captain of the m/v Zim Haifa have both indicated at their depositions that English was the official spoken language aboard the vessel.

[5] Their tally could not take into account the notice of voluntary dismissal filed by Zim on March 3, 2008.

3