UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
ZIM INTEGRATED SHIPPING SERVICES, LTD.,

                        Plaintiff,                  Case No. 07-civ-5861 (RMB)

- against -

BELCO RESOURCES, INC., SINOCHEM
JIANGSU CORPORATION (FORMERLY KNOWN
AS SINOCHEM JIANGSU IMPORT & EXPORT
CORPORATION), NANJING HUABIN FOREIGN
TRADE & ECONOMICS CO., LTD.,
DRAGONTRANS SHIPPING LTD. d/b/a
HUABANG INTERNATIONAL, INC.,
SINOTRANS NINGBO INTERNATIONAL
FORWARDING AGENCY CO., LTD.,
JOHN DOE 1-10,

                       Defendants.
-----------------------------------------------------------X

**DECLARATION BY YULIN QIAN IN FURTHER SUPPORT OF PLAINTIFF'S OPPOSITION TO THE JOINT MOTIONS TO DISMISS THE SECOND VERIFIED AMENDED COMPLAINT AND TO VACATE THE RULE B ATTACHMENT OF DEFENDANTS SINOCHEM JIANGSU CORPORATION, NANJING HUABIN FOREIGN TRADE & ECONOMICS CO., LTD. AND BELCO RESOURCES, INC.**

I, YULIN QIAN, declare as follows:

1. I am an Attorney-at-law with the firm of Rolmax Law Office in Shanghai, People's Republic of China ("China") which has represented and continues to represent plaintiff Zim Integrated Shipping Services, Ltd. ("Zim") in various legal matters.

2. I am over the age of 18, fluent in English, and am fully competent to make this Declaration.

3. I have been a member of the National Bar of China since 1997, and am authorized to practice before the civil and commercial courts of China. I am Associate professor at Shanghai Maritime University. The focus my professional practice is maritime law.

4. I make this Declaration in further support of Zim's Opposition to the motion to dismiss and to vacate of Defendants Sinochem Jiangsu Corporation ("Sinochem"), Nanjing Huabin Foreign Trade & Economics Co., Ltd. ("Huabin") and Belco Resources, Inc.

1

(Belco") based on my knowledge of the laws of China, my experience and practice with Maritime Courts, and that of my firm by virtue of our work on behalf of Zim.

5. The defendants have submitted reply papers in further support of their motion to dismiss plaintiff's second amended complaint which severely misquote or misrepresent Chinese law, contradict themselves and mislead the court.

**A. THE ACTION COMMENCED BY DEFENDANT SINOTRANS BEFORE THE NINGBO MARITIME COURT IN CHINA IS IRRELEVANT TO ZIM'S U.S. ACTION**

6. According to the complaint filed by Sinotrans Ningbo International Forwarding Agency Co., Ltd ("Sinotrans") before the Ningbo Maritime Court against defendant Dragontrans Shipping, Ltd. ("Dragontrans") and the application filed by Dragontrans to add Huabin as co-defendant we have reviewed, the purpose of Sinotrans' action is limited to the recovery of the monies attached in New York <u>as a result of</u> Zim's complaint and Rule B attachment before the Southern District Court of New York. The legal basis for Sinotrans' action is based on the "agency contract" between Sinotrans and Dragontrans, not on any violation of the carriage of goods by sea contract. Zim is not a party to this action.

7. Under Chinese law, Zim cannot join the action commenced by Sinotrans before the Ningbo Maritime Court because Sinotrans' action has a different legal basis than Zim's legal action in this court, different demands and different parties. Sinotrans' action in China is an indemnity action which is separate and distinct from Zim's liability action before this court.

**B. SUCCESSIVE MISREPRESENTATIONS OF CHINESE LAW AND SPECULATIONS SUBMITTED BY SINOCHEM'S CHINESE EXPERT IN SUPPORT OF DEFENDANTS' MOTION**

2

8. I submit the following rebuttals to Mr. Chen Huanzhong's declaration in Further Support of to the Joint Motion of Defendants Sinochem, Huabin and Belco to dismiss the second amended complaint and to vacate the Rule B attachment of plaintiff Zim.

9. Paragraph 13 of Mr. Chen Huanzhong's declaration is misleading. First, the litigation commenced by Sinotrans before the Ningbo Maritime Court cannot stop the clock of the one year limitations period for Zim to bring a liability action in China because, as indicated above, Sinotrans' action is a separate and distinct indemnity action. Second, Article 267 of the Maritime Code of the People's Republic of China quoted in Chen Huanzhong's declaration does not state, or even suggest, that Zim's action before the Southern District of New York would stop the clock of the one year statute of limitations of Zim's contractual action in China. The filing of a concurrent judicial action in a foreign forum is not mentioned in Article 267 as a basis for interrupting the time limitation. There are no maritime court decisions supporting Mr. Huanzhing's suggested interpretation. Therefore, Paragraph 13 of Mr. Chen Huanzhong's declaration must be rejected as groundless speculation.

