UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
ZIM INTEGRATED SHIPPING SERVICES, LTD.,

                          Plaintiff,           Case No. 07-civ-5861 (RMB)

    - against -

BELCO RESOURCES, INC., SINOCHEM
JIANGSU CORPORATION (FORMERLY KNOWN
AS SINOCHEM JIANGSU IMPORT & EXPORT
CORPORATION), NANJING HUABIN FOREIGN
TRADE & ECONOMICS CO., LTD.,
DRAGONTRANS SHIPPING LTD. d/b/a
HUABANG INTERNATIONAL, INC.,
SINOTRANS NINGBO INTERNATIONAL
FORWARDING AGENCY CO., LTD.,
JOHN DOE 1-10,

                          Defendants.
-------------------------------------------------------------X

# MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR RECONSIDERATION OF THE COURT'S DECISION AND ORDER ENTERED ON MAY 5, 2008, DISMISSING THE SECOND AND THIRD CAUSES OF ACTION OF PLAINTIFF'S SECOND AMENDED COMPLAINT

**DEORCHIS & PARTNERS, LLP**
*Attorneys for Plaintiff*
61 Broadway, 26th Floor
New York, New York 10006-2802
(212) 344-4700

Vincent M. De Orchis
Olivier D. L. DuPont
*-of Counsel-*

**TABLE OF CONTENTS**

INTRODUCTION ..........................................................................................................1

PROCEDURAL HISTORY............................................................................................1

ARGUMENT……………………………………………………………….................4

             STANDARD OF REVIEW…………………………………………….....4

POINT I     PLAINTIFF GAVE REASONABLE NOTICE
              OF ITS INTENT TO PLEAD ALTERNATE BODIES
              OF LAW IN ITS SECOND AMENDED COMPLAINT…................................. 5

POINT II    PLAINTIFF'S NOTICE TO PLEAD ISRAELI LAW
              IN ITS OPPOSITION TO DEFENDANT'S MOTION
              TO DISMISS IS NOT UNREASONABLE AND DID
              NOT CREATE UNFAIR SURPRISE ...................................................... 7

POINT III   THE FAILURE TO GIVE PROPER NOTICE OF
              THE APPLICABILITY OF FOREIGN LAW
              DOES NOT WARRANT DISMISSAL................................................................ 11

CONCLUSION.................................................................................................... 13

## TABLE OF AUTHORITIES

**Cases**

*Acciai Speciali Terni USA, Inc. v. M/V Berane*,
    182 F. Supp. 2d 503, 505 (D. Md. 2002) ................................................................................4

*Anderson v. McAllister Towing & Transp. Co.*,
    17 F. Supp. 2d 1280, 1286, n.6 (S.D. Ala. 1998) ..................................................................13

*Carey v. Bahama Cruise Lines,*
    864 F.2d 201, 206 (1st Cir. 1988) ..........................................................................................12

*Clarkson Co. v. Shaheen,*
    660 F.2d 506, 512, n.4 (2d Cir. 1981), *cert. den.* 102 S.Ct. 1614, 455 U.S. 990, 71 L.Ed.2d 850 ................................................................................................................................................12

*Farrell Lines Inc. v. Columbus Cello-Poly Corp.*,
    32 F. Supp. 2d 118, 128 (S.D.N.Y. 1997), *aff'd on other grounds sub nom. Farrell Lines Inc. v. Ceres Terminals Inc.,* 161 F.3d 115 (2d Cir. 1998) ..................................................................13

*Grice v A/S J. Ludwig Mowinckels,*
    477 F Supp 365 (1979, SD Ala) ..............................................................................................6

*In re Bennett Funding Group, Inc. Sec. Litig.*,
    270 B.R. 126 (Bankr. S.D.N.Y. 2001) ..................................................................................12

*In re Complaint of Damodar Bulk Carriers, Ltd.*,
    903 F.2d 675, 681 (9th Cir. 1990) ..........................................................................................6

*JCB Sales v. Wallenius*,
    1997 AMC 2705, 2708 (2d Cir. 1997) ..............................................................................6, 7

*Hidden Brook Air, Inc. v. Thabet Aviation Int'l, Inc.*,
    241 F. Supp. 2d 246, 276-277 (S.D.N.Y. 2002) ....................................................................8

