UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ZIM INTEGRATED SHIPPING SERVICES, LTD.,<br><br>Plaintiff,<br><br>- v. -<br><br>BELCO RESOURCES, INC., SINOCHEM JIANGSU CORPORATION (FORMERLY KNOWN AS SINOCHEM JIANGSU IMPORT & EXPORT CORPORATION), NANJING HUABIN FOREIGN TRADE & ECONOMICS CO., LTD., DRAGONTRANS SHIPPING LTD. d/b/a HUABANG INTERNATIONAL, INC., SINOTRANS NINGBO INTERNATIONAL FORWARDING AGENCY CO., LTD., JOHN DOE 1-10,<br><br>Defendants. | 07 CIV 5861 (RMB) (GWG)<br><br>**ANSWER OF DEFENDANT SINOCHEM JIANGSU CORPORATION TO THE SECOND AMENDED VERIFIED COMPLAINT <u>AND RULE B ATTACHMENT</u>** |

Defendant Sinochem Jiangsu Corporation ("Sinochem Jiangsu"), by and through its undersigned attorneys, Lovells LLP, makes a restricted or special appearance pursuant to Supplemental Rule E(8) of the Supplemental Rules for Certain Admiralty and Maritime Claims, following the attachment of its assets and the establishment of *quasi in rem* jurisdiction, and answers the Second Amended Verified Complaint and Rule B Attachment (the "Complaint")[1] of plaintiff Zim Integrated Shipping Services, Ltd. ("Zim"), filed on or about November 6, 2007, while reserving all its rights and defenses, including defenses relating to personal jurisdiction, upon information and belief, as follows:

---

[1]     By Decision and Order dated May 2, 2008, the Court granted in part Defendants' joint motion to dismiss and dismissed Zim's Second Cause of Action for Breach of Warranty of Particulars as Against All Defendants, Third Cause of Action for Strict Liability under COGSA § 1304(6) as Against All Defendants, Fourth Cause of Action for Strict Product Liability as Against All Defendants, Fifth Cause of Action for Strict Liability for Failure to Warn as Against All Defendants, and Sixth Cause of Action for Negligent Failure to Warn as Against All Defendants.

## JURISDICTION AND VENUE

1.     The allegations contained in Paragraph 1 of the Complaint purport to state legal conclusions as to which no responsive pleading is required.

2.     The allegations contained in Paragraph 2 purport to state legal conclusions as to which no responsive pleading is required.  In the alternative, Sinochem Jiangsu denies those allegations.

3.     Denies possessing knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3.

4.     Denies possessing knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4.

5.     Admits the allegations contained in Paragraph 5.

6.     Denies possessing knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6.

7.     Denies possessing knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7.

8.     Denies possessing knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8.

9.     Denies possessing knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9.

## BACKGROUND FACTS

10.     Denies possessing knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10.

11.     Denies possessing knowledge or information sufficient to form a belief as to the

truth of the allegations contained in Paragraph 11.

12.     Denies possessing knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12.

13.     Denies possessing knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13.

14.     Denies possessing knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14.

15.     Denies the allegations contained in the first sentence of Paragraph 15 and respectfully refers the Court to the referenced international codes and conventions for the veracity of the allegations contained in the second sentence of Paragraph 15.

16.     Denies possessing knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 16 and avers that the allegations contained in the remainder of Paragraph 16 purport to state legal conclusions as to which no responsive pleading is required.

17.     Denies possessing knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17.

18.     Denies possessing knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18.

**Misrepresentation of the Cargo in the Bill of Lading**

19.     Denies possessing knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19.

20.     Denies possessing knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20.

21.    Denies possessing knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21, but denies the allegations contained in Paragraph 21 to the extent they are directed at Sinochem Jiangsu.

22.    Denies possessing knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22.

23.    Denies possessing knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23, but denies the allegations contained in Paragraph 23 to the extent they are directed at Sinochem Jiangsu.

24.    Denies the allegations contained in Paragraph 24.

25.    Denies the allegations contained in Paragraph 25.

26.    Denies the allegations contained in Paragraph 26.

27.    Denies possessing knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27.

28.    Denies possessing knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28.

29.    Denies possessing knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29, but denies the allegations contained in Paragraph 29 to the extent they are directed at Sinochem Jiangsu.

30.    Denies the allegations contained in Paragraph 30.

31.    Denies the allegations contained in Paragraph 31.

32.    Denies possessing knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32.

33.    Denies possessing knowledge or information sufficient to form a belief as to the

truth of the allegations contained in Paragraph 33.

