UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| ZIM INTEGRATED SHIPPING SERVICES, LTD., <br><br> Plaintiff, <br><br> - against - <br><br> BELCO RESOURCES, INC., SINOCHEM JIANGSU CORPORATION (FORMERLY KNOWN AS SINOCHEM JIANGSU IMPORT & EXPORT CORPORATION), NANJING HUABIN FOREIGN TRADE & ECONOMICS CO., LTD., DRAGONTRANS SHIPPING LTD. D/B/A HUABANG INTERNATIONAL, INC., SINOTRANS NINGBO INTERNATIONAL FORWARDING AGENCY CO., LTD., JOHN DOE 1-10, <br><br> Defendants. | 07 CIV 5861 (RMB) |

**SINOCHEM JIANGSU CORPORATION'S
MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S
<u>MOTION FOR RECONSIDERATION OF THE COURT'S MAY 5, 2008 ORDER</u>**

## TABLE OF CONTENTS

**Page(s)**

Table of Contents ............................................................................................................................. i

Table of Authorities ........................................................................................................................ ii

BACKGROUND. ........................................................................................................................... 1

ARGUMENT .................................................................................................................................. 1

I.    ZIM DID NOT PLEAD ANY CLAIMS UNDER ISRAELI LAW .................................. 3

II.    ZIM FAILS TO EXPLAIN SATISFACTORILY ITS DILATORY
NOTICE OF INTENTION TO PLEAD ISRAELI LAW. .................................................. 6

III.    THIS COURT CORRECTLY DISMISSED ZIM'S COGSA CLAIMS ........................... 8

CONCLUSION ............................................................................................................................. 10

TABLE OF AUTHORITIES

Page(s)

Cases

*Eschelbach v. CCF Charterhouse/Credit Commercial de France*,
 No. 01 Civ. 1778 (FM), 2006 WL 27094 (S.D.N.Y. Jan. 4, 2006)......................5

*Faggionato v. Lerner*,
 500 F. Supp. 2d 237 (S.D.N.Y. 2007)..................................................................9

*Frietsch v. Refco*,
 56 F.3d 825 (7th Cir. 1995).................................................................................5

*Grice v. A/S J. Ludwig Mowinckels*,
 477 F. Supp. 365 (S.D.Ala. 1979)........................................................................5

*Hidden Brook Air, Inc. v. Thabet Aviation Int'l*,
 241 F. Supp. 2d 246 (S.D.N.Y. 2002)..................................................................8

*Ivan Visin Shipping, Ltd. v. Onego Shipping & Chartering B.V.*,
 No. 08 Civ. 1239 (JSR), __ F. Supp. 2d __, 2008 WL 1708913
 (S.D.N.Y. Apr. 14, 2008) ................................................................................ 2, 5

*Local 875 I.B.T. Pension Fund v. Pollack*,
 992 F. Supp. 545 (E.D.N.Y. 1998).......................................................................7

*In re Magnetic Audiotape Antitrust Litig.*,
 334 F.3d 204 (2d Cir. 2003) ............................................................................ 6, 7

*O'Brien v. Nat'l Prop. Analysts Partners*,
 719 F. Supp. 222 (S.D.N.Y. 1989)...................................................................4, 7

*OGI Oceangate Trans. Co., Ltd. v. RP Logistics PVT., Ltd.*,
 No. 06-9441 (RWS), 2007 WL 1834711 (S.D.N.Y. Jun. 26, 2007) ...................9

*Range Road Music, Inc. v. Music Sales Corp.*,
 90 F. Supp. 2d 390 (S.D.N.Y. 2000)....................................................................9

*Rationis Enterprises Inc. of Panama v. Hyundai Mipo Dockyard Co.*,
 426 F.3d 580 (2d Cir. 2005)........................................................................2, 5, 8

*Strauss v. Credit Lyonnais, S.A.*,
  242 F.R.D. 199, 2007 U.S. Dist. LEXIS 38378 (E.D.N.Y. May 25, 2007)..........8

