William R. Bennett, III  (WB 1383)
Bennett, Giuliano, McDonnell & Perrone, LLP
Attorneys for Defendants Belco Resources, Inc.
494 Eighth Avenue, 7th Floor
New York, New York 10001
Telephone:    (646) 328-0120
Facsimile:     (646) 328-0121
wbennett@bgmplaw.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

ZIM INTEGRATED SHIPPING SERVICES, LTD.,                     07-CV-05861 (RMB)

                              Plaintiff,

          - against -

BELCO RESOURCES, INC., SINOCHEM JIANGSU              **ANSWER OF DEFENDANT**
CORPORATION (FORMERLY KNOWN AS                       **BELCO RESOURCES, INC.**
SINOCHEM JIANGSU IMPORT & EXPORT                     **TO THE SECOND**
CORPORTAION), NANJING HUABIN FOREIGN                 **AMENDED VERIFIED**
TRADE & ECONOMICS CO., LTD., DRAGONTRANS             **COMPLAINT AND**
SHIPPING LTD. d/b/a HUABANG INTERNATIONAL,           **RULE B ATTACHMENT**
INC., SINOTRANS NINGBO INTERNATIONAL
FORWARDING AGENCY CO., LTD., JOHN DOE 1-10,

                              Defendants.
-------------------------------------------------------------------X

          Defendant Belco Resources, Inc. ("Belco"), by and through its undersigned attorneys,

Bennett, Giuliano, McDonnell & Perrone, LLP, makes a restricted or special appearance

pursuant to Supplement Rule E(8) of the Supplemental Rules for Certain Admiralty and

Maritime Claims, following the attachment of its assets and the establishment of *quasi in rem*

jurisdiction, and answers the Second Amended Verified Complaint and Rule B Attachment (the

"Complaint")[1] of plaintiff Zim Integrated Shipping Services, Ltd. ("Zim"), filed on or about

---

[1] By Decision and Order dated May 2, 2008, the Court granted in part Defendants' joint motion to dismiss and
dismissed Zim's Second Cause of Action for Breach of Warranty of Particulars as Against All Defendants, Third
Cause of Action for Strict Liability under COGSA § 1304(6) as Against All Defendants, Fourth Cause of Action for

November 6, 2007, while reserving all its rights and defenses, including defenses relating to personal jurisdiction, upon information and belief, as follows:

## JURISDICTION AND VENUE

1.     The allegations contained Paragraph 1 of the Second Amended Complaint state legal conclusions and, thus, no responsive pleading is required.

2.     The allegations contained in Paragraph 2 of the Second Amended Complaint state legal conclusions, and thus, no responsive pleading is required.  In the alternative, Belco denies those allegations.

3.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of the Second Amended Complaint.

4.     Admits the allegations contained in Paragraph 4 of the Second Amended Complaint.

5.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of the Second Amended Complaint.

6.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the Second Amended Complaint.

7.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the Second Amended Complaint.

8.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Second Amended Complaint.

9.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Second Amended Complaint.

---

Strict Product Liability as Against All Defendants, Fifth Cause of Action for Strict Liability for Failure to Warn as Against All Defendants, and Sixth Cause of Action for Negligent Failure to Warn as Against All Defendants.

## BACKGROUND FACTS

10.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Second Amended Complaint.

11.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the Second Amended Complaint.

12.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the Second Amended Complaint.

13.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the Second Amended Complaint.

14.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the Second Amended Complaint.

15.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the Second Amended Complaint and respectfully refers the Court to the referenced international codes and conventions for the veracity of the allegations contained in the second sentence of Paragraph 15.

16.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence Paragraph 16 of the Second Amended Complaint.  In addition the allegations contained in the remainder of Paragraph 16 of the Second Amended Complaint state legal conclusions and, thus, no responsive pleading is required.

17.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of the Second Amended Complaint.

18.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of the Second Amended Complaint.

## Misrepresentation of the Cargo in the Bill of Lading

19.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of the Second Amended Complaint.

20.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of the Second Amended Complaint.

