
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ZIM INTEGRATED SHIPPING SERVICES, LTD.,

                      Plaintiff,            Case No. 07-civ-5861 (RMB)

- against -

BELCO RESOURCES, INC., SINOCHEM
JIANGSU CORPORATION (FORMERLY KNOWN
AS SINOCHEM JIANGSU IMPORT & EXPORT
CORPORATION), NANJING HUABIN FOREIGN
TRADE & ECONOMICS CO., LTD.,
DRAGONTRANS SHIPPING LTD. d/b/a
HUABANG INTERNATIONAL, INC.,
SINOTRANS NINGBO INTERNATIONAL
FORWARDING AGENCY CO., LTD.,
JOHN DOE 1-10,

                      Defendants.
------------------------------------------------------------X


**REPLY MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR RECONSIDERATION OF THE COURT'S DECISION AND ORDER ENTERED ON MAY 5, 2008, DISMISSING THE SECOND AND THIRD CAUSES OF ACTION OF PLAINTIFF'S SECOND AMENDED COMPLAINT**


DeOrchis & Partners, LLP
*Attorneys for Plaintiff*
61 Broadway, 26th Floor
New York, New York 10006-2802
(212) 344-4700

Vincent M. De Orchis
Olivier D. L. DuPont
*-of Counsel-*

**TABLE OF CONTENTS**

INTRODUCTION ..................................................................................................................1

ARGUMENT………………………………………………………………...................1

POINT I   FAILURE TO GIVE PROPER NOTICE OF THE APPLICABILITY OF FOREIGN LAW VERSUS FAILURE TO STATE CLAIMS UNDER FOREIGN LAW ........... 1

CONCLUSION ................................................................................................................... 2

Case 1:07-cv-05861-RMB-GWG    Document 66    Filed 06/09/2008    Page 2 of 6

# TABLE OF AUTHORITIES

**Cases**

*Faggionato v. Lerner*, 500 F. Supp. 2d,
    237, 248-249 (S.D.N.Y. 2007) ........................................................................................ 1

*McGrath v. Kristensen*,
    340 U.S. 162, 178-179 (1950) ........................................................................................ 2

*OGI Oceangate Trans. Co., Ltd. v. RP Logistics PVT., Ltd.*,
    2007 U.S. Dist. LEXIS 46841, 13-14 (S.D.N.Y. 2007) ................................................. 1

*Winn v. Schafer*,
    499 F. Supp. 2d 390, 395-396 (S.D.N.Y 2007) .......................................................... 1, 2

**Statutes**

46 U.S.C.S. § 1303(5) ............................................................................................................ 2

46 U.S.C. § 1304(6) ............................................................................................................... 2

Fed. R. Civ. P. Rule 44.1. ...................................................................................................... 1

**INTRODUCTION**

Zim Integrated Shipping Services Ltd. (Zim) raised the following question of law at Point III of its brief in support of its motion for reconsideration: a failure to notify the intent to raise foreign law under Fed. R. Civ. P. 44.1. does not warrant dismissal of a cause of action, but waiver of the application of foreign law. (Br. Pages 11-13). In its opposition brief, Defendant Sinochem Jiangsu Corporation ("Sinochem") evades the question and frames a separate and thus irrelevant question of law: a failure to state claims under foreign law warrants dismissal (Opp. Br. Page 8).  Sinochem's deliberate shifting of issues will not mislead the Court.

**POINT 1: FAILURE TO GIVE PROPER NOTICE OF THE APPLICABILITY OF FOREIGN LAW VERSUS FAILURE TO STATE CLAIMS UNDER FOREIGN LAW**

In its Decision and Order of May 5, 2008, the Court did not dismiss Zim's second and third causes of action because Zim had failed to state a cause of action under Israeli law[1]. The Court dismissed Zim's second and third causes of action because it found that Zim had failed to amend its pleadings to "give notice of the intent to raise foreign [Israeli] law". (Order page 8).

However, Sinochem rephrased the issue as if the Court had decided that Zim failed to state causes of action under Israeli law, which it did not[2].  It cites three cases that do not address the issue of failure to raise the application of foreign law.  In all three cases, the parties had not even disputed the fact that foreign law applied: *Faggionato v. Lerner*, 500 F. Supp. 2d, 237, 248-249 (S.D.N.Y. 2007) (applying French law which did not recognize standing to plaintiff); *OGI Oceangate Trans. Co., Ltd. v. RP Logistics PVT, Ltd.*, 2007 U.S. Dist. LEXIS 46841, 13-14 (S.D.N.Y. 2007) (vacating a Rule B attachment because Court was unable to determine the existence of a *prima facie* admiralty claim under Indian law); *Winn v. Schafer*, 499 F. Supp. 2d

---

[1] The Court dismissed however Zim's fourth, fifth and sixth causes of action because Chinese law did not recognize such causes of action.

1

390, 395-396 (S.D.N.Y 2007) (applying UK securities law which did not recognize standing to plaintiff).

Sinochem will not distract the Court from the black letter of the law on the issue of sanctions for failure to give notice of intent to raise foreign law: the waiver of the application of foreign law and the application of *forum* law, to wit, U.S. law. (Br. pages 11-13).

## CONCLUSION

We recognize that Zim's present motion requires this Honorable Court to correct its original opinion. Hopefully, Zim's Motion for Reconsideration will convince this Court to reach the same conclusion as Justice Jackson once stated in *McGrath v. Kristensen*, 340 U.S. 162, 179 (1950): "if there are other ways of gracefully and good naturedly surrendering former views to a better considered position, I invoke them all".

We respectfully ask the Court to grant this Motion for Reconsideration and provide the following relief (in the alternative):

- reverse the Order and find that Israeli law, or any other applicable law, applies to Zim's second and third causes of action; or

- reverse the Order and find that U.S. COGSA applies to Zim's second and third causes of action; or

- reverse the Order and hold a special hearing to determine which law applies to Zim's second and third causes of action.

We thank the Honorable Court for its attention and indulgence to this application.

Dated:  New York, New York
        June 9, 2008

                                          **DeORCHIS & PARTNERS, LLP**
                                          *Attorneys for Plaintiff*

                                        By:_____s/_____
                                            Vincent M. DeOrchis (VMD-6515)
                                            Olivier D. L. DuPont (OD-2817)
                                            61 Broadway, 26th Floor

---

[2] The requirements of Zim's second and third causes of action under Israeli law is codified word for word under 46 U.S.C. 1303(5) and 1304(6). (*See* Opp. Mot. Dism. pages 14-17).

New York, New York  10006-2802
(212) 344-4700

3