```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/9/08
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ZIM INTEGRATED SHIPPING SERVICES, LTD.,:

                         Plaintiff,   :

                -against-   :

BELCO RESOURCES, INC., SINOCHEM   :
JIANGSU CORPORATION (FORMERLY   :
KNOWN AS SINOCHEM JIANGSU IMPORT &amp;  :
EXPORT CORPORATION), NANJING HUABIN  :
FOREIGN TRADE &amp; ECONOMICS CO., LTD.,  :
DRAGONTRANS SHIPPING LTD. d/b/a   :
HUABANG INTERNATIONAL, INC.,   :
SINOTRANS NINGBO INTERNATIONAL   :
FORWARDING AGENCY CO., LTD., JOHN   :
DOE 1-10,   :

                       Defendants.   :
------------------------------------------------------------X

07 Civ. 5861 (RMB)

**ORDER**

## I. Introduction

On or about May 15, 2008, Zim Integrated Shipping Services, Ltd. ("Plaintiff" or "Zim") moved, pursuant to Rule 6.3 of the Local Rules of the United States District Court for the Southern District of New York, for reconsideration of the Court's May 5, 2008 Order ("Order") dismissing Plaintiff's second and third causes of action. The Order held, among other things, that "Plaintiff does not give notice of the intent to raise foreign Israeli law, nor does it inform the Court and litigants that Israeli law and the Hague-Visby rules are relevant to the lawsuit." (Order at 8) (internal quotation omitted). Plaintiff now argues (unpersuasively), among other things, that "Zim gave proper notice of its intent to plead foreign law or alternate bodies of law by referring to 'international conventions' in its pleadings." (Mem. of Law in Supp. of Pl. Mot. for Recons., dated May 5, 2008 ("Pl. Mem."), at 7.)

1

On or about May 23, 2008, Sinochem Jiangsu Corp., Belco Resources, Inc., and Nanjing Huabin Foreign Trade & Economics Co., Ltd. ("Defendants") opposed Plaintiff's motion for reconsideration arguing, among other things, that "[t]he Court correctly dismissed Zim's second and third Causes of Action, which unequivocally pled claims under the Carriage of Goods by Sea Act ("COGSA"), because COGSA does not apply to the carriage of goods between two foreign ports" and "[h]ad Zim wanted to plead the Hague-Visby Rules as enacted in Israel, it should not have pled COGSA . . . but rather should have pled them as Israeli law." (Mem. of Law in Opp'n to Pl. Mot. for Recons., dated May 23, 2008 ("Def. Mem."), at 3.) On or about June 9, 2008, Defendants filed a reply brief ("Reply").

**For the reasons set forth below, Plaintiff's motion for reconsideration is denied.**

## II.   Legal Standard

"Reconsideration of a court's previous order is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." Cartier, a Div. of Richemont N. Am., Inc. v. Aaron Faber, Inc., 396 F. Supp. 2d 356, 363 (S.D.N.Y. 2005) (internal quotation omitted). "[R]econsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusions reached by the court." Shrader v. CSX Transp. Inc., 70 F.3d 255, 257 (2d Cir. 1995). A motion for reconsideration is "not a motion to reargue those issues already considered when a party does not like the way the original motion was resolved." In re Houbigant, Inc., 914 F. Supp. 997, 1001 (S.D.N.Y. 1996) (citations omitted).

**III.   Analysis**

Plaintiff's motion for reconsideration points to no controlling decisions or data that the court overlooked. Shrader, 70 F.3d at 257. Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 44.1 requires that "[a] party who intends to raise an issue about a foreign country's law must give notice by a pleading or other writing." See Fed. R. Civ. P. 44.1. Plaintiff does not raise any "foreign country's law" in the three versions of its complaint and only obliquely makes reference to "international conventions." See Rationis Enterprises Inc. of Panama v. Hyundai Mipo Dockyard Co., Ltd., 426 F.3d 580, 585 (2d Cir. 2005). And, if "international conventions" was intended by Zim to refer to the Hague-Visby Rules, dismissal of Plaintiff's claims was, nevertheless, proper because "the United States is not a signatory to the Hague-Visby Rules and has never enacted them." See Ferrostaal, Inc. v. M/V Sea Phoenix, 447 F.3d 212, 217 (3d Cir. 2006).

Plaintiff argues that "[i]f this Court maintains that Zim failed to notify [of] its intent to raise the application of a foreign law . . . , then it should rule that the law of the forum, U.S. COGSA, shall apply to Zim's second and third causes of action." (Pl. Mem. at 13.) This argument is not persuasive because Plaintiff has conceded that "COGSA is not the law applicable to the contract of carriage." (See Opp. to Defs.' Mot. to Dismiss, dated Jan. 11, 2008, at 14–15.)

**IV.   Conclusion and Order**

For the reasons set forth herein and in the May 5, 2008 Order, Plaintiff's motion for reconsideration is denied.

Dated: New York, New York
July 9, 2008

*RMB*

_____
**RICHARD M. BERMAN, U.S.D.J.**