# Bennett, Giuliano, McDonnell & Perrone, LLP

| New Jersey Office: | 494 8th Avenue, 7th floor | Florida Office: |
|---|---|---|
| 201 Littleton Road | New York, New York 10001 | 6615 West Boynton Beach Blvd. |
| P.O. Box 513 |  | No. 351 |
| Morris Plains, NJ 07950 |  | Boynton Beach, FL 33437 |
| Tel. (973) 387-0486 | Telephone: (646) 328-0120 | Tel. (561) 337-8816 |
| Fax (973) 796-2884 | Telefax: (646) 328-0121 | Fax (561) 337-4653 |
| | www.bgmplaw.com | |

William R. Bennett, III, *Partner*
wbennett@bgmplaw.com

August 15, 2008
*Via fax 212-805-4268*

The Honorable Gabriel W. Gorenstein
United States District Court
Southern District of New York
40 Centre Street, Courtroom 706
New York, New York 10007

**MEMORANDUM ENDORSED**

Re:  Zim American Integrated Shipping Services Ltd.
     v. Belco Resources, Inc. et al.
     Docket No.:  07 Civ. 5861 (RMB) (GWG)
     Our File:    D687

Dear Judge Gorenstein:

We represent defendant Belco Resources, Inc. ("Belco"), in the above referenced matter and write to seek you Honor's intervention in a discovery dispute that has arisen between the Plaintiff and Belco regarding the scheduled depositions of three Belco witnesses.

In early July 2008, Plaintiff noticed the deposition of Belco for August 29, 2008. We advised our client and scheduled the deposition for that day. On July 10, 2008 Plaintiff's counsel wrote to us advising that they made a mistake and wanted to depose Belco in late July. The parties could not find a day in late July that could accommodate counsels' schedules. On July 28 Plaintiff's counsel confirmed that the deposition of Belco would take place on August 25th in Belco's office located in North Carolina. On July 31 and August 6 Plaintiff requested via email that the depositions of two other witnesses also be scheduled for August 25th. We accommodated Plaintiff's counsel and have made available the Belco witnesses for August 25th and August 26th.

On August 13, 2008 Plaintiff's counsel advised that they would not attend the depositions of the Belco witnesses. Their refusal to conduct the depositions is unjustified.

Belco wants the depositions to go forward. Belco, for all intents and purposes, is a "mom and pop" business located in North Carolina fulfilling orders for end-users of agricultural products by purchasing product like the one at issue here, calcium-hypochloride, directly from the manufacturer and having it shipped directly to the end-user of the product. In this case, Belco placed an order for calcium hypo-chloride with defendant Sinochem through Sinochem's

employee Ms. Geng, which Belco did on numerous occasions. The product was then to be shipped to the end-user in Belize City. During ocean transit the Plaintiff's vessel caught fire. Plaintiff claims the fire was caused by the cargo, which it would not have carried had it know the true contents of the container. Unbeknownst to Belco, the relevant bill of lading, and some of the related shipping documents were apparently mislabeled. Belco had no duty to fill out the bill of lading or shipping documents and did not participate in the creation of any of the documents. Belco was named a defendant is because its name appears as the "shipper" on the bill of lading at issue.

Shortly after the initial conference, Belco provided plaintiff with all of the documents it had relevant to this matter. In addition, the undersigned advised counsel yesterday that they will be provided with access to Belco's files any time up to the depositions should they wish to view original documents or any other document they may deem relevant to their claim. Belco is, and has been, ready, willing and able to produce the Belco witnesses with knowledge of the matter and to offer unfettered access to relevant documents..

Plaintiff has, via Rule B, attached Belco's funds. In addition Belco is uninsured for the loss. While we appreciate the complexities the other defendants face in completing discovery given the situs of documents and witnesses, Belco, to regain its ability to operate, needs to complete discovery so that it can move to dismiss the action against them. We believe that Belco will establish that as a matter of law it is not liable for the loss.

Accordingly, we request that the depositions of the Belco witnesses be directed to go forward on August 25th and 26th.

For the sake of full disclosure, we have attached hereto the email correspondence between counsel for Plaintiff and the undersigned regarding this issue.

Respectfully submitted,

William R. Bennett, III

---

Application denied for failure to comply with paragraph 2.A of this Court's Individual Practices. (Mr. Bennett is directed to carefully read paragraph 1.B and 1.A of those Practices as the letter violates portions of both of these as well.)

It is strongly suggested that the attorneys on this case stop e-mailing each other when they have disputes they want to resolve and start either picking up the telephone or arranging for an in-person conference

SO ORDERED,    DATE 8/15/2008

GABRIEL W. GORENSTEIN
UNITED STATES MAGISTRATE JUDGE