10. Paragraph 14(B) of Mr. Chen Huanzhong's declaration is incorrect for the English translation of Art. 10 of the Guidance of the Second National Conference on Commercial and Maritime Trial of the Supreme People's Court of China quoted in his declaration is inaccurate. The last sentence of Art. 10 as reported in Mr. Huanzhong's declaration states "The Chinese courts shall have discretion to hear the case, considering all the circumstances and elements"; however, a more accurate translation should read as follows: "In order to <u>accept</u> jurisdiction however, the Chinese court shall consider the specific circumstances of the case". (emphasis added). In other words, Chinese courts

3

may not accept a case already filed in foreign courts in some circumstances. As a practical matter, there exists no previous decisions where a maritime court has accepted jurisdiction over a case which had previously been filed in a foreign country. Moreover, under the circumstances of this case, given the existence of a choice of forum clause in Zim's bill of lading with Belco which does not give jurisdiction to Chinese courts and the deference granted by Chinese courts to such clauses, Chinese courts would not accept jurisdiction over Belco (*See* my orginal declaration, ¶ 11). One fails to understand how Mr. Chen Huanzhong can reach the conclusion under paragraph 14 of his declaration that "Defendant Belco can be sued in China".

11. Paragraph 15 of Mr. Chen Huanzhong's declaration reflects a mere opinion. He does not discuss critical points about the inadequacy of the Chinese forum such as the impact Zim's choice of forum clause which does not give jurisdiction to Chinese courts over Belco, or those set forth under ¶ 12 of my original declaration.

12. Paragraph 16 of Mr. Chen Huanzhong's declaration is moot. It seems that Mr. Chen Huanzhong misunderstands the meaning of ¶ 13 of my original declaration. His statement that "declaratory judgments and injunctions are becoming common instruments of Chinese courts" is not substantiated with any reference. Furthermore, as far as Maritime law is concerned, we know of no decisions of Maritime courts issuing any such declaratory judgments or injunctions.

13. Paragraph 17 of Mr. Chen Huanzhong's declaration does not support his conclusion that "Plaintiff Zim could be directly immunized from liabilities to other cargo owners, if it is a carrier of no fault". Article 51 of the Maritime Code of the People's Republic of China refers to an exclusion of liability of the carrier for a certain number of events, including

fire. However, Article 51 does not provide for a declaratory judgment relief against the cargo interests. As indicated above under ¶ 12, such remedy has never been applied by a Maritime court in China. Article 51 can only be read as excluding the carrier's liability if it is sued by cargo interests.

14. Mr. Chen Huanzhong's references to Chinese law under ¶ 18 of his declaration are inapposite. Article 119 refers only to "a party who must appear in a joint litigation but fails to do so". Similarly, Article 57 of the Supreme Court Interpretation of the Civil Procedure Law of the People's Republic of China refers to a "mandatory joint party [who] fails to participate into the litigation" and which a court would compel to participate. These two citations of Chinese law refer to a defaulting party who fails to appear in a litigation. One fails to see any relationship with the "right of one party to join a third party into a lawsuit because that third party would be liable to an original defendant". Moreover, Mr. Huanzhong omitted some words from his quotation of Article 57. The following sentence should be added at the end of his quotation: "the application filed by the parties should be verified by People's Court. In case that the application is unreasonable, it will be rejected by a ruling of the court". This last sentence is a reference to the power of the court to review a party's unreasonable application to join a "mandatory joint party".

15. In paragraph 20 of his declaration, Mr. Chen Huanzhong omits again some critical words in his quotation of Article 319 of the Supreme Court's Interpretation of the Civil Procedure Law of the People's Republic of China which should read as follows:

> *Failing to use diplomatic channels*, Chinese courts shall reject to provide judicial assistance requested by foreign courts from countries which did not

> *sign judicial assistance agreements or have no mutual-beneficial relationship with China.*

In other words, squarely opposite to Mr. Huanzhong's statement, Article 319 indicates that Chinese courts may provide judicial assistance requested by foreign courts through diplomatic channels.

## C. SUMMARY OF THE MAJOR POINTS OF CHINESE LAW CONCERNING THE CURRENT CASE

16. **Zim might be barred by Chinese law to commence an action against the defendants pending an action in the United States.** Zim might not commence an action before the Ningbo Maritime Court in China against the defendants pending the current action before the Southern District of New York (*See* above and my original declaration,¶ 9).

17. **Zim is time barred if it does not commence an action before the Ningbo Maritime Court within one year of delivery of the goods or of the date when they should have been delivered** (*See* my original declaration, ¶ 7). Under Chinese law and judicial practice, Zim's current action in New York or Sinotrans' action in Ningbo do not toll the one year statute of limitation.

18. **The Ningbo Maritime Court Could Not Assert Jurisdiction Over Belco or Over the Cargo Interests.** As stated in ¶ 11 of our original declaration, Chinese courts might not have jurisdiction over Belco as a result of the choice of forum law in Zim's bill of lading with Belco and the deference generally granted by Chinese courts to such clauses. Moreover, Chinese courts would not have jurisdiction over other cargo interests (defined as third parties other than the defendants) since Maritime courts do not recognize declaratory judgment action.



I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on March 7, 2008
Shanghai, China

_____
Yulin QIAN