*Hodson v. A.H. Robins Co.*,
    528 F. Supp. 809, 824 (E.D. Va. 1981) , *aff'd*, 715 F.2d 142 (4th Cir. 1983) ......................11

*Motorola Credit Corp. v. Uzan*,
    274 F. Supp. 2d 481, 502, n.9 (S.D.N.Y. 2003) .............................................................12, 13

*O'Brien v. National Property Analysts Partners*,
    719 F. Supp. 222, 229 (S.D.N.Y. 1989) ................................................................................4

*Putnam Resources v. Pateman*,
    958 F.2d 448, 466, n.19 (1st Cir. 1992) ..................................................................12

*Rationis Enters. Inc. of Panama v. Hyundai Mipo Dockyard Co.*,
    426 F.3d 580 (2d Cir. 2005) ............................................................................ 4, 5, 7-10

*U.S. Titan, Inc. v. Guangzhou Zhen Hua Shipping Co., Ltd.*,
    182 F.R.D. 97 (S.D.N.Y. 1998) ..............................................................................4

*Shonac Corp. v. AMKO Int'l, Inc.*,
    763 F. Supp. 919, 940, n.2 (S.D. Ohio 1991) ........................................................12

*Shrader v. CSX Transp., Inc.*,
    70 F.3d 255 (2nd Cir. 1995) ..................................................................................4, 5

*Strauss v. Credit Lyonnais, S.A.*,
    2007 U.S. Dist. LEXIS 38378, **20, 242 F.R.D. 199, 207 (E.D.N.Y. 2007) ..........8

*Torah Soft, Ltd. v. Drosnin*,
    224 F. Supp. 2d 704, 718-719 (S.D.N.Y. 2002) ................................................11, 12

*Wachs v. Winter*,
    569 F. Supp. 1438 (E.D.N.Y, 1983) .......................................................................12

*Weiss v. Nat'l Westminster Bank, PLC*,
    2007 U.S. Dist. LEXIS 35103, **18, 242 F.R.D. 33, 40 (E.D.N.Y. 2007) ............8

**Statutes**

46 U.S.C.S. § 1303(5) ..................................................................................................2, 5, 7

46 U.S.C. § 1304(6) .................................................................................................2, 3, 5, 7

Fed. R. Civ. P. Rule 12(b) (6) ..........................................................................................6

Fed. R. Civ. P. Rule 44.1. ...........................................................................3, 5, 6, 8, 9, 10, 11, 12

Local Civil Rule 6.1(a) or (b) ...........................................................................................4

Local Civil Rule 6.3........................................................................................................4

U.S. COGSA ...............................................................................................3, 6, 7, 10

**Other Authorities**

CHARLES A. WRIGHT AND ARTHUR R. MILLER, Federal Practice and Procedure, § 2443 (2d Ed. 1994) ....................................................................................................................9, 13

Hague Convention on the Carriage of Goods by Sea Act of 1924, as amended by the Brussels Protocol of 1968 ...............................................................................................................3, 7, 9, 10

Hamburg Rules ........................................................................................................................6

MOORE'S FEDERAL PRACTICE, *Civil § 44.1.03* (Vol. 9, Edition 2007) and note 4.2   .....................5

MOORE'S FEDERAL PRACTICE, *Civil § 44.1.03[2]* (Vol. 9, Edition 2007) and note 6 ..................13

NOTE OF THE ADVISORY COMMITTEE ON 1966 AMENDMENTS TO FED. R. CIV. P. 44.1., 39 F.R.D. 69, 118 (1966) ..............................................................................................................................8, 9

WILLIAM TETLEY, *Marine Cargo Claims*, page 2436 (4th Edition, 2008) ......................................6

# INTRODUCTION

Plaintiff Zim Integrated Shipping Services, Ltd. ("Zim") hereby moves this Honorable Court, pursuant to Local Civil Rule 6.3, for reconsideration of the Court's Decision and Order entered on May 5, 2008.

Zim submits that the Court's Decision & Order should be reversed, insofar as it dismissed Zim's second and third causes of action of its second amended complaint for breach of warranty of particulars and strict liability.