34.    Denies the allegations contained in Paragraph 34.

35.    Denies the allegations contained in Paragraph 35.

36.    Denies the allegations contained in Paragraph 36.

37.    Denies the allegations contained in Paragraph 37.

38.    Denies the allegations contained in Paragraph 38.

39.    The allegations contained in Paragraph 39 purport to state legal conclusions as to which no responsive pleading is required.  In the alternative, Sinochem Jiangsu denies possessing knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39, but denies the allegations contained in Paragraph 39 to the extent they are directed at Sinochem Jiangsu.

## AS FOR A FIRST CAUSE OF ACTION
## FOR BREACH OF CONTRACT
## AS AGAINST BELCO[2]

40.    Sinochem Jiangsu incorporates its responses to paragraphs 1-39 of the Complaint by reference, as if fully set forth herein.

41.    Denies possessing knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 41.

42.    Denies possessing knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 42.

43.    Denies possessing knowledge or information sufficient to form a belief as to the

---

[2]    As Zim's First Cause of Action is directed at Defendant Belco Resources, Inc. ("Belco"), Sinochem Jiangsu is not required to plead in response to the allegations in Paragraphs 40 through 52.  In any event, Sinochem Jiangsu denies possessing knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 41 through 52.

truth of the allegations contained in Paragraph 43.

44.    Denies possessing knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 44.

45.    Denies possessing knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 45.

46.    Denies possessing knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 46.

47.    Denies possessing knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 47.

48.    Denies possessing knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 48.

49.    Denies possessing knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 49.

50.    Denies possessing knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 50.

51.    Denies possessing knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 51.

52.    Denies possessing knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 52.

## AS FOR A SECOND CAUSE OF ACTION
## FOR BREACH OF WARRANTY OF PARTICULARS
## AS AGAINST ALL DEFENDANTS

53.    Sinochem Jiangsu incorporates its responses to paragraphs 1-52 of the Complaint by reference, as if fully set forth herein.

54.    As Zim's claims set forth in its Second Cause of Action for Breach of Warranty

of Particulars have been dismissed, no pleading is required in response to Paragraph 54. Furthermore, the allegations contained in Paragraph 54 purport to state legal conclusions as to which no responsive pleading is required. In the alternative, Sinochem Jiangsu denies possessing knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 54, but denies the allegations contained in Paragraph 54 to the extent they are directed at Sinochem Jiangsu.

55.     As Zim's claims set forth in its Second Cause of Action for Breach of Warranty of Particulars have been dismissed, no pleading is required in response to Paragraph 55. Furthermore, the allegations contained in Paragraph 55 purport to state a legal conclusion as to which no responsive pleading is required. In the alternative, Sinochem Jiangsu denies possessing knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 55, but denies the allegations contained in Paragraph 55 to the extent they are directed at Sinochem Jiangsu.

56.     As Zim's claims set forth in its Second Cause of Action for Breach of Warranty of Particulars have been dismissed, no pleading is required in response to Paragraph 56. Furthermore, the allegations contained in Paragraph 56 purport to state a legal conclusion as to which no responsive pleading is required. In the alternative, Sinochem Jiangsu denies possessing knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 56, but denies the allegations contained in Paragraph 56 to the extent they are directed at Sinochem Jiangsu.

57.     As Zim's claims set forth in its Second Cause of Action for Breach of Warranty of Particulars have been dismissed, no pleading is required in response to Paragraph 57. Furthermore, the allegations contained in Paragraph 57 purport to state legal conclusions as to

which no responsive pleading is required. In the alternative, Sinochem Jiangsu denies

possessing knowledge or information sufficient to form a belief as to the truth of the allegations

contained in Paragraph 57, but denies the allegations contained in Paragraph 57 to the extent they

are directed at Sinochem Jiangsu.

**AS FOR A THIRD CAUSE OF ACTION**
**FOR STRICT LIABILITY UNDER COGSA § 1304(6)**
**<u>AS AGAINST ALL DEFENDANTS</u>**

58.     Sinochem Jiangsu incorporates its responses to paragraphs 1-57 of the Complaint

by reference, as if fully set forth herein.

59.     As Zim's claims set forth in its Third Cause of Action for Strict Liability under

COGSA § 1304(6) have been dismissed, no pleading is required in response to Paragraph 59.

Furthermore, the allegations contained in Paragraph 59 purport to state legal conclusions as to

which no responsive pleading is required.

60.     As Zim's claims set forth in its Third Cause of Action for Strict Liability under

COGSA § 1304(6) have been dismissed, no pleading is required in response to Paragraph 60.