*Studio & Partners v. KI*,
  No. 06-0628 (WCB), 2008 WL 426496 (E.D. Wisc. Feb. 14, 2008)...................6

*Sullivan v. AJAX Nav. Corp.*,
  881 F. Supp. 906 (S.D.N.Y. 1995).yyy...............................................................7

*Torah Soft, Ltd. v. Drosnin*,
  224 F. Supp. 2d 704 (S.D.N.Y. 2002)..................................................................8

*Walsh v. WOR Radio*,
  537 F. Supp. 2d 553 (S.D.N.Y. 2008);..................................................................2

*Weiss v. Nat'l Westminster Bank, PLC*,
  05-4622 (CPS) (KAM), 2007 U.S. Dist. LEXIS 35103 (E.D.N.Y. May 14, 2007)............8

*Winn v. Schafer,*
  499 F. Supp. 2d 390 (S.D.N.Y. 2007)..................................................................9

**Other Authorities**

9A Charles Alan Wright & Arthur R. Miller,
  *Federal Practice & Procedure* § 2443 (Westlaw 2008)..................................5, 7

Defendant Sinochem Jiangsu Corporation ("Sinochem Jiangsu") submits this memorandum of law in opposition to the motion for reconsideration filed by Plaintiff Zim Integrated Shipping Services, Ltd. ("Zim") on May 15, 2008.[1]

## BACKGROUND

Zim filed its original complaint in this action on June 20, 2007. On September 11, 2007, it amended its complaint for the first time. On September 19, 2007, Sinochem Jiangsu requested a pre-motion conference, advising the Court that it wished to move to dismiss Zim's complaint on multiple bases, including Zim's failure to state a claim under the Carriage of Goods at Sea Act ("COGSA"). At the October 18, 2007 pre-motion conference, Zim requested permission to amend its complaint for a second time. The Court granted Zim's request with prejudice. Zim filed its Second Amended Complaint on or about October 25, 2007, adding a second COGSA claim and while leaving its original COGSA claim unchanged. On November 28, 2007, Sinochem Jiangsu, joined by defendant Nanjing Huabin Foreign Trade and Economics Co., Ltd. ("Nanjing Huabin"), moved to dismiss the Second Amended Complaint, arguing that the two COGSA claims should be dismissed for failure to allege transport of cargo to or from a United States port, and also arguing that Zim had not pled Israeli law or application of the Hague-Visby Rules.

On May 5, 2008, this Court entered an Order dismissing both of Zim's COGSA claims, along with three other causes of action, for the reasons identified by Sinochem Jiangsu and Nanjing Huabin. On May 15, 2008, Zim moved the Court to reconsider its dismissal of Zim's COGSA claims. For the reasons set forth below and in Sinochem Jiangsu's original motion papers, the Court should deny Zim's motion.

---

[1] We are advised that one or more of the other defendants in this action will be joining this opposition.

## ARGUMENT

The Court properly dismissed Zim's COGSA claims, and Zim fails to demonstrate that the Court overlooked any "controlling decisions or data." *Ivan Visin Shipping, Ltd. v. Onego Shipping & Chartering B.V.*, No. 08 Civ. 1239 (JSR), __ F. Supp. 2d __, 2008 WL 1708913, at *1 (S.D.N.Y. Apr. 14, 2008) (citation omitted). Indeed, the main authority Zim claims this Court overlooked -- *Rationis Enterprises Inc. of Panama v. Hyundai Mipo Dockyard Co.,* 426 F.3d 580 (2d Cir. 2005) -- is cited twice in this Court's May 5, 2008 decision.

Reconsideration of a court's prior order under Local Rule 6.3 is an "extraordinary" remedy that should be applied strictly and "employed sparingly," lest repetitive arguments "already briefed, considered and decided" obstruct the interests of "finality and conservation of scarce judicial resources." *Walsh v. WOR Radio*, 537 F. Supp. 2d 553, 554 (S.D.N.Y. 2008); *Ivan Visin Shipping*, 2008 WL 1708913, at *1 (citation omitted). Zim may not use the rule to "plug[] the gaps of a lost motion with additional matters" and "advance different theories not previously argued," particularly where Zim had ample opportunity to advance such theories in its opposition brief, sur-reply papers and multiple complaints. *Walsh*, 537 F. Supp. 2d at 555 (citations and internal quotation marks omitted).