21.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of the Second Amended Complaint.

22.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of the Second Amended Complaint.

23.    Admits an order was placed, but denies the allegations that the cargo is hazardous and dangerous.

24.    Admits the allegations contained in Paragraph 24 of the Second Amended Complaint.

25.    Admits the allegations contained in Paragraph 25 of the Second Amended Complaint.

26.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 of the Second Amended Complaint.

27.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 of the Second Amended Complaint.

28.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 of the Second Amended Complaint.

29.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 of the Second Amended Complaint, but specifically denies all allegations contained in Paragraph 29 to the extent they are directed at Belco.

30.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 of the Second Amended Complaint.

31.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 of the Second Amended Complaint.

32.    Denies possessing knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 of the Second Amended Complaint.

33.    Denies possessing knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33 of the Second Amended Complaint.

34.    Admits the allegations contained in Paragraph 34 of the Second Amended Complaint.

35.    Admits the allegations contained in Paragraph 35 of the Second Amended Complaint.

36.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36 of the Second Amended Complaint.

37.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 37 of the Second Amended Complaint.

38.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 38 of the Second Amended Complaint.

39.    The allegations contained in Paragraph 39 of the Second Amended Complaint state legal conclusions, and, thus, no responsive pleading is required.  In the alternative, Belco

denies possessing knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39 of the Second Amended Complaint and denies the allegations contained in Paragraph 39 of the Second Amended Complaint to the extent they are directed at Belco.

### AS FOR A FIRST CAUSE OF ACTION FOR
### BREACH OF CONTRACT AS AGAINST BELCO[2]

40.     Belco incorporates its responses to paragraphs 1-39 of the Second Amended Complaint by reference, as if fully set forth herein.

41.     Denies possessing knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 41 of the Second Amended Complaint.

42.     Denies possessing knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 42 of the Second Amended Complaint.

43.     Denies possessing knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 43 of the Second Amended Complaint.

44.     Denies the allegations contained in Paragraph 44 of the Second Amended Complaint.

45.     Denies the allegations contained in Paragraph 45 of the Second Amended Complaint.

46.     Denies the allegations contained in Paragraph 46 of the Second Amended Complaint.

47.     Denies the allegations contained in Paragraph 47 of the Second Amended Complaint.

---

[2] As Zim's First Cause of Action is directed at Defendant Belco Resources, Inc. ("Belco"), Sinochem Jiangsu is not required to plead in response to the allegations in Paragraphs 40 through 52. In any event, Sinochem Jiangsu denies possessing knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 41 through 52.

48.    Denies the allegations contained in Paragraph 48 of the Second Amended Complaint.

49.    Denies the allegations contained in Paragraph 49 of the Second Amended Complaint.

50.    Denies the allegations contained in Paragraph 50 of the Second Amended Complaint.

51.    Denies the allegations contained in Paragraph 51 of the Second Amended Complaint.

52.    Denies the allegations contained in Paragraph 52 of the Second Amended Complaint.

## AS FOR A SECOND CAUSE OF ACTION FOR BREACH OF WARRANTY OF PARTICULARS AS AGAINST ALL DEFENDANTS

53.    Belco incorporates its responses to paragraphs 1-52 of the Second Amended Complaint by reference, as if fully set forth herein.

54.    As Zim's claims set forth in its Second Cause of Action for Breach of Warranty of Particulars have been dismissed, no pleading is required in response to Paragraphs 54, 55, 56, and 57 of the Second Amended Complaint. Furthermore, the allegations contained in Paragraphs 54, 55, 56, and 57 state legal conclusions and, thus, no responsive pleading is required. In the alternative, Belco denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 54, 55, 56, and 57 and denies the allegations contained in Paragraphs 54, 55,5 6, and 57 to the extent they are directed at Belco.

## AS FOR A THIRD CAUSE OF ACTION FOR STRICT LIABILITY
## UNDER COGSA § 1304(6) AS AGAINST ALL DEFENDANTS

58.     Belco incorporates its responses to paragraphs 1-57 of the Second Amended Complaint by reference, as if fully set forth herein.