The Court ruled that Zim had failed to give notice of its intent to raise foreign law in its second amended complaint. As a result, "because Plaintiff elected not to amend the Complaint to plead claims" under foreign law "and because a "complaint cannot be amended by the briefs in opposition to a motion to dismiss", the Court dismissed Zim's second and third causes of action. (Decision & Order 8).  In so ruling, the Court may have overlooked *Rationis* and other persuasive authorities because: (I) Zim gave sufficient notice of its intent to raise several bodies of law in its second amended complaint; (II) Zim may give its notice of intent to raise foreign laws at a later stage than in its amended pleadings, which it did in its opposition brief; and, (III) in any event, a failure to give a notice of intent to raise foreign laws or, a failure to give a reasonable notice of intent to raise foreign law does not warrant dismissal.

# PROCEDURAL HISTORY

Zim commenced the present action on June 2007 by filing its original complaint a couple of days after a fire had caused substantial damages to Zim's vessel and equipment, injured three crew members and potentially damaging hundreds of  million of dollars in cargo interests.  In this complex case of maritime mass tort, Zim discovered over the summer the existence of an alternate name for defendant Huabang International, Inc. (now dismissed), and took notice that defendant Sinochem made an argument before this Court that defendant Belco Resources, Inc.'s

1

("Belco") purchase order of Calcium Hypochlorite had named Sinochem Jiangsu Im & Export Company, rather than Sinochem Jiangsu Corporation, and thus "had nothing to do with this company". Accordingly, Zim amended for the first time its complaint without leave of the Court on September 11, 2007, to reflect the change of names of the defendants and to revise the orders of maritime attachment and garnishment. The factual allegations and causes of action of the original complaint were left unchanged.

Defendant Sinochem moved for a pre-motion conference on September 19, 2007, where it notably alleged that "Zim's factual allegations do not support its invocation of the Carriage of Goods at Sea Act". *See* Defs.' Ltr. from Edward T. Schorr to Hon. Richard M. Berman, dated Sept. 19, 2007. At a conference held on October 18, 2007, the Court offered Zim a chance to amend its pleadings *with prejudice* before the filing of the Defendants' joint motion to dismiss.

In its second amended complaint filed on October 25, 2007, Zim did not amend its second cause of action for breach of warranty of particulars "provided under international conventions, and codified in the United Stated under 46 U.S.C. § 1303(5) and 1304(6) as well as under common maritime law". (*See* Sec. Amend. Complt., ¶ 54). (emphasis added). Zim amended however its complaint by adding a new cause of action titled "Third Cause of Action For Strict Liability Under COGSA § 1304(6) As Against All Defendants" which recited the requirements of this third cause of action in the following terms:

> 59. The shipper of goods of an inflammable, explosive, or dangerous nature, although not in privity of contract with the ocean carrier, is strictly liable to the ocean carrier for all damages and expenses directly or indirectly arising out or resulting from such shipment when the carrier did not consent with knowledge of its nature and character under international conventions, and codified in the United States under 46 U.S.C. § 1304(6).

(*See* Sec. Amend. Compl., ¶ 59). (emphasis added). Zim also pled that Calcium Hypochlorite qualified as a hazardous product "under COGSA § 1304(6) or similar applicable international conventions". (*See* Sec. Amend. Compl., ¶ 61). (emphasis added).

2

In their joint memorandum of law in support of their motion to dismiss Zim's second amended complaint submitted on November 28, 2007, Defendants Sinochem and Huabin sought dismissal of Zim's cause of action for breach of the warranty of particulars on the grounds that U.S. COGSA would not apply. (*See* Defs. Br. 16). The defendants did not designate however any alternate applicable foreign law, nor did they argue that Zim had failed to give any notice, or any reasonable notice, of its intent to plead a foreign law under Fed. R. Civ. P. 44.1. Their legal argument relied on two cases of the Ninth Circuit which did not support their claim for dismissal based on the inapplicability of U.S. COGSA. (*See* Defs. Br. 16 and related cases).

In its opposition papers, Zim argued that it had pled its second "cause of action for breach of the warranty of particulars provided under international conventions. (Compl. ¶54)". (*See* Pl. Br. 14). Regarding its third cause of action styled "strict liability under COGSA § 1304(6)", Zim also argued that it had raised specifically under paragraphs 59 and 61 of its pleadings the application of "international conventions, and codified in the United States under 46 U.S.C. § 1304(6)" and "under similar applicable international conventions". (*See* Pl. Br 15-16). Zim indicated that the contract of carriage designated the laws of the State of Israel which applied the international convention of The Hague, as amended by the Brussels Protocol of 1968 (the "Hague-Visby Rules"). Since COGSA and the Hague-Visby Rules had identical provisions with respect to strict liability and warranty of particulars, Plaintiff argued that it had properly pled its causes of action. (*See* Pl. Br. 16).