Furthermore, the allegations contained in Paragraph 60 purport to state legal conclusions as to

which no responsive pleading is required. In the alternative, Sinochem Jiangsu denies

possessing knowledge or information sufficient to form a belief as to the truth of the allegations

contained in Paragraph 60, but denies the allegations contained in Paragraph 60 to the extent they

are directed at Sinochem Jiangsu.

61.     As Zim's claims set forth in its Third Cause of Action for Strict Liability under

COGSA § 1304(6) have been dismissed, no pleading is required in response to Paragraph 61.

Furthermore, the allegations contained in Paragraph 61 purport to state legal conclusions as to

which no responsive pleading is required. In the alternative, Sinochem Jiangsu denies

possessing knowledge or information sufficient to form a belief as to the truth of the allegations

contained in Paragraph 61.

62.     As Zim's claims set forth in its Third Cause of Action for Strict Liability under COGSA § 1304(6) have been dismissed, no pleading is required in response to Paragraph 62. In the alternative, Sinochem Jiangsu denies possessing knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 62.

63.     As Zim's claims set forth in its Third Cause of Action for Strict Liability under COGSA § 1304(6) have been dismissed, no pleading is required in response to Paragraph 63. Furthermore, the allegations contained in Paragraph 63 purport to state legal conclusions as to which no responsive pleading is required. In the alternative, Sinochem Jiangsu denies possessing knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 63, but denies the allegations contained in Paragraph 63 to the extent they are directed at Sinochem Jiangsu.

64.     As Zim's claims set forth in its Third Cause of Action for Strict Liability under COGSA § 1304(6) have been dismissed, no pleading is required in response to Paragraph 64. Furthermore, the allegations contained in Paragraph 64 purport to state legal conclusions as to which no responsive pleading is required. In the alternative, Sinochem Jiangsu denies possessing knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 64, but denies the allegations contained in Paragraph 64 to the extent they are directed at Sinochem Jiangsu.

## AS FOR A FOURTH CAUSE OF ACTION
## FOR STRICT PRODUCT LIABILITY
## AS AGAINST ALL DEFENDANTS

65.     Sinochem Jiangsu incorporates its responses to paragraphs 1-64 of the Complaint by reference, as if fully set forth herein.

66.     As Zim's claims set forth in its Fourth Cause of Action for Strict Product Liability

have been dismissed, no pleading is required in response to Paragraph 66. Furthermore, the allegations contained in Paragraph 66 purport to state legal conclusions as to which no responsive pleading is required.

67.     As Zim's claims set forth in its Fourth Cause of Action for Strict Product Liability have been dismissed, no pleading is required in response to Paragraph 67. Furthermore, the allegations contained in Paragraph 67 purport to state legal conclusions as to which no responsive pleading is required. Sinochem Jiangsu respectfully refers the Court to the referenced international codes and conventions for the veracity of the allegations contained in Paragraph 67.

68.     As Zim's claims set forth in its Fourth Cause of Action for Strict Product Liability have been dismissed, no pleading is required in response to Paragraph 68. Furthermore, the allegations contained in Paragraph 68 purport to state legal conclusions as to which no responsive pleading is required. In the alternative, Sinochem Jiangsu denies possessing knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 68, but denies the allegations contained in Paragraph 68 to the extent they are directed at Sinochem Jiangsu.

69.     As Zim's claims set forth in its Fourth Cause of Action for Strict Product Liability have been dismissed, no pleading is required in response to Paragraph 69. Furthermore, the allegations contained in Paragraph 69 purport to state legal conclusions as to which no responsive pleading is required. In the alternative, Sinochem Jiangsu denies the allegations contained in Paragraph 69.

70.     As Zim's claims set forth in its Fourth Cause of Action for Strict Product Liability have been dismissed, no pleading is required in response to Paragraph 70. Furthermore, the allegations contained in Paragraph 70 purport to state legal conclusions as to which no

responsive pleading is required.  In the alternative, Sinochem Jiangsu denies possessing

knowledge or information sufficient to form a belief as to the truth of the allegations contained in

Paragraph 70, but denies the allegations contained in Paragraph 70 to the extent they are directed

at Sinochem Jiangsu.

71.    As Zim's claims set forth in its Fourth Cause of Action for Strict Product Liability

have been dismissed, no pleading is required in response to Paragraph 71.  In the alternative,

Sinochem Jiangsu denies possessing knowledge or information sufficient to form a belief as to

the truth of the allegations contained in Paragraph 71, but denies the allegations contained in

Paragraph 71 to the extent they are directed at Sinochem Jiangsu.