Despite the fact that all three iterations of Zim's complaint pled the claims in question under COGSA, and did not plead Israeli law or the application of the Hague-Visby Rules, Zim now argues that it had actually properly pled this law all along, or, alternatively, that it need not pick a specific body of law even today, and that the Court missed these points. In sum, Zim asks this Court to accept that the words "international conventions," which appear in Zim's COGSA claims in all three versions of its complaint, were sufficient to put Defendants and the Court on notice that Zim actually intended to plead Israeli law rather than COGSA. Zim made this argument in its opposition to the motion to dismiss (Zim's Br. in Opp'n to Defs.' Mot. to

Dismiss, at 15-16) and the Court rejected it in its decision as a manifest attempt to circumvent the fact that neither COGSA nor the Hague-Visby rules provided Zim with a private right of action in a United States court. (Decision and Order, at 7-8.) Had Zim wanted to plead the Hague-Visby Rules as enacted in Israel, it should not have pled COGSA, the enacting legislation for the Hague-Visby Rules in the United States, but rather should have pled them as Israeli law.

As the Court correctly held, because the words "international conventions" are insufficient to provide notice of an intention to plead Israeli law or the Hague-Visby Rules, and because a complaint may not be amended by papers submitted in opposition to a motion to dismiss, Zim's claims merited dismissal with prejudice.

**I.     ZIM DID NOT PLEAD ANY CLAIMS UNDER ISRAELI LAW**

The Court correctly dismissed Zim's Second[2] and Third[3] Causes of Action, which

---

[2] In the Second Cause of Action, Zim alleges:

> The failure of defendants to accurately describe the nature of the goods on the Bill of Lading constitutes a breach of the warranty of particulars provided under international conventions, and codified in the United States under 46 U.S.C. § 1303(5) and § 1304(6) as well as under the common maritime law.

(Zim's 2d Am. Compl. ¶ 54.) Although Zim clearly alleges a breach of COGSA, 46 U.S.C. §§ 1303(5) & 1304(6), it does not mention any foreign law that has allegedly been breached.

[3] Zim calls its Third Cause of Action a claim "for Strict Liability Under COGSA § 1304(6)." (Zim's 2d Am. Compl. ¶ 11.) In it, Zim alleges:

> 59.  The shipper of goods of an inflammable, explosive, or dangerous nature, although not in privity of contract with the ocean carrier, is strictly liable to the ocean carrier for all damages and expenses directly or indirectly arising out of or resulting form such shipment when the carrier did not consent with knowledge of its nature and character under international conventions, and codified in the United States under 46 U.S.C. § 1304(6).
>
> 60.  All defendants are responsible for shipping, as principal or agent, as owner or seller, Calcium Hypochlorite under Bill of Lading number ZIMUNGB670904.

unequivocally pled claims under COGSA, because COGSA does not apply to the carriage of goods "between two foreign ports" -- the precise situation at issue in this case. Moreover, the Court correctly observed that Zim's most recent attempt to amend its pleadings -- to assert claims under the Hague-Visby Rules or Israeli law, through papers submitted in opposition to the Defendants' joint motion to dismiss -- was tardy and ineffective. (Decision and Order, at 8 (citing *O'Brien v. Nat'l Prop. Analysts Partners*, 719 F. Supp. 222, 229 (S.D.N.Y. 1989)).)

As the Court noted and Zim's counsel acknowledges, rather than allowing the defendants to proceed immediately with their motion to dismiss, the Court granted Zim one final opportunity, at Zim's request, to amend its pleadings, with prejudice, to "meet the deficiencies set forth in Defendants' pre-motion letter." (Decision and Order, at 8 n.4.) If Zim truly believed it was proceeding under foreign law, rather than COGSA, it declined this final opportunity to so plead.