59.     As Zim's claims set forth in its Third Cause of Action for Strict Liability under COGSA § 1304(6) have been dismissed, no pleading is required in response to Paragraphs 59, 60, 61, 62, 63, and 64.  Furthermore, the allegations contained in Paragraphs 59, 60, 61, 62, 63, and 64 state legal conclusions and, thus, no responsive pleading is required.  In the alternative, Belco denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 59, 60, 61, 62, 63, and 64 and denies the allegations contained in Paragraphs 59, 60, 61, 62, 63, and 64 to the extent that are directed at Belco.

## AS FOR A FOURTH CAUSE OF ACTION FOR STRICT
## PRODUCT LIABILITY AS AGAINST ALL DEFENDANTS

65.     Belco incorporates its responses to paragraphs 1-64 of the Second Amended Complaint by reference, as if fully set forth herein.

66.     As Zim's claims set forth in its Fourth Cause of Action for Strict Product Liability have been dismissed, no pleading is required in response to Paragraphs 66 through 75 of the Second Amended Complaint.  Furthermore, the allegations contained in Paragraphs 66 through 75 state legal conclusions and, thus, no responsive pleading is required.  In the alternative, Belco denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 66 through 75 and denies the allegations contained in Paragraphs 66 through 75 to the extent that are directed at Belco.

## AS FOR A FIFTH CAUSE OF ACTION FOR STRICT LIABILITY
## FOR FAILURE TO WARN AS AGAINST ALL DEFENDANTS

76.     Belco incorporates its responses to paragraphs 1-75 of the Second Amended Complaint by reference, as if fully set forth herein.

77.     As Zim's claims set forth in its Fifth Cause of Action for Strict Liability for Failure to Warn have been dismissed, no pleading is required in response to Paragraphs 77 through 83 of the Second Amended Complaint.  Furthermore, the allegations contained in Paragraphs 77 through 83 state legal conclusions and, thus, no responsive pleading is required. In the alternative, Belco denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 77 through 83 and denies the allegations contained in Paragraphs 77 through 83 to the extent that are directed at Belco.

## AS FOR A SIXTH CAUSE OF ACTION FOR NEGLIGENT
## FAILURE TO WARN AS AGAINST ALL DEFENDANTS

84.     Belco incorporates its responses to paragraphs 1-83 of the Second Amended Complaint by reference, as if fully set forth herein.

85.     As Zim's claims set forth in its Sixth Cause of Action for Negligent Failure to Warn have been dismissed, no pleading is required in response to Paragraphs 85 through 93 of the Second Amended Complaint.  Furthermore, the allegations contained in Paragraphs 85 through 93 state legal conclusions and, thus, no responsive pleading is required.  In the alternative, Belco denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 85 through 93 and denies the allegations contained in Paragraphs 85 through 93 to the extent that are directed at Belco.

## AS AND FOR A SEVENTH CAUSE OF ACTION FOR NEGLIGENT MISREPRESENTATION AS AGAINST ALL DEFENDANTS

94.    Belco incorporates its responses to paragraphs 1-93 of the Second Amended Complaint by reference, as if fully set forth herein.

95.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 95 of the Second Amended Complaint and denies the allegations contained in Paragraph 95 to the extent they are directed at Belco.

96.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 96 of the Second Amended Complaint and denies the allegations contained in Paragraph 96 to the extent they are directed at Belco.

97.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 97 of the Second Amended Complaint and denies the allegations contained in Paragraph 97 to the extent they are directed at Belco.

98.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 98 of the Second Amended Complaint and denies the allegations contained in Paragraph 98 to the extent they are directed at Belco.

99.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 99 of the Second Amended Complaint and denies the allegations contained in Paragraph 99 to the extent they are directed at Belco.

100.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 100 of the Second Amended Complaint and denies the allegations contained in Paragraph 100 to the extent they are directed at Belco.

101.    Paragraph 101 states a legal conclusion, and thus, no responsive pleading is required.  In the alternative, Belco denies the allegations in Paragraph 101.