In their reply brief, Defendants Sinochem and Huabin alleged that Zim had attempted to change a cause of action for another in its opposition brief, and that Zim's concession that COGSA did not apply to this case made it "equally clear that that it has not stated a claim under Israeli law". (See Defs. Rep. Br. 5-6).

In its Decision & Order entered on May 5, 2008, the Court ruled that:

3

> Plaintiff does not "give notice of the intent to raise foreign [Israeli] law", nor does it "inform the Court and litigants that [Israeli law and the Hague-Visby rules are] relevant to the lawsuit. <u>Rationis Enterprises Inc. of Panama v. Hyundai Mipo Dockyard Co., Ltd.</u>, 426 F.3d 580, 585 (2d Cir. 2005); see also <u>Acciai Speciali Terni USA, Inc. v. M/V Berane</u>, 182 F. Supp. 2d 503, 505 (D. Md. 2002). And, because Plaintiff elected not to amend the Complaint to plead (breach of warranty and strict liability) claims under the Hague-Visby rules or Israeli law, and because a "complaint cannot be amended by the briefs in opposition to a motion to dismiss", Defendants' motion to dismiss Plaintiff's claims under COGSA is granted. See <u>O'Brien v. National Property Analysts Partners</u>, 719 F. Supp. 222, 229 (S.D.N.Y. 1989).

(Decision & Order 8).

## ARGUMENT

## STANDARD OF REVIEW

Local Civil Rule 6.3 provides that:

> A notice of motion for reconsideration or reargument of a court order determining a motion shall be served within ten (10) days after the entry of the Court's determination of the original motion, or in the case of a court order resulting in a judgment, within ten (10) days after the entry of the judgment. There shall be served with the notice of motion a memorandum setting forth concisely the matters or controlling decisions which counsel believes the court has overlooked. The time periods for the service of answering and reply memoranda, if any, shall be governed by Local Civil Rule 6.1(a) or (b), as in the case of the original motion. No oral argument shall be heard unless the Court directs that the matter shall be reargued orally. No affidavits shall be filed by any party unless directed by the Court.

A motion for alteration, amendment, reconsideration or re-argument provides the Court with an opportunity to correct errors of law or fact, hear newly discovered evidence, consider a change in the applicable law or prevent manifest injustice. *See U.S. Titan, Inc. v. Guangzhou Zhen Hua Shipping Co., Ltd.,* 182 F.R.D. 97 (S.D.N.Y. 1998); *Shrader v. CSX Transp., Inc.*, 70 F.3d 255 (2nd Cir. 1995).

A motion for reconsideration should only be granted if the moving party can point the Court to matters "that might reasonably be expected to alter the conclusion reached by the

4

Court." *Id.* at 257 (2nd Cir. 1995). Such matters include relevant additional case law not previously considered by the Court. *Id*.

**POINT I**

**PLAINTIFF ZIM GAVE REASONABLE NOTICE OF
ITS INTENT TO PLEAD ALTERNATE BODIES OF
LAW IN ITS SECOND AMENDED COMPLAINT**

Citing the decision of the Court of Appeals for the Second Circuit in *Rationis*, this Court held that Zim had failed to give notice of its intent to raise Israeli law or the Hague-Visby rules in its pleadings. (Decision & Order 8).

However, in its second amended complaint, Zim had set forth the requirements of its causes of action for breach of warranty of particulars and strict liability "provided under international conventions, and codified in the United Stated under 46 U.S.C. § 1303(5) and 1304(6)" and "under COGSA § 1304(6) or similar applicable international conventions". (*See* Sec. Amend. Compl., ¶¶ 54, 59 and 61; s*ee* also Pl. Br. 14-16). (emphasis added).

The first issue is whether Zim, by its reference to "international conventions" or "similar applicable international conventions" in its pleadings, failed to give notice of its intent to plead a foreign law or alternate bodies of law under *Rationis*.