72.    As Zim's claims set forth in its Fourth Cause of Action for Strict Product Liability

have been dismissed, no pleading is required in response to Paragraph 72.  In the alternative,

Sinochem Jiangsu denies possessing knowledge or information sufficient to form a belief as to

the truth of the allegations contained in Paragraph 72, but denies the allegations contained in

Paragraph 72 to the extent they are directed at Sinochem Jiangsu.

73.    As Zim's claims set forth in its Fourth Cause of Action for Strict Product Liability

have been dismissed, no pleading is required in response to Paragraph 73.  In the alternative,

Sinochem Jiangsu denies possessing knowledge or information sufficient to form a belief as to

the truth of the allegations contained in Paragraph 73.

74.    As Zim's claims set forth in its Fourth Cause of Action for Strict Product Liability

have been dismissed, no pleading is required in response to Paragraph 74.  Furthermore, the

allegations contained in Paragraph 74 purport to state a legal conclusion as to which no

responsive pleading is required.  In the alternative, Sinochem Jiangsu denies possessing

knowledge or information sufficient to form a belief as to the truth of the allegations contained in

Paragraph 74.

75.    As Zim's claims set forth in its Fourth Cause of Action for Strict Product Liability have been dismissed, no pleading is required in response to Paragraph 75.  Furthermore, the allegations contained in Paragraph 75 purport to state legal conclusions as to which no responsive pleading is required.  In the alternative, Sinochem Jiangsu denies possessing knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 75, but denies the allegations contained in Paragraph 75 to the extent they are directed at Sinochem Jiangsu.

**AS FOR A FIFTH CAUSE OF ACTION**
**FOR STRICT LIABILITY FOR FAILURE TO WARN**
**AS AGAINST ALL DEFENDANTS**

76.    Sinochem Jiangsu incorporates its responses to paragraphs 1-75 of the Complaint by reference, as if fully set forth herein.

77.    As Zim's claims set forth in its Fifth Cause of Action for Strict Liability for Failure to Warn have been dismissed, no pleading is required in response to Paragraph 77. Furthermore, the allegations contained in Paragraph 77 purport to state legal conclusions as to which no responsive pleading is required.

78.    As Zim's claims set forth in its Fifth Cause of Action for Strict Liability for Failure to Warn have been dismissed, no pleading is required in response to Paragraph 78.  In the alternative, Sinochem Jiangsu denies possessing knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 78, but denies the allegations contained in Paragraph 78 to the extent they are directed at Sinochem Jiangsu.

79.    As Zim's claims set forth in its Fifth Cause of Action for Strict Liability for Failure to Warn have been dismissed, no pleading is required in response to Paragraph 79. Furthermore, the allegations contained in Paragraph 79 purport to state legal conclusions as to

which no responsive pleading is required. In the alternative, Sinochem Jiangsu denies possessing knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 79, but denies the allegations contained in Paragraph 79 to the extent they are directed at Sinochem Jiangsu.

80.     As Zim's claims set forth in its Fifth Cause of Action for Strict Liability for Failure to Warn have been dismissed, no pleading is required in response to Paragraph 80. Furthermore, the allegations contained in Paragraph 80 purport to state legal conclusions as to which no responsive pleading is required. In the alternative, Sinochem Jiangsu denies possessing knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 80.

81.     As Zim's claims set forth in its Fifth Cause of Action for Strict Liability for Failure to Warn have been dismissed, no pleading is required in response to Paragraph 81. In the alternative, Sinochem Jiangsu denies possessing knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 81, but denies the allegations contained in Paragraph 81 to the extent they are directed at Sinochem Jiangsu.

82.     As Zim's claims set forth in its Fifth Cause of Action for Strict Liability for Failure to Warn have been dismissed, no pleading is required in response to Paragraph 82. Furthermore, the allegations contained in Paragraph 82 purport to state legal conclusions as to which no responsive pleading is required. In the alternative, Sinochem Jiangsu denies possessing knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 82, but denies the allegations contained in Paragraph 82 to the extent they are directed at Sinochem Jiangsu.

83.     As Zim's claims set forth in its Fifth Cause of Action for Strict Liability for

Failure to Warn have been dismissed, no pleading is required in response to Paragraph 83.

Furthermore, the allegations contained in Paragraph 83 purport to state legal conclusions as to

which no responsive pleading is required. In the alternative, Sinochem Jiangsu denies

possessing knowledge or information sufficient to form a belief as to the truth of the allegations

contained in Paragraph 83, but denies the allegations contained in Paragraph 83 to the extent they

are directed at Sinochem Jiangsu.