Zim's Second Amended Complaint, which left intact the first COGSA claim and its "international conventions" language, added a second COGSA claim, which included the same "international conventions" language.[4] But the Second Amended Complaint does not at any

---

> 61. Calcium Hypochlorite qualifies as a "good of an inflammable, explosive, or dangerous nature" under COGSA § 1304(6) or similar applicable international conventions.

Again, Zim fails to mention any non-U.S. law that has allegedly been breached.

[4]As shown in the previous footnote, in paragraph 61 of the Second Amended Complaint, where Zim alleges that Calcium Hypochlorite is dangerous, Zim added the words "or similarly applicable" before the words "international conventions." Zim may argue that the addition of these words, in this one place, cured its defective pleading by providing notice of Israeli law. (Zim's Br., at 3 (citing Zim's Br. in Opp'n to Defs.' Mot. to Dismiss, at 15-16). Even if the addition of this language was sufficient to provide notice (which it is not) when it came to asserting liability, in the new COGSA claim, Zim used "under international conventions, and codified in the United States under 46 § 1304(6)," the exact same language put forth in the original COGSA claim in all three versions of the complaints.

point invoke any body of foreign law,[5] let alone invoke Israeli law with the specificity required by the Federal Rules of Civil Procedure. To suffice under Fed. R. Civ. P. 44.1, notice of intent to put a foreign country's law in issue should "identify the country whose law is claimed to control." 9A Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 2443 (Westlaw 2008); *see Eschelbach v. CCF Charterhouse/Credit Commercial de France*, No. 01 Civ. 1778 (FM), 2006 WL 27094, at *12-13 (S.D.N.Y. Jan. 4, 2006) (dismissing at summary judgment stage complaint alleging that refusal to make certain payments "constitute[d] a violation of French law" because the plaintiff failed to set out applicable foreign law in sufficient detail), *on reconsideration in part*, 2006 WL 2057205 (S.D.N.Y. Jul. 25, 2006).

For many reasons, Zim misplaces its reliance on *Rationis*.[6] In that case, the court permitted the defendant to notice simultaneously the applicability of multiple foreign legal regimes in a mass tort case because the choice of law analysis was complicated and highly dependent on facts that could not be adduced until discovery had proceeded. 426 F.3d at 586. In contrast, no comparable uncertainty or complexity exists in the facts Zim pled, or the choice-of-law argument it advanced.

Zim's present motion is another improper attempt to correct its defective pleadings. Zim is asking this Court to read into the Second Amended Complaint allegations that are not there.

---

[5] Zim's attempt to introduce the laws of Belize and China in its motion for reconsideration is inappropriate and should be ignored. *See Frietsch v. Refco*, 56 F.3d 825, 828 (7th Cir. 1995) (disregarding "critical" foreign law arguments introduced by plaintiffs on motion for reconsideration after the court had dismissed suit).

[6] *Grice*, a thirty-year old Southern District of Alabama case, is not "controlling authority." (Zim's Br., at 6 (citing *Grice v. A/S J. Ludwig* Mowinckels, 477 F. Supp. 365 (S.D. Ala. 1979)); *see Ivan Visin Shipping Ltd.*, 2008 WL 1708913, at *1. Moreover, *Grice* does not support Zim's contention that by pleading "international conventions," Zim gave proper notice of its intent to plead Israeli law. 477 F. Supp. at 367. *Grice* held that it was unnecessary for a party to detail the substance of applicable Saudi law, particularly when such law was inaccessible to the party. *Id.* Here, the law of Israel was clearly accessible to Zim.

Zim's Second Amended Complaint does not refer to Israeli law or any other foreign law. It refers, but only vaguely and ambiguously, to "international conventions" that have been codified in COGSA, a United States law. Zim pled its reliance on the United States codification (in COGSA) of international conventions. Zim should not now be permitted, via a motion for reconsideration following the dismissal of its COGSA claims, to have what amounts to an opportunity to modify and augment its pleadings for a third time, so that they reference specific foreign laws.