10

## AS FOR AN EIGHTH CAUSE OF ACTION
## FOR FRAUD AS AGAINST ALL DEFENDANTS

102.    Belco incorporates its responses to paragraphs 1-101 of the Second Amended Complaint by reference, as if fully set forth herein.

103.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 103 of the Second Amended Complaint, and denies the allegations contained in Paragraph 103 to the extent they are directed at Belco.

104.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 104 of the Second Amended Complaint, and denies the allegations contained in Paragraph 104 to the extent they are directed at Belco.

105.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 105 of the Second Amended Complaint, and denies the allegations contained in Paragraph 105 to the extent they are directed at Belco.

106.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 106 of the Second Amended Complaint, and denies the allegations contained in Paragraph 106 to the extent they are directed at Belco.

107.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 107 of the Second Amended Complaint, and denies the allegations contained in Paragraph 107 to the extent they are directed at Belco.

108.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 108 of the Second Amended Complaint, and denies the allegations contained in Paragraph 108 to the extent they are directed at Belco.

109.    The allegations contained in Paragraph 109 state legal conclusions and, thus, no responsive pleading is required.   In the alternative, Belco denies knowledge or information

sufficient to form a belief as to the truth of the allegations contained in Paragraph 109 of the Second Amended Complaint and denies the allegations contained in Paragraph 109 to the extent they are directed at Belco.

110.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 110 of the Second Amended Complaint, and denies the allegations contained in Paragraph 110 to the extent they are directed at Belco.

111.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 111 of the Second Amended Complaint, and denies the allegations contained in Paragraph 111 to the extent they are directed at Belco.

112.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 112 of the Second Amended Complaint, and denies the allegations contained in Paragraph 112 to the extent they are directed at Belco.

113.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 113 of the Second Amended Complaint, and denies the allegations contained in Paragraph 113 to the extent they are directed at Belco.

## AS FOR A NINTH CAUSE OF ACTION FOR
## PUNITIVE DAMAGES AS AGAINST ALL DEFENDANTS

114.    Belco incorporates its responses to paragraphs 1-113 of the Second Amended Complaint by reference, as if fully set forth herein.

115.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 115 of the Second Amended Complaint, and denies the allegations contained in Paragraph 115 to the extent they are directed at Belco.

116.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 116 of the Second Amended Complaint, and denies the allegations contained in Paragraph 116 to the extent they are directed at Belco.

### JOINDER OF CLAIM FOR DECLARATORY JUDGMENT

117.    Belco incorporates its responses to paragraphs 1-116 of the Second Amended Complaint by reference, as if fully set forth herein.

### JURISDICTION

118.    Paragraph 118 states a legal conclusion and, thus, no responsive pleading is required.

### VENUE

119.    Paragraph 119 states a legal conclusion and, thus, no responsive pleading is required.

### EXCLUSION OF LIABILITY FOR CARGO LOSS DUE TO FIRE

120.    Belco incorporates its responses to paragraphs 1-119 of the Second Amended Complaint by reference, as if fully set forth herein.

121.    Paragraph 121 states a legal conclusion and, thus, no responsive pleading is required.

122.    Paragraph 122 states a legal conclusion and, thus, no responsive pleading is required.

123.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 123 of the Second Amended Complaint.

124.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 124 of the Second Amended Complaint.

125.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 125 of the Second Amended Complaint.

126.    Paragraph 126 states a legal conclusion and, thus, no responsive pleading is required.

127.    Paragraph 127 states legal conclusions and, thus, no responsive pleading is required.  Furthermore, Belco denies that Zim is entitled to the relief it claims to be entitled to in Paragraph 127.

**EXCLUSION OF LIABILITY FOR CARGO LOSS DUE TO HAZARDOUS PRODUCTS**

128.    Belco incorporates its responses to paragraphs 1-127 of the Second Amended Complaint by reference, as if fully set forth herein.

129.    Paragraph 129 states a legal conclusion and, thus, no responsive pleading is required.

130.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 130 of the Second Amended Complaint.