In *Rationis*, defendant Hyundai had only announced in its Answer to the complaint that "the substantive law of a foreign country governs" without indicating which specific foreign law needed to be chosen in the notice[1]. *Rationis*, 426 at 584. (emphasis add.). Specific foreign law need not be chosen in a notice of intent under Fed. R. Civ. P. 44.1. *See* MOORE'S FEDERAL PRACTICE, *Civil § 44.1.03* (Vol. 9, Edition 2007) and note 4.2 citing *Rationis*, 426 at 586 ("Rule 44.1 requires a litigant to provide the opposing party with notice that an argument will be raised,

---

[1] It is only after discovery was completed and after four years of litigation that the defendant pled simultaneously the applicability of English, Swedish Korean, or Panamanian law. *Id*. (Emphasis added).

5

but the litigant need not flesh out its full argument at the Rule 44.1"). (emphasis added)  *See also Grice v A/S J. Ludwig Mowinckels (1979, SD Ala) 477 F Supp 365 (*no necessity to raise an issue of foreign law in the pleadings under the provisions of Rule 44.1, in order to survive a motion to dismiss for failure to state a claim under Rule 12(b) (6); defendants alleged that plaintiff failed to allege what law was applicable and hence the complaint failed to state a claim upon which relief could be granted; the court noted that the purpose of the Rule 44.1 notice requirement is to avoid surprise, and falls considerably short of a requirement that, in order to survive a Rule 12(b)(6) motion, a plaintiff must allege the identity and substance of the applicable law).  Here, as in *Rationis*, Zim did not specify in its pleadings which foreign law or bodies of law it intended to choose.  It referred only to U.S. COGSA as well as to "international conventions", "common maritime law" or "similar applicable conventions". (*See* Sec. Amend. Compl. ¶¶ 54, 59 and 61).

Zim specifically referred to "international conventions" as the relevant events occurred in multiple foreign locations and several different applicable bodies of law could apply concurrently.  The laws of Israel, which is the law of the flag and the governing law of the contract of carriage for the subject container of the Defendants, incorporates the Hague-Visby Rules which apply to defendant Belco and which may apply to the other defendants as well. (*See* Pl. Br. 14).  The laws of China, where the goods originated and which adopted a Maritime Code referring to the Hague-Visby rules and some provisions of the Hamburg Rules, may equally apply to all outbound shipments. WILLIAM TETLEY, *Marine Cargo Claims*, page 2436 (4th Edition, 2008).  The laws of Belize, where the goods were destined and which adopted the Hague Rules ("COGSA and the Hague Rules are virtually identical in their language". *In re Complaint of Damodar Bulk Carriers, Ltd.*, 903 F.2d 675, 681 (9th Cir. 1990); *see also JCB*

6

*Sales v. Wallenius*, 1997 AMC 2705, 2708 (2d Cir. 1997)[2]) may also apply to all inbound shipments. By using the term "international conventions" in its pleadings, Zim simply intended to cover the application of several bodies of laws and put on notice the Defendants of its intent to raise the application of either the Hague-Visby Rules (Israeli law), or the Hague rules (Chinese law, Belize law), which have identical provisions regarding warranty of particulars and strict liability, and which is codified in the U.S. under 46 U.S.C. §§ 1303(5) and 1304(6). Furthermore, other international conventions such as SOLAS may also apply concurrently for the definition of hazardous products in the cause of action. (*See* Sec. Amend. Compl. ¶¶ 15 and 61). Therefore, the choice of the term "international conventions" by Zim were chosen to fit the complexity of the case and the factual possibility of having to plead several bodies of law.

As a result, Zim gave proper notice of its intent to plead foreign law or alternate bodies of law by referring to "international conventions" in its pleadings. *See Rationis,* 426 at 584-585 ("We now clarify that alternative theories may well suffice as reasonable notice when, as here, relevant events occurred in multiple foreign locations and legitimately point to several bodies of law").

This Court should therefore reconsider its ruling in the Decision & Order dated May 5, 2008, dismissing the second and third causes of action of Zim's second amended complaint.