**AS FOR A SIXTH CAUSE OF ACTION
FOR NEGLIGENT FAILURE TO WARN
<u>AS AGAINST ALL DEFENDANTS</u>**

84.     Sinochem Jiangsu incorporates its responses to paragraphs 1-83 of the Complaint

by reference, as if fully set forth herein.

85.     As Zim's claims set forth in its Sixth Cause of Action for Negligent Failure to

Warn have been dismissed, no pleading is required in response to Paragraph 85. Furthermore,

the allegations contained in Paragraph 85 purport to state legal conclusions as to which no

responsive pleading is required.

86.     As Zim's claims set forth in its Sixth Cause of Action for Negligent Failure to

Warn have been dismissed, no pleading is required in response to Paragraph 86. In the

alternative, Sinochem Jiangsu denies possessing knowledge or information sufficient to form a

belief as to the truth of the allegations contained in Paragraph 86, but denies the allegations

contained in Paragraph 86 to the extent they are directed at Sinochem Jiangsu.

87.     As Zim's claims set forth in its Sixth Cause of Action for Negligent Failure to

Warn have been dismissed, no pleading is required in response to Paragraph 87. Furthermore,

the allegations contained in Paragraph 87 purport to state legal conclusions as to which no

responsive pleading is required. In the alternative, Sinochem Jiangsu denies possessing

knowledge or information sufficient to form a belief as to the truth of the allegations contained in

Paragraph 87, but denies the allegations contained in Paragraph 87 to the extent they are directed at Sinochem Jiangsu.

88.     As Zim's claims set forth in its Sixth Cause of Action for Negligent Failure to Warn have been dismissed, no pleading is required in response to Paragraph 88. Furthermore, the allegations contained in Paragraph 88 purport to state legal conclusions as to which no responsive pleading is required. In the alternative, Sinochem Jiangsu denies possessing knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 88.

89.     As Zim's claims set forth in its Sixth Cause of Action for Negligent Failure to Warn have been dismissed, no pleading is required in response to Paragraph 89. Furthermore, the allegations contained in Paragraph 89 purport to state legal conclusions as to which no responsive pleading is required. In the alternative, Sinochem Jiangsu denies possessing knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 89.

90.     As Zim's claims set forth in its Sixth Cause of Action for Negligent Failure to Warn have been dismissed, no pleading is required in response to Paragraph 90. Furthermore, the allegations contained in Paragraph 90 purport to state legal conclusions as to which no responsive pleading is required. In the alternative, Sinochem Jiangsu denies possessing knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 90, but denies the allegations contained in Paragraph 90 to the extent they are directed at Sinochem Jiangsu.

91.     As Zim's claims set forth in its Sixth Cause of Action for Negligent Failure to Warn have been dismissed, no pleading is required in response to Paragraph 91. Furthermore,

the allegations contained in Paragraph 91 purport to state legal conclusions as to which no responsive pleading is required.  In the alternative, Sinochem Jiangsu denies possessing knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 91, but denies the allegations contained in Paragraph 91 to the extent they are directed at Sinochem Jiangsu.

92.     As Zim's claims set forth in its Sixth Cause of Action for Negligent Failure to Warn have been dismissed, no pleading is required in response to Paragraph 92.  Furthermore, the allegations contained in Paragraph 92 purport to state legal conclusions as to which no responsive pleading is required.  In the alternative, Sinochem Jiangsu denies possessing knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 92, but denies the allegations contained in Paragraph 92 to the extent they are directed at Sinochem Jiangsu.

93.     As Zim's claims set forth in its Sixth Cause of Action for Negligent Failure to Warn have been dismissed, no pleading is required in response to Paragraph 93.  Furthermore, the allegations contained in Paragraph 93 purport to state legal conclusions as to which no responsive pleading is required.  In the alternative, Sinochem Jiangsu denies possessing knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 93, but denies the allegations contained in Paragraph 93 to the extent they are directed at Sinochem Jiangsu.

## AS AND FOR A SEVENTH CAUSE OF ACTION
## FOR NEGLIGENT MISREPRESENTATION
## AS AGAINST ALL DEFENDANTS

94.     Sinochem Jiangsu incorporates its responses to paragraphs 1-93 of the Complaint by reference, as if fully set forth herein.

95.     Denies possessing knowledge or information sufficient to form a belief as to the

truth of the allegations contained in Paragraph 95, but denies the allegations contained in Paragraph 95 to the extent they are directed at Sinochem Jiangsu.