Had Zim pled its COGSA claims as arising merely under "international conventions," its claims would have failed under Fed. R. Civ. P. 44.1. Having pled and re-pled its claims as arising under "international conventions and codified under 46 U.S.C. §§ 1303(5) and 1304(6)" (emphasis added), however, Zim failed to state a claim under foreign law.

## II.     ZIM FAILS TO EXPLAIN SATISFACTORILY ITS DILATORY NOTICE OF INTENTION TO PLEAD ISRAELI LAW

The Court correctly held that Zim's introduction of foreign law in its papers opposing the Defendants' motion was untimely. Even if Zim had not been given a second opportunity to re-plead, failure to plead an apparent issue of foreign law would be reasonable only if Zim advanced a plausible explanation for doing so, which it did not. *See In re Magnetic Audiotape Antitrust Litig.*, 334 F.3d 204, 209 (2d Cir. 2003) (party failed to fulfill Fed. R. Civ. P. 44.1 obligations when it failed to explain its failure to notify district and appellate courts of dispositive Korean bankruptcy decision barring New York proceeding within four months of decision's issuance). *See also Studio & Partners v. KI*, No. 06-0628 (WCB), 2008 WL 426496, at *1 (E.D. Wisc. Feb. 14, 2008) (disposing of foreign law issue on motion for reconsideration because plaintiff failed to produce a "persuasive excuse" for failure to raise issue earlier). Zim proffers no excuse, let alone a credible excuse, for its failure to assert foreign law in its

pleadings. Zim's general assertions about the "complexity" of what it characterizes as a "maritime mass tort" case (Zim's Br., at 10) are insufficient, and do not satisfy Zim's burden of explaining why it failed to tell the Court or Defendants until January 2008 that it planned to rely on Israeli law. *See Magnetic Audiotape*, 334 F.3d at 209; *Local 875 I.B.T. Pension Fund v. Pollack*, 992 F. Supp. 545, 559 (E.D.N.Y. 1998) (introduction in reply papers of argument based on Swiss law was not sufficient notice under Rule 44.1). *See also* 9A Wright & Miller, *supra*, § 2443 (the purpose of Fed. R. Civ. P. 44.1 is "to avoid unfair surprise either to the opposing party or the court."). Zim's late notice was inexcusable and unreasonable, and this Court correctly granted Defendants' motion to dismiss the COGSA claims and rejected Zim's attempted retroactive amendment. *See O'Brien*, 719 F. Supp. at 229.

Zim's choice of law argument was or should have been apparent to Zim at the outset of this litigation. Zim's only bases for the application of foreign law are the terms and conditions of its own form bill of lading, which it had all along (although it did not introduce the document until its opposition to the motion to dismiss). (Zim's Br. in Opp'n to Defs.' Mot. to Dismiss, at 14.) There is no excuse for Zim's failure to raise foreign law in any of its pleadings, nor does Zim offer one. *See Sullivan v. AJAX Nav. Corp.*, 881 F. Supp. 906, 909 n.3 (S.D.N.Y. 1995) (refusing to apply Mexican law where its applicability should have been apparent to the moving party at the pleading stage).

The only authority put forth by Zim to justify its late notice -- *Rationis* -- is consistent with this Court's decision. (Zim's Br., at 7-11.) *Rationis* involved claims against a Korean manufacturer and an international rating agency for their roles in the performance of sub-par repairs upon a Panamanian-owned Swedish-flag vessel, after the vessel had changed hands <u>four times in the intervening ten years</u> before it floundered at sea en route to the United States from

France. 426 F.3d at 582-84.[7] The court held that a defendant could simultaneously notice the applicability of multiple foreign legal regimes where, unlike the present case, the choice-of-law analysis was incredibly complex: relevant events occurred in multiple foreign locations and legitimately pointed to several different applicable bodies of law. Here, by contrast, the relevant facts are simple: the vessel was en route from China to Belize.