131.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 131 of the Second Amended Complaint.

132.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 132 of the Second Amended Complaint.

133.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 133 of the Second Amended Complaint.

134.    Paragraph 134 states legal conclusions and, thus, no responsive pleading is required.  Furthermore, Belco denies possessing knowledge or information sufficient to form a

belief as to the truth of the allegations contained in Paragraph 134 and denies that Zim is entitled to the relief it claims to be entitled to in Paragraph 134.

### INDEMNIFICATION OR CONTRIBUTION
### BY SHIPPER FOR ANY THRID PARTY CLAIMS

135.    Belco incorporates its responses to paragraphs 1-134 of the Second Amended Complaint by reference, as if fully set forth herein.

136.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 136, and denies the allegations contained in Paragraph 136 to the extent they are directed at Belco.

137.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 137, and denies the allegations contained in Paragraph 137 to the extent they are directed at Belco, except that Belco admits that Defendants have been given notice of the loss and informed of Zim's intention to seek indemnification.  Belco denies that Zim is entitled to the relief it claims to be entitled to in Paragraph 137.

### APPLICATION FOR ISSUANCE OF A RULE B ATTACHMENT

138.    Belco incorporates its responses to paragraphs 1-137 of the Second Amended Complaint by reference, as if fully set forth herein.

139.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 139, but admits that Belco cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims and that Zim has caused to be attached assets within this District belonging to Belco.

140.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 140, but admits that Zim has sought to attach and has caused the attachment of assets belonging to Belco.

141.    Paragraph 141 states legal conclusions and, thus, no responsive pleading is required.    Furthermore, Belco denies possessing knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 141 and denies that Zim is entitled to the relief it claims to be entitled to in Paragraph 141.

## ADDITIONAL DEFENSES

As separate and distinct additional defenses to the Second Amended Complaint and each of Zim's claims for relief, Belco, without conceding that it bears the burden of proof as to any of the following issues and without in any way admitting any of the allegations of the Second Amended Complaint, alleges as follows:

### AS FOR A FIRST DEFENSE

142.    This forum is an inconvenient forum for this dispute and the action should be dismissed in favor of litigation elsewhere.

### AS FOR A SECOND DEFENSE

143.    The Court lacks personal jurisdiction over Belco and, at most, has acquired *quasi in rem* jurisdiction over part of the funds attached.

### AS FOR A THIRD DEFENSE

144.    Zim has failed to make proper service of the Second Amended Complaint on Belco.

### AS FOR A FOURTH DEFENSE

145.    The Second Amended Complaint fails to state a claim upon which relief may be granted.

### AS FOR A FIFTH DEFENSE

146.    Zim has not pled fraud with the level of particularity required under Rule 9(b) of the Federal Rules of Civil Procedure.

### AS FOR A SIXTH DEFENSE

147.    The claims in the Second Amended Complaint are barred, in whole or in part, by the doctrine of unclean hands.

### AS FOR A SEVENTH DEFENSE

148.    The claims in the Second Amended Complaint are barred, in whole or in part, by the doctrine of waiver.

### AS FOR AN EIGHTH DEFENSE

149.    The claims in the Second Amended Complaint are barred, in whole or in part, by the doctrine of estoppel.

### AS FOR A NINTH DEFENSE

150.    The claims in the Second Amended Complaint are barred, in whole or in part, by the doctrine of assumption of risk.

### AS FOR A TENTH DEFENSE

151.    The claims in the Second Amended Complaint are barred, in whole or in part, by virtue of Zim's own inaction, culpable conduct, and unreasonable delay.

## AS FOR AN ELEVENTH DEFENSE

152.    The claims in the Second Amended Complaint are barred, in whole or in part, by virtue of Zim's own negligence.

## AS FOR A TWELFTH DEFENSE

153.    The claims in the Second Amended Complaint are barred, in whole or in part, by the applicable statutes of limitations.

## AS FOR A THIRTEENTH DEFENSE

154.    The claims in the Second Amended Complaint are barred, in whole or in part, by the terms of Zim's applicable Bill of Lading.