### POINT II

### PLAINTIFF'S NOTICE TO PLEAD ISRAELI LAW IN ITS OPPOSITION TO DEFENDANT'S MOTION TO DISMISS IS NOT UNREASONABLE AND DID NOT CREATE UNFAIR SURPRISE

The Court may have overlooked *Rationis* and other persuasive authorities when it indicated that the basis for dismissal of Zim's second and third causes of action was "because

---

[2] U.S. COGSA is the enactment in the United States if The Hague Rules of 1924 which was a "multinational effort to establish uniform ocean bills of lading to govern the rights of carriers and

7

Plaintiff elected not to amend the Complaint to plead claims" under foreign law "and because a "complaint cannot be amended by the briefs in opposition to a motion to dismiss"." (Decision & Order 8).

"It is typically sufficient for a party to give notice in their motion papers". *Hidden Brook Air, Inc. v. Thabet Aviation Int'l, Inc.*, 241 F. Supp. 2d 246, 276-277 (S.D.N.Y. 2002) (the Court found that defendant gave reasonable notice by raising the issue of foreign law for the first time in its motion for summary judgment). *See also Rationis*, 426 at 584 (the defendant's intent to apply foreign law at summary judgment, after discovery was completed and after four years of litigation, was held to be reasonable); *Weiss v. Nat'l Westminster Bank, PLC*, 2007 U.S. Dist. LEXIS 35103, **18, 242 F.R.D. 33, 40 (E.D.N.Y. 2007) (raising English law for the first time in objections to discovery demands is a reasonable notice); *Strauss v. Credit Lyonnais, S.A.,* 2007 U.S. Dist. LEXIS 38378, **20, 242 F.R.D. 199, 207 (E.D.N.Y. 2007), (citing *Rationis*, the Court held that the defendant had given sufficient notice of its argument that French laws applied in responses to both plaintiffs' Document Requests and Requests for Admissions and Related Interrogatories).

Fed. R. Civ. P. Rule 44.1 specifically authorizes a party to give notice in other written documents than the pleadings:

> § 44.1. Determination of Foreign Law
> A party who intends to raise an issue concerning the law of a foreign country shall give notice <u>in his pleadings or other reasonable written notice</u>. The court, in determining foreign law, may consider any relevant material or source, including testimony, whether or not submitted by a party or admissible under the Federal Rules of Evidence. The court's determination shall be treated as a ruling on a question of law.

"This notice [of intent to raise foreign law under Rule 44.1] may, but <u>need not, be incorporated in the pleadings</u>." NOTE OF THE ADVISORY COMMITTEE ON 1966 AMENDMENTS TO

---

shippers *inter se* in international trade." *Id.* at 2708. And the Visby Amendments were intended

8

FED. R. CIV. P. 44.1., 39 F.R.D. 69, 118 (1966). *See also* CHARLES A. WRIGHT AND ARTHUR R. MILLER, Federal Practice and Procedure, § 2443 (2d Ed. 1994) ("although Rule 44.1 calls for a notice, it does not require that the notice be in the pleadings"). As indicated by the Court of Appeals in *Rationis*, "Congress deliberately <u>declined to provide "any definite limit on the party's time for giving notice of an issue of foreign law"</u>". *Rationis*, 426 at 585. (emphasis added). The Court of Appeals hinted at the complexity of the choice of law analysis in a maritime mass tort to support that a notice may be given at a summary judgment stage. *Rationis*, 426 at 586 ("Indeed, in international disputes involving parties of sundry allegiances, the eight factor choice of law analysis discussed below is rarely well managed by bright-line rules, uniform deadlines, or aggressive findings of waiver"). Before the enactment of Rule 44.1 in 1966 , foreign law was considered as raising a question of fact and the party relying on it was required to raise it in its pleadings. CHARLES A. WRIGHT AND ARTHUR R. MILLER, *id.* This is no more the case since the adoption of Rule 44.1:

> The notice may be in the original or amended pleadings, but <u>a written notice outside of an even subsequent to the pleadings also is sufficient</u>, provided the notice is reasonable in content and timing. Given the liberality with which pleading amendments are allowed under Rule 15, it might not have been necessary to permit notice outside of the pleadings. The provision for this alternative was included in the rule to discourage formalisms including insistence of precise time limits for giving the required notice.

*Id*. *See also* NOTE OF THE ADVISORY COMMITTEE, *id.* at 118[3].

   Therefore, assuming *arguendo* that this Court should consider that Zim's notice in its pleadings were insufficient to put the defendants on notice of its intent to raise the Hague-Visby Rules, or The Hague Rules, Zim's express indication in its opposition papers dated January 11, 2008, that the Hague Visby Rules [as applied by Israeli Law] would apply to the contract of

---

to supplement the Hague Rules, not supplant them. *Id.* at 2711.