96.    Denies possessing knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 96, but denies the allegations contained in Paragraph 96 to the extent they are directed at Sinochem Jiangsu.

97.    Denies possessing knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 97, but denies the allegations contained in Paragraph 97 to the extent they are directed at Sinochem Jiangsu.

98.    Denies possessing knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 98, but denies the allegations contained in Paragraph 98 to the extent they are directed at Sinochem Jiangsu.

99.    Denies possessing knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 99, but denies the allegations contained in Paragraph 99 to the extent they are directed at Sinochem Jiangsu.

100.    Denies possessing knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 100, but denies the allegations contained in Paragraph 100 to the extent they are directed at Sinochem Jiangsu.

101.    Paragraph 101 purports to state a legal conclusion as to which no responsive pleading is required.  In the alternative, Sinochem Jiangsu denies the allegations in Paragraph 101.

**AS FOR AN EIGHTH CAUSE OF ACTION
FOR FRAUD
<u>AS AGAINST ALL DEFENDANTS</u>**

102.    Sinochem Jiangsu incorporates its responses to paragraphs 1-101 of the Complaint by reference, as if fully set forth herein.

103.    Denies possessing knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 103, but denies the allegations contained in Paragraph 103 to the extent they are directed at Sinochem Jiangsu.

104.    Denies possessing knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 104, but denies the allegations contained in Paragraph 104 to the extent they are directed at Sinochem Jiangsu.

105.    Denies possessing knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 105, but denies the allegations contained in Paragraph 105 to the extent they are directed at Sinochem Jiangsu.

106.    Denies possessing knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 106.

107.    Denies possessing knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 107, but denies the allegations contained in Paragraph 107 to the extent they are directed at Sinochem Jiangsu.

108.    Denies possessing knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 108, but denies the allegations contained in Paragraph 108 to the extent they are directed at Sinochem Jiangsu.

109.    The allegations contained in Paragraph 109 purport to state legal conclusions as to which no responsive pleading is required.  In the alternative, Sinochem Jiangsu denies possessing knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 109, but denies the allegations contained in Paragraph 109 to the extent they are directed at Sinochem Jiangsu.

110.    Denies possessing knowledge or information sufficient to form a belief as to the

truth of the allegations contained in Paragraph 110, but denies the allegations contained in Paragraph 110 to the extent they are directed at Sinochem Jiangsu.

111.    Denies possessing knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 111, but denies the allegations contained in Paragraph 111 to the extent they are directed at Sinochem Jiangsu.

112.    Denies possessing knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 112, but denies the allegations contained in Paragraph 112 to the extent they are directed at Sinochem Jiangsu.

113.    Paragraph 113 purports to state a legal conclusion as to which no responsive pleading is required.  In the alternative, Sinochem Jiangsu denies the allegations in Paragraph 113.

### AS FOR A NINTH CAUSE OF ACTION
### FOR PUNITIVE DAMAGES
### AS AGAINST ALL DEFENDANTS

114.    Sinochem Jiangsu incorporates its responses to paragraphs 1-113 of the Complaint by reference, as if fully set forth herein.

115.    Denies possessing knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 115, but denies the allegations contained in Paragraph 115 to the extent they are directed at Sinochem Jiangsu.

116.    The allegations contained in Paragraph 116 purport to state legal conclusions as to which no responsive pleading is required.  In the alternative, Sinochem Jiangsu denies possessing knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 116, but denies the allegations contained in Paragraph 116 to the extent they are directed at Sinochem Jiangsu.

## JOINDER OF CLAIM FOR DECLARATORY JUDGMENT

117.    Sinochem Jiangsu incorporates its responses to paragraphs 1-116 of the Complaint by reference, as if fully set forth herein.

## JURISDICTION

118.    Paragraph 118 purports to state a legal conclusion as to which no responsive pleading is required.

## VENUE

119.    Paragraph 119 purports to state a legal conclusion as to which no responsive pleading is required.

## EXCLUSION OF LIABILITY FOR CARGO LOSS DUE TO FIRE

120.    Sinochem Jiangsu incorporates its responses to paragraphs 1-119 of the Complaint by reference, as if fully set forth herein.

121.    Paragraph 121 purports to state a legal conclusion as to which no responsive pleading is required.

122.    Paragraph 122 purports to state a legal conclusion as to which no responsive pleading is required.

123.    Denies possessing knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 123.

124.    Denies possessing knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 124.

125.    Denies possessing knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 125.

126.    Paragraph 126 purports to state a legal conclusion as to which no responsive pleading is required.

127.    Paragraph 127 purports to state legal conclusions as to which no responsive pleading is required.  Furthermore, Sinochem Jiangsu denies that Zim is entitled to the relief it claims to be entitled to in Paragraph 127.