Zim's attempt to use the instant motion to introduce foreign law is also untimely. In fact, Zim's attempt to invoke Fed. R. Civ. P. 44.1, following dismissal of its COGSA claims, should be disregarded wholesale because Zim did not argue the point in its papers in its opposition or even in its sur-reply brief, which the Court permitted Zim to file. *See Range Road Music, Inc. v. Music Sales Corp.*, 90 F. Supp. 2d 390, 392 (S.D.N.Y. 2000) (court cannot be said to "overlook" arguments or case law introduced for the first time on a motion for reconsideration).

## III.   THIS COURT CORRECTLY DISMISSED ZIM'S COGSA CLAIMS

Contrary to Zim's argument that its failure to plead foreign law should be excused, courts in this jurisdiction regularly dispose of claims at the pleading stage for failure to state claims under foreign law. *See*, *e.g., Faggionato v. Lerner*, 500 F. Supp. 2d 237, 248-49 (S.D.N.Y.

---

[7] The first three district court cases that Zim cites in Section II of its brief are similarly unavailing because in each case the moving parties were defendants who made arguments under foreign law at the first point in the proceeding when such arguments could be made. (Zim's Br., at 8.) In *Hidden Brook*, the court allowed defendant Raytheon to make a choice of law argument in its first substantive motion after being named as a defendant in the plaintiff's second amended complaint. *Hidden Brook Air, Inc. v. Thabet Aviation Int'l*, 241 F. Supp. 2d 246, 259, 276-77 (S.D.N.Y. 2002). In *Weiss* and *Strauss*, the courts each allowed defendants to introduce foreign law arguments implicated by discovery requests (as opposed to the substantive claims at issue in the proceeding) promptly in their respective responses to the infringing discovery requests. *Weiss v. Nat'l Westminster Bank, PLC*, 05-4622 (CPS) (KAM), 2007 U.S. Dist. LEXIS 35103, at *18 (E.D.N.Y. May 14, 2007); 06-702 (CPS) (KAM), 2007 U.S. Dist. LEXIS 38378 (E.D.N.Y. May 25, 2007); *Strauss v. Credit Lyonnais, S.A.*, 242 F.R.D. 199, 207, 2007 U.S. Dist. LEXIS 38378, at *20 (E.D.N.Y. May 25, 2007). The fourth case cited by Zim is equally inapposite, as it merely holds that a prior court order applying Israeli law provided reasonable notice to all parties that Israeli law might apply to related counterclaims in the same action. *Torah Soft, Ltd. v. Drosnin*, 224 F. Supp. 2d 704, 710-11, 718-19 (S.D.N.Y. 2002).

2007) (dismissing breach of contract claim for failure to establish plaintiff had standing to assert rights under contract at French law); *OGI Oceangate Trans. Co., Ltd. v. RP Logistics PVT., Ltd.*, No. 06-9441 (RWS), 2007 WL 1834711, at *6 (S.D.N.Y. June 26, 2007) (vacating attachment because plaintiff failed to allege elements for wrongful attachment under applicable foreign law); *Winn v. Schafer*, 499 F. Supp. 2d 390, 395-96 (S.D.N.Y. 2007) (granting motion to dismiss securities action under UK law). Nothing in Zim's memorandum suggests a basis for disputing this policy.

Zim concludes its brief with the incorrect and ultimately self-defeating remark that if "Zim failed to notify its intent to raise the application of foreign law" then COGSA (the local law) should apply. This is not a proper statement of the law, but even if it were, it would nevertheless result in dismissal, as the goods were neither traveling to or from the United States (as the Court observed in its Decision and Order).

      *    *    *    *    *    *    *    *    *    *    *    *

## **CONCLUSION**

For the reasons set forth above, this Court should deny Zim's motion for reconsideration of this Court's Decision & Order dated May 5, 2008.

Dated:   May 23, 2008

                        Respectfully submitted,

                        LOVELLS LLP

                        /s/ Edward T. Schorr

                        Edward T. Schorr (ES-0290)
                        Hillel I. Parness (HP-1638)
                        Derek J. Craig (DC-0999)
                        590 Madison Avenue
                        New York, New York 10022
                        Telephone: (212) 909-0600
                        Facsimile: (212) 909-0660

                        *Attorneys for Defendant*
                        *Sinochem Jiangsu Corporation*