## AS FOR A FOURTEENTH DEFENSE

155.    The claims in the Second Amended Complaint are barred, in whole or in part, because any losses allegedly suffered by Zim did not result from conduct by, or imputable to, Belco, but rather resulted from conduct of other parties or non-parties or their agents and representatives.

## AS FOR A FIFTEENTH DEFENSE

156.    The claims in the Second Amended Complaint are barred, in whole or in part, because any losses allegedly suffered by Zim did not result from conduct by, or imputable to, Belco, but rather resulted from the negligence of other parties or non-parties or their agents and representatives.

## AS FOR A SIXTEENTH DEFENSE

157.    Belco did not make any false or misleading statement or omission of material fact.

## AS FOR A SEVENTEENTH DEFENSE

158.    Zim did not reasonably rely on any alleged false or misleading statement or omission by Belco as to any material fact.

## AS FOR AN EIGHTEENTH DEFENSE

159.    Belco is not responsible in law or fact for any alleged false or misleading statements or missions of material fact by persons or entities other than it.

## AS FOR A NINETEENTH DEFENSE

160.    Belco is not liable because it did not proximately cause the losses allegedly suffered by Zim.

## AS FOR A TWENTIETH DEFENSE

161.    The conduct of persons or entities other than Belco was a superseding or intervening cause of any damage, loss, or injury allegedly sustained in Zim.

## AS FOR A TWENTY-FIRST DEFENSE

162.    To the extent that Zim sustained any damage, loss, or injury, any damage award against Belco should be reduced, diminished, and/or eliminated to reflect only Belco's percentage of responsibility.

## AS FOR A TWENTY-SECOND DEFENSE

163.    Zim has failed to properly mitigate, minimize, or avoid its alleged damages.

## FURTHER DENIAL AND RESERVATION OF RIGHTS

164.    Belco denies all allegations not explicitly admitted in this Answer, except those allegations as to the truth of which it has denied possessing knowledge or information sufficient to form a belief.

165.    Belco reserves the right to amend its pleadings and to assert additional or different defenses based upon information or evidence developed in discovery or otherwise.

**WHEREFORE**, Belco demands judgment:

(a)    dismissing the Second Amended Complaint herein with prejudice;

(b)    withdrawing and rescinding the Court's *Ex-Parte* Order for Process of Maritime attachment dated June 21, 2007 and the Court's Amended *Ex-Parte* Order for Process of Maritime attachment dated September 14, 2007, which ordered the issuance of Process of Maritime Attachment and Garnishment against Belco in this action;

(c)    ordering that funds belonging to Belco, which have been attached in the possession of garnishees pursuant to the foregoing Process of Maritime attachment and Garnishment be released from attachment and directing the garnishees to pay these funds over to Belco;

(d)    awarding Belco its costs, disbursements, and other expenses incurred in connection with this action, including reasonable attorneys' fees; and

(e)    awarding Belco such other and further relief as the Court may deem just and proper.

Dated:  New York, New York
       June 5, 2008

                    Bennett, Giuliano, McDonnell & Perrone, LLP
                    Attorneys for Defendant Belco Resources, Inc.

                    William R. Bennett, III
                    494 Eighth Avenue, 7th Floor
                    New York, New York 10001
                    Telephone:    (646) 328-0120

**TO**:    Vincent M. De Orchis, Esq.
Olivier D.L. DuPont, Esq.
DeOrchis, Wiener & Partners, LLP
Attorneys for the Plaintiff
Zim Integrated Shipping Services, LLP
61 Broadway
26th Floor
New York, NY 10006

Derek Craig, Esq.
Edward T. Schorr
Hillel I. Parness
Lovells, LLP
Attorneys for Defendant
Sinochem Jiangsu Corporation
590 Madison Ave.
New York, NY 10022

Thomas L. Tisdale
Tisdale Law Offices
11 West 42nd Street, Suite 980
New York, NY 10036

Z:\Documents\All Files\D687 Belco\Pleadings\Ans2AmdVerComp&RuleBAtt-052308.doc