9

carriage, should be considered as a sufficient notice of Zim's intent to raise notably the application of that body of law.

The issue remains whether Zim gave a reasonable notice of its intent to raise the application of the Hague-Visby Rules in its opposition papers. "Congress passed Rule 44.1 in 1966 to "avoid unfair surprise". *Rationis*, 426 at 585. The Court of Appeals in *Rationis* indicated the requirements of reasonableness of the notice in these terms:

> The stage which the case has reached at the time of the notice, the reason proffered by the party for his failure to give earlier notice, and the importance to the case as a whole of the issue of foreign law sought to be raised, are among the factors which the court should consider in deciding a question of the reasonableness of a notice.

*Rationis*, 426 at 585. Here, Zim raised the application of Israeli law at a stage where discovery had not commenced[4], and where the defendants had not pled any Answer. The complexity of the case, a maritime mass tort, and the potential concurrent applications of several foreign laws made it difficult for Zim to designate specifically one body of law at the stage of the pleadings (*See above* point I for a development at length on this issue). Raising the application of the Hague-Visby Rules, or the Hague Rules, is certainly important for the case as a whole but not of such importance that it caught the defendants by surprise. In a letter addressed to the Court dated July 19, 2007, Mr. Gu Linmin, General Manager for Defendant Sinochem, listed as an argument in support of its request for the release of the funds attached by Zim under the Rule B attachment that "the New York court is not a venue of agreement for this litigation , wherein the goods are neither originated, nor destine[d] to the United States". Defendants Sinochem and Huabin then raised in their application for a pre-motion conference in September 2007 the argument that U.S. COGSA did not apply. The Defendants have obviously not suffered from any unfair surprise as

---

[3] "The liberal provisions for amendment of the pleadings afford help if the pleadings are used as the medium of giving notice of the foreign law; but it seems best to permit a written notice to be given outside of and later than the pleadings, provided the notice is reasonable." *Id.* (emph. add.)

a result of Zim's not indicating which law in particular it sought to apply in its pleadings. In any event, the Defendants have suffered no prejudice at this stage of the proceeding. *See Torah Soft, Ltd. v. Drosnin*, 224 F. Supp. 2d 704, 718-719 (S.D.N.Y. 2002) (defendants suffered no prejudice, as they had availed themselves of the opportunity to reply and included a further declaration by their expert, addressing Israeli law as it relates to the counterclaims at issue).

For all the foregoing reasons, assuming *arguendo* that Zim failed to give a proper notice under Rule 44.1 in its pleadings, the Court will find that Zim did give a reasonable written notice to the Defendants of its intent to plead foreign law in its brief in opposition to the Defendants' joint motion to dismiss Zim's complaint.

As a result, Plaintiff Zim respectfully requests that this Court reconsiders its holding in the Decision & Order dated May 5, 2008, dismissing the second and third causes of action of Zim's second amended complaint.

### POINT III

### THE FAILURE TO GIVE PROPER NOTICE OF THE APPLICABILITY OF FOREIGN LAW DOES NOT WARRANT DISMISSAL

In any event, even assuming *arguendo* that Zim failed to "give notice of the intent to raise foreign law", <u>the failure to give proper notice of the applicability of foreign law does not warrant dismissal of the cause of action</u>, because Rule 44.1 is merely meant to avoid unfair surprise to the parties. *See Hodson v. A.H. Robins Co., 528 F. Supp. 809, 824 (E.D. Va. 1981) , aff'd, 715 F.2d 142 (4th Cir. 1983)* (in case brought by English plaintiffs in Virginia, court of appeals rejected defendant's argument that because under Virginia choice of law rules British law applied, and plaintiffs failed to give notice under Rule 44.1, case should be dismissed; there was no risk of surprise because defendant raised question of applying British law).

---

[4] Magistrate Judge Gorensetin issued its pretrial scheduling order on January 14, 2008.