## EXCLUSION OF LIABILITY FOR CARGO LOSS
## DUE TO HAZARDOUS PRODUCTS

128.    Sinochem Jiangsu incorporates its responses to paragraphs 1-127 of the Complaint by reference, as if fully set forth herein.

129.    Paragraph 129 purports to state a legal conclusion as to which no responsive pleading is required.

130.    Denies possessing knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 130.

131.    Denies possessing knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 131, but denies the allegations contained in Paragraph 131 to the extent they are directed at Sinochem Jiangsu.

132.    Denies possessing knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 132, but denies the allegations contained in Paragraph 132 to the extent they are directed at Sinochem Jiangsu.

133.    Denies possessing knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 133.

134.    Paragraph 134 purports to state legal conclusions as to which no responsive pleading is required.  Furthermore, Sinochem Jiangsu denies possessing knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 134 and denies that Zim is entitled to the relief it claims to be entitled to in Paragraph 134.

## INDEMNIFICATION OR CONTRIBUTION BY SHIPPER
## FOR ANY THIRD PARTY CLAIMS

135.    Sinochem Jiangsu incorporates its responses to paragraphs 1-134 of the Complaint by reference, as if fully set forth herein.

136.    Denies possessing knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 136, but denies the allegations contained in Paragraph 136 to the extent they are directed at Sinochem Jiangsu.

137.    Denies possessing knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 137, but denies the allegations contained in Paragraph 137 to the extent they are directed at Sinochem Jiangsu, except that Sinochem Jiangsu admits that Defendants have been given notice of the loss and informed of Zim's intention to seek indemnification. Sinochem Jiangsu denies that Zim is entitled to the relief it claims to be entitled to in Paragraph 137.

## APPLICATION FOR ISSUANCE
## OF A RULE B ATTACHMENT

138.    Sinochem Jiangsu incorporates its responses to paragraphs 1-137 of the Complaint by reference, as if fully set forth herein.

139.    Denies possessing knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 139, but admits that Sinochem Jiangsu cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims and that Zim has caused to be attached assets within this District in the approximate amount of US $3,096,694.00 belonging to Sinochem Jiangsu.

140.    Denies possessing knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 140, but admits that Zim has sought to attach and has caused the attachment of assets in the amount of at least US $3,096,694.00 belonging to

Sinochem Jiangsu.

141.    Paragraph 141 purports to state legal conclusions as to which no responsive pleading is required.  Furthermore, Sinochem Jiangsu denies possessing knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 141 and denies that Zim is entitled to the relief it claims to be entitled to in Paragraph 141.

## ADDITIONAL DEFENSES

As separate and distinct additional defenses to the Complaint and each of Zim's claims for relief, Sinochem Jiangsu, without conceding that it bears the burden of proof as to any of the following issues and without in any way admitting any of the allegations of the Complaint, alleges as follows:

### AS FOR A FIRST DEFENSE

142.    This forum is an inconvenient forum for this dispute and the action should be dismissed in favor of litigation in China.

### AS FOR A SECOND DEFENSE

143.    The Court lacks personal jurisdiction over Sinochem Jiangsu and, at most, has acquired *quasi in rem* jurisdiction over part of the funds attached.

### AS FOR A THIRD DEFENSE

144.    Zim has failed to make proper service of the Complaint on Sinochem Jiangsu.

### AS FOR A FOURTH DEFENSE

145.    The Complaint fails to state a claim upon which relief may be granted.

### AS FOR A FIFTH DEFENSE

146.    Zim has not pled fraud with the level of particularity required under Rule 9(b) of the Federal Rules of Civil Procedure.

## AS FOR A SIXTH DEFENSE

147.     The claims in the Complaint are barred, in whole or in part, by the doctrine of unclean hands.

## AS FOR AN SEVENTH DEFENSE

148.     The claims in the Complaint are barred, in whole or in part, by the doctrine of waiver.

## AS FOR A EIGHTH DEFENSE

149.     The claims in the Complaint are barred, in whole or in part, by the doctrine of estoppel.

## AS FOR A NINTH DEFENSE

150.     The claims in the Complaint are barred, in whole or in part, by the doctrine of assumption of risk.

## AS FOR AN TENTH DEFENSE

151.     The claims in the Complaint are barred, in whole or in part, by virtue of Zim's own inaction, culpable conduct, and unreasonable delay.