Courts in the Second Circuit have sanctioned the failure to give reasonable notice with a waiver of the applicability of foreign law to the case, <u>not dismissal, and have applied instead the law of the forum</u>. *See Clarkson Co. v. Shaheen,* 660 F.2d 506, 512, n.4 (2d Cir. 1981), *cert. den.* 102 S.Ct. 1614, 455 U.S. 990, 71 L.Ed.2d 850 (none of parties gave notice of applicability of Canadian law, thereby waiving application of any law other than that of forum); *Motorola Credit Corp. v. Uzan,* 274 F. Supp. 2d 481, 502, n.9 (S.D.N.Y. 2003) (defendants waived their right to seek application of foreign law by failing to comply with Rule 44.1); *Torah Soft Ltd. v. Drosnin*, 224 F. Supp. 2d 704, 712 (S.D.N.Y. 2002) ("It is well-established that in the absence of proof of foreign law, the law of the forum governs."); *In re Bennett Funding Group, Inc. Sec. Litig.*, 270 B.R. 126 (Bankr. S.D.N.Y. 2001) ("Even if [the parties had not consented to the application of New York law], the Court finds that the law of the forum state -- i.e., New York -- would still apply because none of the parties have proven foreign law through the submission of affidavits, statutory authority, case authority, sworn testimony or other similar evidence.")); *Wachs v. Winter*, 569 F. Supp. 1438 (E.D.N.Y, 1983) (when the parties fail to give notice of the applicability of foreign law, the district court may apply the law of the forum state). Courts of other circuits have reached similar conclusions:

> *1st Circuit - Putnam Resources v. Pateman, 958 F.2d 448, 466, n.19 (1st Cir. 1992)* ("None of the parties suggested the use of English law or gave notice under [Rule] 44.1 ... [h]ence, we do not consider the applicability of English law here"); *Carey v. Bahama Cruise Lines, 864 F.2d 201, 206 (1st Cir. 1988)* (when neither parties nor lower court mentioned possible applicability of foreign law, court of appeals stated, "[b]y their silence, the litigants consent to having their dispute resolved according to the law of the forum").
>
> *6th Circuit - Shonac Corp. v. AMKO Int'l, Inc., 763 F. Supp. 919, 940, n.2 (S.D. Ohio 1991)* (plaintiff's submission, one day before summary judgment was announced, of English translation of Korean law, and plaintiff's failure to mention applicability of Korean law in its third amended complaint, memorandum contra, or any other written or oral argument, constituted failure to provide proper notice and waived applicability of foreign law).

> 11th Circuit - *Anderson v. McAllister Towing & Transp. Co.*, 17 F. Supp. 2d 1280, 1286, n.6 (S.D. Ala. 1998) (defendant waived right to have Saudi Arabian law applied to contract dispute by failing to give reasonable notice of intent to raise issue of foreign law).

*See* MOORE'S FEDERAL PRACTICE, *Civil § 44.1.03[2]* (Vol. 9, Edition 2007) and note 6. *See also* CHARLES A. WRIGHT AND ARTHUR R. MILLER, Federal Practice and Procedure, § 2443, note 4 (2d Ed. 1994). The law of the forum may be federal law. *See Motorola Credit Corp.,* id. 274 at 502, n.9 (S.D.N.Y. 2003) (when no information or insufficient information has been obtained about foreign law, the forum may decide the case in accordance with its own local law); *Farrell Lines Inc. v. Columbus Cello-Poly Corp.*, 32 F. Supp. 2d 118, 128 (S.D.N.Y. 1997), *aff'd on other grounds sub nom. Farrell Lines Inc. v. Ceres Terminals Inc.,* 161 F.3d 115 (2d Cir. 1998).

If this Court maintains that Zim failed to notify its intent to raise the application of a foreign law or foreign laws, then it should rule that the law of the *forum,* U.S. COGSA, shall apply to Zim's second and third causes of action.

## CONCLUSION

For the foregoing reasons, Plaintiff Zim respectfully requests that this Court reconsiders its holding in the Decision & Order dated May 5, 2008, dismissing the second and third causes of action of Zim's second amended complaint.

Dated:  New York, New York
        May 15, 2008

        **DEORCHIS & PARTNERS, LLP**
        Attorneys for Defendant
        Zim Integrated Shipping Services, Ltd.

        By:_____s/_____
          Vincent M. DeOrchis (VMD-6515)
          Olivier D. L. DuPont (OD-2817)
          61 Broadway, 26th Floor
          New York, New York  10006-2802
          (212) 344-4700