## AS FOR A ELEVENTH DEFENSE

152.     The claims in the Complaint are barred, in whole or in part, by virtue of Zim's own negligence.

## AS FOR A TWELFTH DEFENSE

153.     The claims in the Complaint are barred, in whole or in part, by the applicable statutes of limitations.

## AS FOR A THIRTEENTH DEFENSE

154.     The claims in the Complaint are barred, in whole or in part, by the terms of Zim's applicable Bill of Lading.

## AS FOR A FOURTEENTH DEFENSE

155.    The claims in the Complaint are barred, in whole or in part, because any losses allegedly suffered by Zim did not result from conduct by, or imputable to, Sinochem Jiangsu, but rather resulted from conduct of other parties or non-parties or their agents and representatives.

## AS FOR A FIFTEENTH DEFENSE

156.    The claims in the Complaint are barred, in whole or in part, because any losses allegedly suffered by Zim did not result from conduct by, or imputable to, Sinochem Jiangsu, but rather resulted from the negligence of other parties or non-parties or their agents and representatives.

## AS FOR A SIXTEENTH DEFENSE

157.    Sinochem Jiangsu did not make any false or misleading statement or omission of material fact.

## AS FOR AN SEVENTEENTH DEFENSE

158.    Zim did not reasonably rely on any alleged false or misleading statement or omission by Sinochem Jiangsu as to any material fact.

## AS FOR A EIGHTEENTH DEFENSE

159.    Sinochem Jiangsu is not responsible in law or fact for any alleged false or misleading statements or omissions of material fact by persons or entities other than it.

## AS FOR A NINETEENTH DEFENSE

160.    Sinochem Jiangsu is not liable because it did not proximately cause the losses allegedly suffered by Zim.

## AS FOR A TWENTIETH DEFENSE

161.    The conduct of persons or entities other than Sinochem Jiangsu was a superseding or intervening cause of any damage, loss, or injury allegedly sustained by Zim.

## AS FOR A TWENTY-FIRST DEFENSE

162.    To the extent that Zim sustained any damage, loss, or injury, any damage award against Sinochem Jiangsu should be reduced, diminished, and/or eliminated to reflect only Sinochem Jiangsu's percentage of responsibility.

## AS FOR A TWENTY-SECOND DEFENSE

163.    Zim has failed to properly mitigate, minimize, or avoid its alleged damages.

## FURTHER DENIAL AND RESERVATION OF RIGHTS

164.    Sinochem Jiangsu denies all allegations not explicitly admitted in this Answer, except those allegations as to the truth of which it has denied possessing knowledge or information sufficient to form a belief.

165.    Sinochem Jiangsu reserves the right to amend its pleadings and to assert additional or different defenses based upon information or evidence developed in discovery or otherwise.

**WHEREFORE,** Sinochem Jiangsu demands judgment:

(a)    dismissing the Complaint herein with prejudice;

(b)    withdrawing and rescinding the Court's *Ex-Parte* Order for Process of Maritime Attachment dated June 21, 2007 and the Court's Amended *Ex-Parte* Order for Process of Maritime Attachment dated September 14, 2007, which ordered the issuance of Process of Maritime Attachment and Garnishment against Sinochem Jiangsu in this action;

(c)    ordering that funds belonging to Sinochem Jiangsu, which have been attached in the possession of garnishees pursuant to the foregoing Process of Maritime Attachment and Garnishment in the amount of US

$3,096,694.00 be released from attachment and directing the garnishees

to pay these funds over to Sinochem Jiangsu;

(d)    awarding Sinochem Jiangsu its costs, disbursements, and other expenses

incurred in connection with this action, including reasonable attorneys'

fees; and

(e)    awarding Sinochem Jiangsu such other and further relief as the Court may

deem just and proper.

Dated: New York, New York
       May 16, 2008

                                          Respectfully submitted,

                                          LOVELLS LLP

                              By:    _____

                                          Edward T. Schorr (ES-0290)
                                          Hillel I. Parness (HP-1638)
                                          Derek J. Craig (DC-0999)

                                          590 Madison Avenue
                                          New York, New York 10022
                                          Tel: (212) 909-0600
                                          Fax: (212) 909-0660
                                          *Attorneys for Defendant*
                                          *Sinochem Jiangsu Corporation*

To:    **Via ECF**
       DeOrchis Wiener & Partners, LLP
       Attorneys for the Plaintiff,
       ZIM INTEGRATED SHIPPING SERVICES, LTD.
       61 Broadway, 26th Floor
       New York, New York 10006-2802
       Attn:   Vincent M. DeOrchis, Esq.
               Olivier D.L. DuPont, Esq.